ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 10 2016
U.S. COURT OF
FEDERAL CLAIMS

GINA BRASHER LANGLEY

v.

THE UNITED STATES

No. 16-206 T

COMPLAINT

I, Gina Brasher Langley, most respectfully file this complaint against the United States in accordance with RCFC Rule 60 (b)(3) and Rule 60 (d)(3) for relief from a Judgment for good cause and for the refund of federal taxes due to me in accordance with section 7422 of USC Section 1491 and section 34.2.1.1 of the IRS Manual regarding jurisdiction of the Court of Federal claims.

This court has jurisdiction in accordance with RCFC 59(f) as this complaint is filed within 28 days of the denial of my petition for a writ of certiorari in USSC case 15-6929 on January 11, 2016 (attached Appendix = A page 1) and the waiver of the right of response (as offered by the U.S.S C. if there was opposition by the government) on November 23, 2015 (A page 2) for the relief requested in this complaint. (A page 3).

This Court has jurisdiction as described in 28 U.S.c Section 1491 in my claim for just compensation in the taking of my private property and the refund due to me for federal taxes that total $51,068.84 (A pages 15 through 23) plus interest as claimed in Petitioner's Petitioner served to the government on 11-9-15 USSC in Petitioner's statement of the case 15-6929 (A pages 4 through 14) that the government waived it's right to oppose on 11-23-15. (A page two).

This court has jurisdiction in accordance with US Code Section 1500 as there are no other pending claims in other courts. See Directly Related Cases attached (A pages 89 to 140) in accordance with RCFC 40.2

RECEIVED FEB 10 2016

the Facts upon which Petitioner's claim is based are as follows:

pg 1 of 10
Complaint USCFC 2-8-16
with attachment A pgs 1 to 140

1. On March 15, 2015, the State of Florida recorded a "judgement/ lien" on my homestead (A pages 24 through 33) by elected official Suzanne Worrall Green who is on the board of the St Johns county airport authority which is affilitated with the Northeast Florida Regional Airport at St Augustine in a project which is the first of its kind in the nation to be funded federally, by the FAA per its promotion. (A pages 34 through 37).

2. Suzanne Green claims in that judgement, "her Judgment she has an interest in my home for making disbursements." (A page 24). In Suzanne Green's 3-15-06 motion to obtain the alleged lien without my knowledge or consent, Suzanne Green claimed "to have preserved the funds in escrow." (A page 29) Both statements cannot be simulataneously true as has been repeatedly claimed by Petitioner since 2006 to the government in over 20 cases as listed in this complaint by Petitioner as related.

3. The State of Florida knowingly falsely states in the public recorded Petitioner was the grantor of the judment/ lien (A pages 38 and 39) in the non compensated taking of petitioner's private property in violation of the Fifth and Fourteenth Amendments requiring the payment of "just Compensation.". _Lucas v South Carolina Coastal Council US 112 S ct 2886, 120 L. Ed 2d. 798 (1992)._

4. The Petitioner is unable to sell / have repaired from 2010 tropical storm damage, her home due to the erroneous lien / judgment recorded against Petitioner's homestead without Petitioner's knowledge or consent. _In Loretto v Teleprompter Manhattan CATV Corp, 458 US 419 (1982)_ in general with regard to permanent invasions of property, "no matter how minute the intrusion and no matter how weighty the public purpose behind it, we have required compensation."

5. Suzzanne W. Green was hired by Petitioner's x spouse to represent him when Petitioner filed for divorce in 2004.

6. Suzanne W. Green procured an interest in my homestead without my knowledge or consent on September 22, 2004. (A pages 40 through 44) and began intentionally making known, material, simultneous contradictory statements throughout two years of proceedings causing great financial and emotional damage to Petitioner for no ther purpose than to intentionally deprive me of my assets in violation of 42 USCS section 34 and 18 and Petitioner's right to just compensation for the taking of Petitioner's private property as quaranteed by the US Constitution.

8. Petitioner has repeatedly appealed the judgment in all of the related cases. In those related cases, Petitioner asserted that S W Green knowingly, intentionally and repeatedly made misstatements of fact and converted Petitioner's funds that were ordered into escrow with Suzanne Green by the State of Florida against Petitioner's objection. (A pages 45 through 140) as follows:

9. Suzanne Green stated the escrow funds totaled $79,163.92 on June 8, 2005.(A page 45)

10. Suzanne Green only accounted for $30,740.36 of the $79,163.92 of the funds. (A pages 46, 47 and 48)

11. Of the $30,740.36 of funds Suzanne Green did account for, over $21,000.00 were converted by Suzanne Green to accounts she nor the State of Florida listed as marital debt in the Final Order. (A page 49 through 52)

12. Suzanne Green had Petitioner's home appraised 8-24-04, the day before Petitiioner was arrested on 8-25-04. (A pages 53 through 55).

13. On 9-2-04 Investment property was sold that paid over $300,000.00 in the public record. On march 12, 2006 Suzanne Green claimed that the $318,378.61 cash generated from the sale that occurred after the date of seperation were non marital proceeds. (A pages 56 through 59)

pg 3 of 10
Complaint USCFC 2-8-16

14. On 10-6-04, Suzanne Green filed a motion falsely stating petitioner had abandoned the children in 2003. (A page 60 and 61)

15. Contradictorily, On October 14, 2004 Suzanne Green testified that the Petitioner had never left the home. Petitioner was forced from her home by the State of Florida who ordered regarding the misrepresentations "I'm ignoring it." (A pages 62 through 64). Petitioner received no compensation for the loss.

16. On October 19, 2004 Suzanne Green contracdicted her October 14th testimony and showed the x spouse was living with his female friend a justice department official Since October 9th prior to when the Petitioner was forced from her home by the state of florida. (A page 63)

17. In November 2004 the arresting officer testified Petitioner was arrested for violation of an injunction. No injunction existed against Petitioner. (A page 64 and 65)

18. On January 13, 2005 Suzanne Green filed an erroneous motion to set aside an injunction that did not exist in a name that resembles my youngest daughter. (A page 66 and 67).

19. On January 13, 2005 Suzanne green sent an letter noting the investment property was due to close on January 31, 2005 ( A page 68) that generated the $79,163.92 (A pages 45 ) that Suzanne Green has not accounted for. That sale paid $121,597.70 of debt in the public record. (page 48 and 49)

20. On February 2, 2005 all charges against Petitioner were dismissed for the only arrest of Petitioner's lifetime. (a page 55). In 2006 and 2010 The State of florida in the Order in the Dissolution of Marriage in the public record states Petititioner was arrested for a different reason. Petitioner was never told at the time of arrest why she was arrested and the criminialization of petitioner by the State of Florida in divorce proceedings damaged my children. Petitioner was misrespresented by my attorney who told me once I

pg 4 of 10
complaint USCFC 2-8-16

completed a class, which I did on January 8, 2005 I would never hear about that day again.

21. On September 23, 2005 Suzanne Green knowingly falsely stated "Since the filing of this petition the Husband has been paying all of the parites marital debt and the wife refuses to help pay for those monthly bills" (A page 69)

22. On December 21, 2005 Judge Gregg McCaulie Ordered "both parents seem to be stuck in their lives while worrying about what disposition will become of the few assets they have." (A pages 81 and 82) The marital entity had assets that totaled 1.6 million dollars in August of 2004 that Judge Gregg McCaulie with the State of Florida's accounting method determined ½ of $700,000.00 net equity of the permitted former marital entity was $289.41 for Petitioner's ½ share. Petitioner never even got the $289.41. (A page 83)

23. Judge McCaulie also ordered on 12-21-2005 "the wife's position …. seems to be geared at provoking as much sympathy for her plight as she can." No distribution was ever made to Petitioner for her lifetime of earnings and the value of my home / loss of use of assets was never added as it would have been if generally accepted accounting principles had been used in the State of Florida's calculation.

24. On May 22, 2006 Suzzane Green stated in her findings of Fact that were due to Judge McCaulie prior to March 16, 2006 (a page 84) "The husband paid $17,382.90 of marital debt without any contribution from Wife from the date of filing approximately August 2004. (A page 70).

25. $760,000.00 of marital debt was paid in the official records of Duval county by Petitioner during that period of time as detailed in US Tax Court Petition 7-24-13 (F).

26. Suzanne Green knowingly falsely stated Petitioner was a CPA. (A pages 84 to 86)

27. On June 21, 2006 the final Order in the dissolution of marriage was rendered that Ordered twice, Petitioner paid no marital debt (A page 52) while simultaneously and

pg 5 of 10
complaint USCFC 2-8-16

contradictorily Ordered Petitioner was due ½ of the remaining funds in escrow from the sale of two properties that alone, paid $450,000.00 of marital debt in the public record. (A pages 50, 52, 54, 57, 58 , 59and 83)

28. On June 28, 2006 Suzanne Green emailed petitioner's attorney that the value of Petitioner's home was $300,000.00 and her listing of marital debt in that email did not include the Chase account, Bankcard Services, or Capital One Auto finance etc, that Suzanne Green converted over $21,000.00 from Petitioner's escrow funds. (A pages 46 and 47) Those accounts were not listed as marital debt in the final order of dissolution of marriage as debt accounts.(A pages 51, 71)  Those accounts were not listed as debt accounts in Suzanne Green's statement on June 8, 2005 that there existed $79,163.92 in escrow. (A page 45)

29. On August 18, 2006 Suzanne Greeen answered petitioner's complaint to the Florida Bar "The Court required me to hold funds from the sale of a home by the parties. When requested, I was to pay mariatl debts with those funds." (A page 72) contradicting her findings of fact and the Order on the dissolution of marriage that stated Petitioner paid no marital debt.

30. On August 23, 2006 Suzanne Green sent a letter to Petitioner and stated. "you advised you have not received check number.... upon receipt of your payment of $30.00 I will immediately stop payment on the previous check and issue a new check and mail same directly to you..." (A page 73). Petitioner is due $39,581.96 for the ½ of the funds in escrow that Suzanne Green, an elected official in the state of florida indicated existed in June 2005 plus interest as claimed in USSC case 15-6929 wherein the government waived it's right to oppose on November 23, 2015.  (A page 17)

31. On September 18, 2006 suzanne Green petitioned to have this petitioner, the mother of

*pg 6 of 10*
*complaint USCFC 2-8-16*

three children incarcerated for my willful disregard for the Court's Order on the dissolution of marriage that was in appeal as it materially, simulataneously contradicted itself and Ordered Petitioner paid no debt but was due ½ of the remaining funds in escrow from the sale of property that paid $760,000.00 of marital debt in the public record. (A pages 74 and 75)

32. On October 16, 2006 Judge Gregg McCaulie testified "I think I have the picture of the financial status so." and ordered Petitioner in contempt of his Order. (A pages 76 through 78)

33. On March 23, 2009 Suzanne W. Green, an adversary, filed a motion to strike on Petitioner's behalf. Petitioner, corrected the motion and presented to the Commisioner at the hearing in US Tax Court Case 27396-12 on 5-19-14. (A pages 79 and 80) and alleged loss of use damages of $1,200,000.00.

34. On 11-12-09 the State of Florida Set a hearing for a date that did not exist. (A page 87)

35. On 11-28-09 the x spouse moved to a different state and stopped paying the mortgage as Ordered. (A page 88)

36. On January 7, 2010 Petitioner's property was foreclosed upon and sold for $100.00 (A page 89) by the state of florida while it was in appeal (A page 90) 40 minutes prior to the hearing with Judge McCaulie where he stated "Im not going to reconsider what happened in that hearing, that's not appropriate." (A page 91) Suzanne Green was a defendant in that Foreclosure. Judge Harrison saw no relevance to the missing funds (A pages 92 through 94) and didnt even consider that my x spouse had not paid one cent for the property purchased by me after I was forced from my home on October 14, 2004.

37. On January 8, 2010 Judge Gregg McCaulie affirmed his Order that Ordered I paid no marital debt. (A page 95)

38. Numerous related cases and attempts to recover Petitioners converted funds occurred


from 2006 to the waiver of a response by the government in November 2015 and the denial of my petition for writ of certori on January 11, 2016 in the related cases (not all inclusive) at (A pages 96 to 105) all denying jurisdiction of the converted funds.

39. The "governement" rather than require an accounting of the missing funds from a state official in charge of millions of dollars of homeland security funds, at an airport between my home near Mayport Naval station and Patrick's AFB, issued an erroneous determination that Judge Cohen Ordered on June 26, 2014 "The record strongly suggests that the determination was an abuse of discretion. (A pages 108 and 109) Ordered that on remand respondent shall assign an independent appeals representative not previously involved in this matter to … and issue a supplemental notice of determination that corrects the prior error and accurately states the reasons for the determination made."

40. In the supplemental determination made in November 20, 2014 (A page 120) the IRS in violation of Judge Cohen's order had the same appeals representative make a determination denying Petitioner's claim due to the alteration of the certified mail delivery date (A pagge 123 and 124) by the appeals representative and detailed in the complaint filed by Petitoner on January 8, 2016 to Ms. Robin Ashton Office of Professional Responsibilty. (A pages 106 to 140) from the date received August 30, 2014 to September 3, 2014 in order to deny my claim as untimely due to the altered received date (A pages 106 to 140) that would make it untimely.

41. In an abuse of discretion, the solictor waived his right to respond on November 23, 2015 regarding the missing escrow funds, the refund due to me for the $408,000.00 casulty loss Petitioner suffered on the conversion of Petitioner's assets by the state of Florida during divorce proceedings and did not deny the alteration of a certified mail reciept by

the IRS appeals office in accordance with rules of federal procedure 11.b

42. The IRS in the taking of Petitioner's private property did not account for a $1114.00 payment made by Petitioner on 4-15-05, (a page 112) the IRS shows $1,114.00 as a credit transferred in from 2003. (a page 111) It is not simultaneously possible that the state of Florida ordered petitioner paid no marital debt yet Petitioner paid $42,273.56 in joint 2004 marital tax during divorce proceedings for the gain on investment property sold during divorce proceedings noted above. Both Statement cannot be simulataneously true.

**WHEREFORE**, I Gina Brasher Langley most respectfully request in accordance with 18 USC 1621 which outlaws presenting material false statements in federal official proceedings and USC 1622 and 1623 that the government abused it's discretion in this cause / alterated a certified mail receipt and presented a known false statement in the supplemental determination ordered by Judge Cohen. this Court has jurisdiction as described in 28 U.S.c Section 1491 in Petitioner's claim for just compensation in the taking of my private property Petitioner prays for the following relief :

(1). Order Barney Langley, Petitioner's x spouse, be removed from the title to Petitioner's home that he gave his interest to Suzanne Green in September of 2004 and abandoned in 2009 so that Petitioner can either sell or repair her homestead. The Lien agreed to by my x spouse would now total half of the value of the home as stated by Suzanne Worral Green above in her appraisal on 8-24-2004.

(2). Petitioner most respectfully request this Court order the IRS refund the federal taxes due to Petitioner that totals $51,068.84 (A pages 15 through 23) plus interest as claimed in Petitioner's Petition served to the government on 11-9-15 USSC in Petitioner's statement of the case 15-6929 (A pages 4 through 14) that the government waived it's right to oppose on 11-23-15. (A page two).

(3). This Court order that Suzanne W Green has no interest in my homestead Order the judgment

pg 9 of 10
complaint USCFC 2-8-16

recorded by the State of Florida on 3-15-15 void and Order Suzanne Worrrall Green pay Petitioner the ½ of escrow funds totaling $39,581.96 plus interest since June 8, 2005 and any damages this Court would deem appropriate for the taking of Petitioner private property by an elected official of the state of Florida in charge of homeland security funds between two government bases where my son and many others serve this country and pay taxes on the income they earn in accordance with the fraud enforcement and recovery act of 2009. Petioner claimed $1,200,000.00 in damages from the government for loss of use in the uncompensated taking of petioner's property. The damage the conversion caused Petitioner's children is priceless.

*Gina Brasher Langely 2-8-2016*

Gina Brasher Langely
700 Oak Street
Neptune Beach, Florida 32266

## CERTIFICATE OF SERVICE

I Gina Brasher Langley, certify that this complaint and appendix pages one through 140 was mailed via USPS certified mail to Clerk US Court of Federal Claims, 717 Madison Place, NW, Room 103, Washington DC 20439 on this 8th Day of February 2016 in accordance with my understanding of the rules of this Court.

*Gina Brasher Langely 2-8-2016*

Gina Brasher Langley
700 Oak Street
Neptune Beach, Florida 32266

pg 10-of 10
complaint USCFC 2-8-16