**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 1:16 206 C
(Chief Judge Patricia E. Campbell-Smith)

GINA BRASHER LANGLEY
Plaintiff,

v.

THE UNITED STATES,
Defendant

**FILED**

**SEP - 9 2016**

**U.S. COURT OF
FEDERAL CLAIMS**

## PLAINTIFF'S RESPONSE TO THIS COURTS
## 8-12-2016 ORDER

Plaintiff, Ms. Langley,  thanks the Court for the opportunity to respond to this Court's 8-12-16

Order  and the Court vacating it's Order's for Dismissal on 8-1-2016. (Exhibit one pages one and two

and Exhibit 19 pages one through three).  (Exhibits referenced are attached in numerical order to this

response).

Ms. Langley, was served Defendant's Clarification dated August 5, 2016, (Exhibit two pages

one through six ) where the Defendant  falsely states:

"there is no indication in the IRS's files ..that any notice of deficiency was issued to plaintiff for
any year noted in the Court's Decision." Def.'s Mot. For Clarification 3 n.2.

There was an erroneous notice of deficiency $4,265.38  to Ms. Langley on 5-30-2005 for Ms.

Langley's 2004 tax year and the Defendant has failed to account for payments and refunds made by and

to Ms. Langley for the 2004 tax year.  The underlying tax liability for 2004 is at issue. (Exhibit three

pages one through twelve).

On 5-30-05, the Defendant unlawfully collected from Ms. Langley $4,633.95 based on the

Defendant's  falsification of Ms. Langley's self assessed tax to an erroneous amount of

$42,117.85 in the IRS official transcripts / tax calculation / tax collected . (exhibit three pages 4, 6, 8,

10 and 12 dated dated, 11-9-09, 2-27-16, 3-4-14, 5-19-14 and again 8-18-2014 Respectively).

Ms Langley served to Defendant on 7-29-16 in Ms. Langley's sur reply as noted by this Court in this Court's Order on August 1, 2016 (Exhibit 6 pages one through three), that Ms. Langley's self assessed 2004 tax was $37,483.90 (Exhibit 6 page three) not $42,117.85 for which the Defendant in the unlawful taking of Ms. Langley's property charged an erroneous $4,633.95 on 5-30-2005 for Ms. Langely's 2004 tax year. Ms. Langley's 2004 self assessed tax for 2004 **was** $37,483.90 (Exhibit 6 page three, exhibit three page 3, 5, 7, 9 and 11) filed on April 15, 2005. *U.S.C.Section 3729* amended *18 USC Section* 1031 so that a violation only requires "a false record related to a government program."

This Court has Jurisdiction. Ms. Langley is seeking a refund of taxes erroneously and unlawfully assessed and collected in accordance with 28 U.S.C. Section 1346(a)(1). Smith v United States, 495 Fed. Appx. 44, 48 (Fed. Cir. 2012) (citing 28 U.S.C. Section 7422(a)). The limited circumstances in accordance with Section 6512 (a) would apply. In violation of 26 U.S.C. (I.R.C.) Section 6213(a) the Defendant initiated collections and assessments during tax Court Proceedings for an innocent spouse claim under 6015(f). The Defendant states in his Clarification page 2 (exhibit 2 pages two footnote 1):

> "At a collection due process hearing conducted pursuant to I.R.C. Section 6330(c) the validity of the underlying tax liability is properly in issue if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability. The taxpayer can appeal this determination."

Ms. Langley was not served the notice of deficiency / erroneous charge for 2004 until late 2006. (Exhibit five pages seven through ten) for the "error." (Exhibit five page two, and three). In accordance with Sec 6330(c)(2)(B); Sego v Commissioner, 114 TC 604, 609 (2000), once the commissioner's appeals office issue a notice of determination, the person may seek judicial review.

Ms. Langley, prays she can present these most complicated set of facts succinctly for this Court, as there has been twelve years of various claim's by Ms. Langley, for proper accounting by the

Defendant, of Ms. Langley's 2004 tax liability / payments and refunds made, that resulted in two tax court Petition's filed by Ms. Langley prior to this claim.

First, on 11-4-12 Ms. Langley Petitioned the tax court for relief as an innocent spouse under I.R.C section 6015(f) for Ms. Langley's 2004 tax liability errors.( Exhibit four pages one through ten case 27396-12.

Simultaneously, on 11-4-12, Ms. Langley filed a request for a due process hearing (exhibit 8 page 4 and 5) for the intent to levy served Ms. Langley on for tax year 2006, 2008, 2009 and 2010 (exhibit 8 pages 11 and 12) and the erroneous determination in the CDP hearing on 6-25-2013, (exhibit 8 page 10) resulted in the Second tax court Petition filed by Ms. Langley on 7-24-2013. Case 17267-13. (exhibit 8 pages one through twelve)

On December 5, 2012 the Defendant filed his answer to the 2004 6015(f) claim and stated:

> "1. Denies respondent sent petitioner a notice of Deficiency or Notice of Determination.
> 2. Denies a Notice was sent; admits respondent issued letter 3657C on august 27, 2012 and October 22, 2012." (exhibit four pages 11 and 12)

On January 13, 2015, Judge Cohen Ordered in TC Memo 2015-11 page 5 (exhibit seven page eight):

> "on June 25, 2013 the settlement officer issued a notice of determination sustaining the proposed Levy... the notice was based on the erroneous conclusion that the section 6015 claim had been decided against petitioner by the Court, when in fact the only thing that had happened by that time in docket no 27396-12 was that Respondent had filed an answer to the petition. .... The Court ordered a remand for an independent appeals representative ...to provide Petitioner with an accounting of the payments applied and refunds made from 2004 through 2010, and to issue a supplemental notice of determination that corrects the prior errors and accurately states the reasons for the determination made."

The "accounting" the settlement officer provided per the Court's 6-26-13 Order on 8-18-14, is attached as (exhibit nine pages one to eighteen and exhibit three pages 11 and 12).

On 10-23-14 in response to the 6-26-14 Court's Order, The Defendant falsely stated:

> "the Petitioner submitted a 1040X for tax year 2009, directly to respondent's compliance department". (Exhibit ten page two) Contradictory, the transcripts provided by the Defendant (exhibit nine page 16) say "amended return filed 4-15-14"as filed by

Ms. Langley and stamped received on 4-15-14 at the IRS Service Center. (exhibit 10 page five). The Defendant then stated at 13 of the of the Court Ordered response "the August 1, 2014 letter also informed Petitioner that she had until September 2, 2014 to submit document ion to the compliance department, supporting her position on the 2009 1040x" (exhibit 10 pages 2 and 3).   That is not what the August 1, 2014 letter requested. (Exhibit Nine page two and three and four).

Ms. Langley had submitted the required information on 4-15-14 on all 1040x's for tax years 2008, 2009, and 2010.   The 2010 loss year for the appropriate carry-back and carry-forward was accepted and on 8-18-14 the tax was abated. (Exhibit 9 page 18, 1 and five). 2010 Ordered Moot by Judge Cohen on 1-14-2015.

The documentation required by the Defendant per the August 1, 2014 letter  (Exhibit nine page two, three and four) would not be required for a 1040x carry-back or carry-forward.  Those schedules are for a 1045 claim.  As repeatedly stated by the Defendant in this claim, a 1040x is what Ms. Langley should have and did file timely in accordance with 7422(a).

From 4-15-14 to 8-18-14, the date of the transcripts of Ms. Langley's tax years in (exhibit nine pages six to eighteen) In violation of 26 U.S.C. (I.R.C.) Section 6213(a)  The Defendant erroneously applied refunds due / credits for Plaintiff's 2013 tax year and the Plaintiff's amended  tax years 2008, 2009, 2010, 2011 and 2012 totaling  $16,851.06 (exhibit 12 page one of one) and the Defendant charged Ms. Langely thousands of dollars of interest and penalties.  (Exhibit 9 pages six to 18) after unlawful charge in 2004 and failed to account properly for the $16,851.06 of credits / refunds noticed in the Court ordered transcripts of those years on 8-18-14.

The transcripts for Ms. Langley's 2005 year presented by the Defendant as Ordered by the tax Court (exhibit 9 pages 7 and 8) erroneously show "adjusted gross income $3,420.00", fail to show taxable income per Ms. Langley's return of $1,417.00 and  the Defendant does not account for the $2,003.00 unlawful charge to Ms. Langley as noted on 10-5-2009 Notice. (Exhibit 11 page one of one).

Plaintiff  did file a claim for refund correctly on 4-15-14  **in accordance with 26.U.S.C. Section 7422(a)**  exactly in the manner the Defendant states was  required in this claim. *USCFC No*

***05-1272T Aug. 3, 2006 page 5 and six  Rosenberg, v The United States.***. In accordance with **RCFC 8(d)(2)** this claim is sufficient to support Plaintiff's claim for tax years 2004, 2009, 2011 2012 and 2013 as the Plaintiff has met all the requirements of a tax refund claim in accordance with RCFC 9 (b) and (m)(1)(2)(A-F).  Ms. Langley has alleged that the failure by the Defendant,  in over 12 years of proceedings, to account for a single check when Ordered by the US Tax Court on 6-26-14 to account for all payments made and applied for Ms. Langley,  shows criminal intent coupled with the taking. See Johnson v United States, 291 F.2d 908, 909 (8th Cir. 1961).

On 5-19-14 in the Defendant's motion to Dismiss for lack of Jurisdiction, the Defendant stated:

> "on or about May 18, 2009, Petitioner filed a form 8857, Request for innocent spouse relief.  Petitioner requested relief from the taxes paid with her husband, for the taxable year 2004, including a refund of one half of the of the taxes Petitioner paid.  A copy of the form 8857 is attached as exhibit B." (exhibit 13 pages one to four).

Ms. Langley's 2004 self assessed tax for 2004 was  $37,483.90  (Exhibit 6 page three, exhibit three page 3, 5,7,9 and 11) filed on April 15, 2005,  attached to the 2009 innocent spouse claim filed in 2009 and 2011 by Ms. Langley, as  was provided to the Defendant in both those claims as well. (Exhibit 6 page three)

No where in the account transcripts for 2004,  as Ordered by the tax Court on 6-26-14, as exhibited by the Defendant five times over the span of a year, do those transcripts show an innocent spouse claim in May 2009, nor do the transcripts show a determination of the 2004 claim on 6-23-11 (Exhibit 14 pages one through three) as erroneously claimed in Defendant's motion to dismiss. (exhibit three pages 4, 6, 8, 10 and 12 dated  dated, 11-9-09, 2-27-16, 3-4-14, 5-19-14 and  again 8-18-2014)

Ms. Langley was served numerous certified mail on 6-23-11 by the Defendant. (Exhibit 15, pages one to three). The Defendant offers no proof of signature and the envelope does not indicate # for the Certified Mail.

This Court is correct in it's 8-12-16 Order which states that:

> "the IRS erred failing to timely provide her with a 2011 notice of determination, which was ostensibly provided to her during her case before the United States Tax Court in

2014."

Ms. Langley was presented the 6-23-11 notice alleged by the Defendant to be the "determination" in February 2014 in the Defendant's first motion to dismiss. There were "determinations" subsequent 6-23-11 that contradict the Defendant's erroneous allegation. (Exhibit 16 pages one to five).

The, Defendant stated #23 on 3-6-14 in the collection case:

> "Respondent routinely sends taxpayers final Determinations, which are jurisdictional tickets to Tax Court #25 "the appeals officer admitted that her statement in the notice of determination was erroneous." (Exhibit 17 page one of one).

The Defendant on 10-23-14 stated; (Exhibit 10 page 3)

> "#18 it appears there was some confusion as to whether respondent's compliance division timely received the information from petitioner for consideration of the 1040x"

Ms. Langley has repeatedly asserted, the only confusion is that the Defendant requested erroneous information by two separate offices of the "compliance department" and falsified the date the date the information was received from August 30, 2014 to September 3, 2014 showing intent in the unlawful taking of Ms. Langley's property. In accordance with rule 11 B. The Defendant has not denied the allegation. (Exhibit 18 pages one to five).

The original green card certified mail receipt altered is at B19. (in this response as exhibit 18 pages one thru six) That corresponds to this court's document number 8 as Ms. Langley understands this Court's index from 8-16-16 (Exhibit 19 pages one to three) The alphabetic indexing by Ms. Langley referenced above, corresponds to this Court's numeric numbering system as Ms. Langley, a layperson, understands it.

On 11-12-2014 Ms. Langley's 6015(f) claim (27396-12) was dismissed by Judge Cohen based on "the absence of a deficiency determination for 2004." That dismissal was erroneous as there was a deficiency charge / determination for 2004. The Tax Court's misinterpretation of the facts is due to the failure by Ms. Langley to succinctly present the fraud committed on the Court by the "compliance /

appeals / collection / unlawful taking departments of the IRS, in an utter waste of taxpayer dollars who

pay the salaries of the individuals that committed with intent, the unlawful taking of Ms. Langley's

assets in a ponzi scheme of joint and several liability designed by the Defendant.

The standard for community property as presented by Plaintiff on C5 in publication 504 quite

simply states:

> "Each spouse is taxed on half the community income for the part of the year before the
> community ends, ..Income received after the community ended is separate income, taxable only
> to the spouse to whom it belongs."

On 11-20-14, (US Tax Court Case 17-267-13 the Defendant's same appeals representative that

issued the erroneous determination on 6-25-2011, Cindy Kasminoff, in violation of Judge Cohen's

Order on 6-26-14 ((exhibit seven page eight, exhibit seven pages two through eight) made the

erroneous supplemental notice for the collections hearings that conflicts with itself. (Exhibit 20 pages

one and two).

Ms. Langley appealed the tax Court's decision for 27396-12 for 2004. It was dismissed

erroneously by the 11th Cir (Exhibit 21 page 2), appealed the the USSC for which the Defendant waived

his right to respond on 11-23-15, there by admitting, Ms. Langley's allegation of unequal treatment by

the Defendant when the Defendant refunded Ms. Langley's x spouse ½ the tax he paid for the 2004

tax assessed by the Defendant, none to Ms. Langley. (Exhibit 21 page 3) via ck 28911585 paid on 3-

24-2006. Defendant did not account for that refund, referenced numerous times in the account

transcripts of Ms. Langley until 8-29-14. (Exhibit 22 pages one through three).

The Defendant falsely, exhibited Ms. Langley's self assessed tax for 2004 in the transcripts for

Ms. Langley's 2004 tax year as "$42,117.85 tax return filed 5-30-2005" ((exhibit three pages 4, 6, 8,

10 and 12 dated dated, 11-9-09, 2-27-16, 3-4-14, 5-19-14 and again 8-18-2014 (even after

accountability was required by Defendant as Ordered by the US Tax Court in case 27396-12 on

6-26-13 after the erroneous determination was made by the Defendant on 6-25-13 in collection

hearings for 2006, 2009) (exhibit seven pages one through ten) respectively) on 6-25-13.

The Defendant stated in his Declaration on 3-4-14 in US Tax Court Case 17267-13, "petitioner filed her 2004 tax return on April 15, 2005... A copy of the 2004 transcript evidencing theses facts is attached as Exhibit K"... Both statements cannot be simultaneously true. Titles 18 U.S.C. Section 1621 enacted on 6-25-1948 Public Law 772 as amended  which states. "whoever...gives or makes contradictory testimony or statements in judicial proceedings in respect to any material matter is guilty of perjury." as Ms. Langley has repeatedly asserted, but failed to succinctly summarize as a layperson. Fregoline v. United States, 99 Fed. Cl. 161, 168 (2011)  (quoting Fry v United States, 72 Fed. Cl. 500, 509 (2006)).   Therefore, the court must "look to the true nature of the action in determining the existence … of jurisdiction." Katz v Cisneros, 16 F.3d 1204, 1207 (Fed .Cir.1994)

On each of those transcripts there is a notation that there had been an adjustment made on 6-29-2009 for "additional tax assessed." On each of those transcripts the only indication that Ms. Langley filed an innocent spouse claim, states "innocent spouse claim received 4-18-11.

Ms. Langley  presented to the Defendant  the tax year 2004 "notice / charge" and it's numerous complex errors to Defendant on 4-5-14 in Ms. Langley objection to Defendant's  declaration in US Tax Court Case 17267-13 collection hearings for tax years (2006, 2008, 2009 and 2010) as exhibit E page 8 of 8 ( in this response the notice is Exhibit three pages one and two).

On 4-29-2014 in US Tax Court Case 27396-12 in the Defendant's pretrial memo for Defendant's motion to dismiss, the Defendant falsely stated, in a showing of intent on the unlawful taking of Ms. Langley's property:

> "On April 15, 2004 ….Petitioner self assessed taxes in the amount of $42,117.85."
> ( Exhibit 23 page one of one.)

The arbitrary and capricious unlawful collection of $4,633.95 on 5-30-05, $2,003.00 on 10-5-2009 and unequal treatment by the Defendant violates the just compensation clause of the Fifth Amendment ("nor shall private property be taken for public use, without just compensation.") and can be fairly be interpreted as mandating compensation by the Federal Government for the damage

sustained." <u>Easport SS Corp v United States</u>, 178 Ct.Cl.at 607, 372 F.2d at 1008, 1009,  for the unlawful exercise of the Government's tax collection powers. <u>Gregoline v United States</u>, 99 Fed. Cl. 161, 168 (2011)

This Court has Jurisdiction for Plaintiff's taking claim by the Defendant under the Fifth Amendment for the deprivation of Ms. Langley of both substantive and procedural due process due to the fraud of Defendant throughout these proceedings.  "A substantive right for money damages against the United States, separate from the Tucker act itself." <u>Todd v United States</u>, 386 f.3d 1091 1094 (Fed. Cir. 2004).  The Defendant's repeated, material, contradictory  statements throughout these proceedings shows intent in the taking of Ms. Langley's property

In Todd it states:

> "In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the Plaintiff. <u>Scheuer</u>, 416 U.S. At 236; <u>Reynolds v Army & Air force Exch Ser.</u>, 846 F.2d 746, 747 (Fed. Cir.1988)."

Pursuant to the Tucker act, the USCFC has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any ..express or implied contract with the United states for liquidated or unliquidated damages ." the violations alleged by Ms. Langley are money-mandating. Per <u>Todd</u>,

> "In order for jurisdiction to lie under the Tucker Act based upon a constitutional provision, the provision must be money mandating in the sense that it contemplates the payment of money damages for its violation See <u>James v Caldera</u>, 159 F.3d 573, 580 (Fed Cir 1998)"

<u>United States v Testan</u>, 424 U.S.392 400 (1976) states:

> "if the Commission were to determine that it had made an erroneous determination, that determination could create a legal right which we could then enforce by a money judgment id. At 333, 499 F.2d at 691. giving this Court jurisdiction for that part of the Tucker Act now codified as 28 U.S.C. Section 1491 which confers jurisdiction to this Court whenever the substantive right exists.  Eastport SS Corp v. United States 178 Ct Cl.599, 605-607, 372 F.2d 1002-1007-1009 (1967) .  Where there has been a violation of a substantive right, The Tucker Act waives sovereign immunity as to all measures necessary to redress that violation. "

The Defendant determined it had made an erroneous determination on 3-6-14. (Exhibit 17 page one of one)

The additional, failure by the Defendant to account for Ms. Langley's ck 5007 on 4-15-2005 in the amount of $1,114.00 for tax year 2004, not accounting for Ms. Langleys 2004 refund check, issuing notices of credits / applying those credits totaling $16,851.06 during the same period of time the 6015(f) claim was being heard in US Tax Court can be fairly interpreted as mandating compensation for the damage sustained in Ms. Langley's loss of use, and thousands of hours required by Ms. Langley to respond to the erroneous / frivolous filings by the Defendant for the hundreds of times the Defendant falsely stated that I had not provided a collection alternative.

Ms. Langley repeatedly asserted in nearly every response required, hundreds of times, that a collection alternative would be for the Defendant account for: (1) ck 5007 in the amount of $1,114.00, (2) $79,163.92 of cash generated by the sale of investment property on 1-31-2005 of the former marital entity (exhibit 24 pages one and two), (3) $318,870.61 in cash generated by the sale of investment property of the former marital entity on 9-2-2004 (exhibit 24 pages 3 and four) (4) the FMV of $300,000.00 of the homestead of the property Ms. Langley was forced out of on 10-14-2004 with no compensation, (exhibit 24 page 6), (5) the correct loss in 2004 for the accumulated earnings of the former marital entity's business of $97,249.54 (Exhibit 24 page 7) that reported millions in revenue that the parties paid thousands of dollars in tax over a 20 year marriage with a strong work ethic (exhibit 24 pages 7 to 13) and last the $132,066.90 of payments made by Ms. Langley for a replacement home (exhibit 24 pages 14 and 15) from the date of separation 8-25-2004 to the date the marital entities assets disposition was determined in 2010 to be $289.41 for Ms. Langley ½ share (exhibit 25 pages one through four) of the above items that were determined to be "non marital" in the final disposition of the former marital entity by the Defendant's "process". A loss to Ms. Langley in 2010 of $408,000.00 as claimed on Ms. Langley's amended return accepted by the Defendant on 4-15-

2014 and declared Moot by the US Tax Court in Jan 2015.

Ms. Langley did not receive the "income" for which she paid 99.7 % of 2004 tax in the amount of $42.273.56 (exhibit 3 page 8) was paid. The distribution of the income in marriage dissolution proceedings was not determined until the final Order is the "disposition" of those assets occurred in 2010.

Ms. Langley, per the Defendant's Order on 4-27-09 (Exhibit 26 pages one to six) filed 8857 in 2009 ( Exhibit 26, pages 4, 5 and 6)  where the Defendant failed to account for $42,273.56 of 2004 tax payments made by Ms. Langley and erroneously stated on June 16, 2009 "you did not make any payments for tax year 2004", (Exhibit 26 pages 7 to 14) and due to the fraud committed by the Defendant in the accounting Ordered, the tax Court erroneously Concluded in it's memo on Jan 14, 2015  "unpaid balance for 2009 ($3,374.96 as of the date of the original proposal for levy.") Contradictorily, the proposal for levy was $2,856.48 (exhibit 26 page 18) less the unlawful charges of 2004 tax, penalties,  interest, ck 5007, the unlawful 2005 charge of $2,003.00 and $1,687.33 credit transfer on 4-15-2014 for the accepted 2010 amended return. (Exhibit 9 page 16) and the refund check the Defendant proved on August 29, 2014 payable to Ms. Langley, was cashed by others.

Ms. Langley het met her burden of establishing subject matter jurisdiction as required  by a "preponderance of the evidence" . <u>Reynolds</u>, 846 F.2d at 748 and by presenting " competent proof." <u>McNutt</u>, 298 U.S. At 189.for each of the three issues in Ms. Langley's claim.

Last,  The 2004 notice of Deficiency, claimed to be non existent by the Defendant, not served to Ms. Langley until late 2006 (erroneously states "you should have used the Schedule D tax worksheet to compute your taxes." (exhibit 3 page one).  Ms. Langley did use the "schedule D tax worksheet in 2004 (Exhibit 27 page one of one) and correctly assessed the tax of $37,483.90 for the final return of the marital entity but paid a disproportionate share of the tax based on the "disposition" of the marital entities assets which was not determined until 5 years after the 2004 tax return was required to be filed. A procedural quandary in the Defendant's "process."

The Defendant did not prove until August 29, 2014 that the 2004 joint marital tax refund check in violation of the *__fraud and enforcement and recovery act of 2009__* and *__the requirements of the__* technical provision of 26. US Code Section 6015 Section 3 #25.15.3.4.4 (03-08-2013) dated 3-17-06 (B24 and B25) to Plaintiff by Defendant was cashed by others on 3-24-2006.

. The validity of the The validity of the underlying tax liability of Ms. Langley for tax year 2004 is at issue pursuant to I.R.C Section 6330(c)(d)

Wherefore, Ms. Langley prays the Court Grant Ms. Langley's claim for refund of $51,068.84 in federal taxes , plus interest for tax years 2004, 2009 and 2011-2013 as the limited circumstances in accordance with 6512 (a) do apply "(2) any amount collected in excess of an amount computed in accordance with a final decision of the Tax Court (3) any amount collected after the period of limitation has expired for making levy

Ms. Langley prays this Court, as seperately motioned by Ms. Langley to this Court on 5-10-16. (Exhibit 19 pages 1, 2 and 3), sanction the Defendant for the Defendant's abuse of process and unlawful assessments from Ms. Langley when collection was prohibited under 26 U.S.C. (I.R.C.) Section 6213(a) *__Smith v United States, 495 Fed. Appx 44,48( Fed. Cir. 2012) (citing 28.U.S.C. Section 7422(a)__* for tax years 2004 to 2009. causing damage to Ms. Langley and the loss of use of her property.

The Defendant should not be permitted to contradict the evidence by unsupported statements.

*__U.S.C. Section 3729__* amended *__18 USC Section 1031__* so that a violation only requires "a false record related to a government program."

Per Todd,

> "In order for jurisdiction to lie under the Tucker Act based upon a constitutional provision, the provision must be money mandating in the sense that it contemplates the payment of money damages for its violation See James v Caldera, 159 F.3d 573, 580 (Fed Cir 1998)"

On 8-8-16 the Defendant served Ms. Langley notice that frivolous filings are penalized at $5,000.00 each. (Exhibit 28 pages one to five.)

Gina Brasher Langley
700 Oak Street
Neptune Beach, Florida 32266

## CERTIFICATE OF SERVICE

I  Gina Brasher Langley, certify that this Response to this Court's 8-12-16 Order, the original and two copies with attached exhibits as noted in the table of contents (one to twenty eight) was mailed Federal express  to Clerk US Court of Federal Claims, 717 Madison Place, NW, Room 103, Washington DC 20439 on this 8th day of September 2016 with attached exhibits one to twenty six, in accordance with my understanding of the rules of this Court  to Mr. Brian J Sullivan via USPS mail at the US Department of Justice, Tax Division  PO Box 26, Ben Franklin Station,  Washington DC. 20044 .

Gina Brasher Langley
700 Oak Street
Neptune Beach, Florida 32266

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 1:16 206 C
(Chief Judge Patricia E. Campbell-Smith)


GINA BRASHER LANGLEY
Plaintiff,

v.

THE UNITED STATES,
Defendant

### TABLE OF CONTENTS FOR EXHIBITS ATTACHED TO MS. LANGLEY'S RESPONSE TO THIS COURTS 8-12-2016 ORDER

One:       This Court's 8-12-2016 Order...................................... ....pages one and two

Two:       Defendant's Clarification...............................................pages one – six

three:     2004 Deficiency notice, IRS 2004 transcripts............. pages one – twelve

Four:      2004 tax petition 11-9-12 USTC Case 27396-12 ...... pages one – twelve

Five:      2006 …........................................................... pages one – ten

Six:       Ms. Langley's tax return self assessed tax …............. pages one – three

Seven:     collection hearings for 2006, 2009 ...........................pages one – eight

Eight:     7-24-13 tax petition due to erroneous determination
           in collection hearings …...............................................pages one – twelve

Nine:      8-18-14 transcripts provided as Ordered by tax Court..pages one – eighteen

Ten:       Defendant's 10-23-14 status report ...........................pages one – five

Eleven:    Defiency notice 10-5-2009........................................ page one

Twelve:    $16,851.06 of refunds / credits during 6015(f) ….......page one

Thirteen:      5-21-2009 6015(f) claim...................................pages one -four

Fourteen:      Defendant's erroneous conclusion...........................pages one – three

Fifteen:       6-23-11 certified mail receipts by Ms. Langley.........pages one – three

pg 1 of 2

Sixteen:          Defendant's 8-19-11 request for reapplication
                  of 6015(f) claim for 2004............................................pages one – five

Seventeen:        Defendant's "ticket" for Ms. Langley to
                  attend tax court.........................................................page one

Eighteen:         Falsification of 9-2-2014 response by Defendant.....pages one – six

Nineteen:         This Court's docket and Ms. Langley's numbering.. pages one – three

Twenty:           Defendant's 11-20-2014 determination in
                  collection................................................................pages one - two

Twenty one:       Erroneous Order on 11-12-14 due to fraud on the
                  Court by Defendant …..................................................page one – three

Twenty two:       8-29-2014 proof by Defendant refund not received
                  by Ms. Langley for 2004.............................................pages one – three

Twenty three:     Defendant's false statement on 4-29-14 that Ms.
                  Langley's self assessed taxes for 2004 = $42,117.85..page one

Twenty four:      Marital assets deemed non marital and not accounted
                  for by Defendant's process ….....................................pages one- fifteen

Twenty five:      Marital assets disposition determination for
                  taxability of net assets remaining ….........................pages one – four

Twenty Six:       2004 tax payments by Ms. Langley............................pages one – eighteen

Twenty Seven:    2004 tax calculation for self assessed $37,483.90.....page one

Twenty Eight:    Defendant's service of "costs" to Ms. Langley...........pages one to five

8-8-16
16 206 C
Table of contents
page 2 of 2
by Judge Patricia E
Campbell Smith

Plaintiff reesponse 8-8-16
EXHIBIT *one*   PAGE *1c)c*
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

# In the United States Court of Federal Claims

No. 16-206C

(Filed: August 12, 2016)

|  |  |
|---|---|
| GINA BRASHER LANGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*recd 8/15/16 Mon*

## ORDER

On August 8, 2016, defendant filed a motion for clarification, explaining that contrary to plaintiff's representation, no notice of deficiency issued.  Throughout proceedings before the United States Tax Court and the Supreme Court of the United States, Ms. Langley repeatedly asserted that the IRS erred in failing to timely provide her with a 2011 notice of determination, which was ostensibly provided to her during her case before the United States Tax Court in 2014, and that various letters between herself and the IRS essentially should constitute constructive notice of a deficiency or a notice of determination.  See Order of Dismissal 3 (T.C. Nov. 12, 2014); Compl. App. A, 5-7, ECF. No. 1.

The full agency record of Ms. Langley's correspondence between herself and the IRS was not filed as evidence in this case.[1]  On review of what was before it, the court found that it lacked jurisdiction over Ms. Langley's claims and dismissed her complaint on August 1, 2016.

In the motion for clarification, defendant's counsel states that "[t]here is no indication in the IRS's files forwarded to [him] that any notice of deficiency was issued

---

[1]    Ms. Langley provided hundreds of pages in her attempt to provide a clear picture of how her various claims led to her case before the court.  However, the order, numbering, comments, and redactions of the attachments frustrated the court's full review of her case.

*exhibit I page 1c)2*

to plaintiff for any year noted in the Court's decision." Def.'s Mot. for Clarification 3
n.2. Although individuals often receive a notice of deficiency prior to receiving a notice
of a proposed levy, see Oropeza v. Commissioner, T.C. Memo. 2008-94, 2008 WL
1722003 at *1 (2008), Ms. Langley apparently did not receive such notice prior to
receiving notice concerning the proposed levy to collect from her unpaid federal income
taxes for the years 2006, 2008, 2009, and 2010. See Langley, 2015 WL 392980, at *2.
Thus, defendant asks the court to dismiss plaintiff's complaint on bases other than that
involving a notice of deficiency, specifically on the grounds that: (1) plaintiff's 2004 tax
year claim is time-barred; and (2) plaintiff failed to state a claim for tax years 2009, 2011,
2012, 2013. Def.'s Mot for Clarification 3-4.

Defendant's motion shall be **FILED BY LEAVE OF COURT** and **GRANTED**.
To address matters raised in defendant's motion for clarification, the court directs the
clerk of court to **VACATE** its Judgment, issued on August 1, 2016, ECF No. 21, and to
**WITHDRAW** the court's Opinion and Order issued on August 1, 2016, ECF. No. 20.

On or before **Friday, September 9, 2016**, plaintiff may file a response.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

8-8-16
Plaintiff response
EXHIBIT  *two*   PAGE
No 1:16-cv-00206-PEC   *16*
Chief Judge Patricia E. Campbell

No. 16-206 T

(Chief Judge Patricia E. Campbell-Smith)

GINA BRASHER LANGLEY

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## DEFENDANT'S MOTION FOR CLARIFICATION

On August 1, 2016, the Court issued an opinion in which it dismissed plaintiff's tax refund suit on the basis that the Court lacks jurisdiction pursuant to § 6512(a). Defendant respectfully requests that the Court clarify its dismissal of plaintiff's tax refund suit under § 6512. While plaintiff's refund suit must still be dismissed on other grounds, it does not appear that § 6512 precludes plaintiff's tax refund suit as plaintiff's Tax Court petitions were in response to collection actions, and not in response to notices of deficiency concerning the underlying tax liabilities.

## DISCUSSION

Section 6512(a) provides that, subject to six statutory exceptions not applicable here, if the Commissioner of the IRS sends a taxpayer a notice of deficiency and the taxpayer files a timely petition in Tax Court, then no credit or refund of income tax for the taxable year "in respect of which the [IRS] has determined the deficiency" is allowed and "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court. . . ." Section 6212

1

EK 2
pg 16

requires the IRS to send a notice of deficiency to a taxpayer when the Commissioner "determines that there is a deficiency." *Scar v. Commissioner*, 814 F.2d 1363, 1367 (9th Cir. 1987). The purpose of a notice of deficiency is "to give the taxpayer notice that the [IRS] means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective." *Commissioner v. Stewart*, 186 F.2d 239, 241 (6th Cir. 1951).

Thus, § 6512 prohibits a taxpayer from filing a tax refund suit only after the taxpayer has already challenged a statutory notice of deficiency for the same taxable year in U.S. Tax Court. § 6512(a); *Buser v. United States*, 85 Fed. Cl. 248, 258 (2009). The Commissioner sends a notice of deficiency to a taxpayer when the IRS determines that there is a tax deficiency, i.e., an amount of tax that has not yet been assessed. *Id.* A collection due process proceeding for a lien or levy action under §§ 6320 or 6330 concerns the collection of a tax liability which already has been assessed.[1] *See, e.g., Oropeza v. Commissioner*, T.C. Memo. 2008-94 at *3 (2008). While § 6512 explicitly mentions notices of deficiency, the plain language of its prohibitions does not include a collection due process proceeding. § 6512. Thus, § 6512 does not prohibit a tax refund suit following a challenge in Tax Court to a collection due process proceeding for the same taxable year. *See* IRS CCA 201617007, 2016 WL 1605494; Fed. Tax Coordinator ¶ U-1219 (2d.); *cf. Buser*, 85 Fed. Cl. at 258 (dismissing plaintiff's case under I.R.C. § 6512(a) as

---

[1] At a collection due process hearing conducted pursuant to I.R.C. § 6330(c), the validity of the underlying tax liability is properly in issue if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability. The taxpayer can appeal this determination to the Tax Court pursuant to I.R.C. § 6330(d). The Tax Court reviews the hearing officer's determination on the validity of the underlying liability *de novo* if properly in issue; but where the validity of the underlying liability is not in issue, the Tax Court reviews the determination for abuse of discretion. *Swanton v. Commissioner*, T.C. Memo. 2010-140 at *3 (2010).

8-8-16
Plaintiff response
exhibit *two*
No. 1:16-cv-00206-PEC        PAGE 2 of 6

plaintiff had already challenged a statutory notice of deficiency for the same tax year in Tax Court).

Here, neither of plaintiff's petitions to the Tax Court was in response to a notice of deficiency.[2] Plaintiff filed her first petition in Tax Court on November 9, 2012, concerning a claim of innocent spouse relief for tax year 2004, and in response to a Final Determination under § 6015 sent to plaintiff in June 2011. Order of Dismissal, Tax Court Docket No. 27396-7. The Tax Court dismissed this petition for a lack of jurisdiction on November 12, 2014. *Id.* Plaintiff filed her second petition in Tax Court on July 29, 2013, challenging a collection action for plaintiff's unpaid tax liabilities for 2006, 2008, 2009, and 2010. T.C. Memo. 2015-11 (Tax Court Docket No. 17267-13L). The Tax Court remanded the case to an appeals officer at the IRS, and ultimately upheld the appeals officer's decision to sustain the collection action. *Id.* The Tax Court did not rule on whether the underlying liability was properly in issue or not, but stated that under either standard—*de novo* or abuse of discretion—the hearing officer properly sustained the proposed levy. *Id.* at *10. Regardless, as none of plaintiff's petitions to the Tax Court were in response to a notice of deficiency, § 6512 does not preclude plaintiff from bringing her refund suit in this Court.

Even without § 6512, this Court must still dismiss plaintiff's refund suit. As provided in defendant's amended motion to dismiss the complaint and reply brief, this Court does not have jurisdiction over plaintiff's claim for 2004, and plaintiff fails to state a claim upon which relief can be granted for tax years 2009, 2011, 2012, and 2013.

---

[2] There is no indication in the IRS files forwarded to defendant's attorney that any notice of deficiency was issued to plaintiff for any year noted in the Court's decision. Further, the Order of Dismissal and Memorandum Opinion from plaintiff's Tax Court cases also state that no notice of deficiency was issued by the IRS for any of these tax years. Order of Dismissal, Tax Court Docket No. 27396-7; T.C. Memo. 2015-11 (Tax Court Docket No. 17267-13L).

3

Plaintiff has failed to show how this Court has jurisdiction over tax year 2004. Plaintiff's claim for refund for 2004 was filed in 2011, six years after the original return was filed and five years after the tax was paid. (Am. Compl., ECF No. 8, at p. 23 (B9).) As plaintiff did not file a timely administrative claim for refund with the IRS in accordance with § 6511(a), her tax refund suit as to 2004 is defective under § 7422(a).

Plaintiff's complaint fails to states a claim upon which relief can be granted for tax years 2009, 2011, 2012, and 2013. Plaintiff's claims for these years are based on § 165, a purported casualty loss stemming from a lien placed on her property. But a lien is not a casualty loss. *First Atlas Funding Corp. Through Kersting*, 23 Cl. Ct. at 139-40; *see Vance v. Commissioner*, 36 T.C. 547 (1961) (finding that a finance company's repossession of furniture where timely payments were not made was not a casualty loss to taxpayer.); *Johnson v. Commissioner*, 81 T.C.M. (CCH) 1538 (2001) (ruling that the foreclosure of taxpayer's property did not constitute a casualty loss under I.R.C. § 165(c)). Thus, even if this Court has jurisdiction over plaintiff's tax refund suit for years 2009, 2011, 2012, and 2013, plaintiff's complaint fails to state a claim for these years upon which relief can be granted, and this Court must dismiss plaintiff's complaint as to those tax years under Rule 12(b)(6).

## CONCLUSION

WHEREFORE, based on all of the reasons set forth above, in defendant's amended motion to dismiss the complaint, and in defendant's reply brief, defendant requests that the Court clarify its rationale in its opinion as to claim Two and dismiss claim Two of the complaint with prejudice with respect to tax year 2004 for a lack of jurisdiction, and dismiss the claim Two as to tax years 2009, 2011, 2012, and 2013, with prejudice for a failure to state a claim.

4

Respectfully submitted,

August 5, 2016

BRIAN J. SULLIVAN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel:  (202) 616-3339
Fax: (202) 514-9440
Brian.J.Sullivan@usdoj.gov

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims

August 5, 2016

Of Counsel

Attorneys for the United States

5

8-8-16
Plaintiff response
EXHIBIT AUU  PAGE 5
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

## CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this _8th_ day of August 2016, been made on plaintiff, pro se, by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Gina Brasher Langley
700 Oak Street
Neptune Beach, FL  32266

_Katie M. Stevens_

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C.  20044
(202) 307-6440

6

8-8-16
Plaintiff response
EXHIBIT *two*   PAGE 6 of 6
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Department of the Treasury
**Internal Revenue Service**
Memphis, TN 37501-0010

For assistance, call:
1-800-829-8374
**Your Caller ID:** 8
**Notice Number:** CP
**Date:** May 30, 2005

8-8-16
Plaintiff response
EXHIBIT *three*         PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbe

024665.180999.0110.003 1 BP 0.370 976

**Taxpayer Identification Number:**
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
**Tax Form:** 1040
**Tax Year:** December 31, 2004

BARNEY J & GINA B  LANGLEY
700 OAK ST
NEPTUNE BEACH  FL   32266-3740007

**Amount You Owe**
**as of June 20, 2005**

$4,265.38

## Why We Are Sending You This Notice

We are writing to you because there is an error on your 2004 Federal Income Tax return. We will explain why we made the change and what you need to do.

## Why We Made The Change

- We changed the exemption amount claimed on Line 41 of your Form 1040 because it was not limited or was limited incorrectly. The amount you are able to claim for exemptions is limited based on your adjusted gross income and filing status.

- We changed the amount of tax on Line 43 of your Form 1040. Entries on your return indicate that you should have used the Schedule D Tax Worksheet or Qualified Dividends and Capital Gain Tax Worksheet to compute your taxes. It appears your taxes were not computed using one of these worksheets or were computed incorrectly.

Note: The tax rates used on the Schedule D Tax Worksheet or the Qualified Dividends and Capital Gain Tax Worksheet are generally lower than the standard rates. However, if the refigured tax amount is higher than the tax amount shown on your return then an error was made in the original computation of your tax.

## What You Should Do If You Agree With The Change

- If you agree with the change we made, follow the payment instructions at the end of this notice.

## What You Should Do If You Disagree With The Change

- If you believe the change we made is incorrect, please call us at 1-800-829-8374 **within 60 days** to discuss it with a Customer Service Representative (CSR).

- If you choose you may write to us. Be sure to include the tear off stub at the end of this notice. Write to us at the address shown on the stub.

- You need to contact us within 60 days to have a CSR assist you, and to have the right to appeal the change to the Tax Court. Otherwise the law requires you to pay the additional amount you owe, plus penalties and interest.

17367-13
8/17/09
exhibit one
noted

You may file a **claim** for refund before the later of 3 years after filing your return or 2 years after paying the tax.

## 2004 Tax Return Form 1040 as of May 30, 2005

| Line Item On Your Return | Your Figures | IRS Figures |
|---|---|---|
| Adjusted Gross Income | $315,639.00 | $315,639.00 |
| Taxable Income | $283,151.00 | $295,861.00 |
| Total Tax | $37,483.90 | $42,117.85 |
| Total Payments | | $37,883.90 |
| Amount of Underpaid Tax | Incorrect | $4,233.95 |
| Penalties (computed below, if applicable) | | $.00 |
| Interest computed through May 30, 2005 (computed below) | | $31.43 |
| Total amount owed | | $4,265.38 |
| **Minus: Total of all payments you made that are not included in the Total Payments amount shown above (Enter Amount)** | | |
| Amount You Owe after subtracting above payments (Enter Amount) | | |

## Other Information

- Check your return.  The error correction(s) may also have caused changes to other areas of your return.

- Helpful Hint:  For faster service, try calling us any day except Monday when our call volumes are highest.

## Payment Instructions

- Make your check or money order payable to United States Treasury.

- On the check or money order write the tax period, tax form number and the taxpayer identification number that is shown at the top of this page.

Remove the tear off stub below.

- Enclose the payment and the stub in the envelope provided.  Mail it to the IRS stub.  We must receive your payment in full by June 20, 2005 **(21 DAYS FF NOTICE)**.  Otherwise, you will be charged additional interest (and possibl

17267-13
exhibit E pg 8 of 8
POTRD.
11-5-111

8-7-09
exhibit 2

8-8-16
Plaintiff response 8-8-16
EXHIBIT 2
No. 1:16-cv-00206-PEC   PAGE 2 of 12
Chief Judge Patricia E. Campbell-Smith

m Request

al Revenue Service
evates Department of the Treasury

This Product Contains Sensitive Taxpayer Data

## Account Transcript

Request Date: 11-09-2009
Response Date: 11-09-2009
Tracking Number: 100055207848

FORM NUMBER: 1040

TAX PERIOD: Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER:            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
SPOUSE TAXPAYER IDENTIFICATION NUMBER:     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

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    0.00
ACCRUED INTEREST:                   0.00     AS OF: Jun. 29, 2009
ACCRUED PENALTY:                    0.00     AS OF: Jun. 29, 2009

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):      0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                         05  FILING STATUS: Married Filing Joint
ADJUSTED
GROSS INCOME:         315,639.00
TAXABLE INCOME:       295,861.00
TAX PER RETURN:        37,483.90
SE TAXABLE
INCOME TAXPAYER:           0.00
SE TAXABLE
INCOME SPOUSE:             0.00
TOTAL SELF
EMPLOYMENT TAX:            0.00

4-15-71
IRS form 8857
exhibit 4
pg 50 & 63

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
PROCESSING DATE

Apr. 15, 2005
May  30, 2005

TRANSACTIONS

8-8-16
Plaintiff response 8-8-16
EXHIBIT 3   PAGE 3 of 12
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

11-noun letter RE

m 1 A A

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150 | Tax return filed 07221-120-54116-5 | 20052008 | 05-30-2005 | $42,117.85 |
| 610 | Payment with return | | 04-17-2005 | -$37,883.90 |
| 196 | Interest charged for late payment | 20052008 | 05-30-2005 | $31.43 |
| 706 | Credit transferred in from 1040 200312 | | 04-15-2004 | -$1,000.00 |
| 706 | Credit transferred in from 1040 200312 | | 04-17-2005 | -$1,114.00 |
| 197 | Reduced or removed interest charged for late payment | | 06-13-2005 | -$10.77 |
| 670 | Payment | | 08-26-2005 | -$50.00 |
| 971 | Tax period blocked from automated levy program | | 10-24-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-08-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-08-2005 | $0.00 |
| 971 | Installment agreement established | | 10-26-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 11-18-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 01-18-2006 | $0.00 |
| 670 | Payment | | 01-27-2006 | -$2,225.66 |
| 196 | Interest charged for late payment | 20060608 | 02-20-2006 | $36.23 |
| 276 | Penalty for late payment of tax | 20060608 | 02-20-2006 | $98.82 |
| 670 | Payment | | 02-24-2006 | -$97.77 |
| 196 | Interest charged for late payment | 20061008 | 03-20-2006 | $51.21 |
| 846 | Refund issued | | 03-20-2006 | $46.66 |
| 776 | Interest credited to your account | | 03-20-2006 | -$0.10 |
| 971 | No longer in installment agreement status | | 03-20-2006 | $0.00 |
| 290 | Additional tax assessed 17254-560-05117-9 | 20092408 | 06-29-2009 | $0.00 |

This Product Contains Sensitive Taxpayer Data

To continue, select one of the following:
• Select *Previous* to navigate back to the previous page.
• Select *Print* to go to a printer friendly page.
• Select *Done* to return to the TDS main menu.

8-8-16
Plaintiff response
exhibiT 3
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

PAGE 4 of 12

Previous    Print    Done

4-15-11
IRS form 8857
exhibit 4

Account Transcript          1040 Dec. 31, 2004 LANG                    Page 1 of 2

# Internal Revenue Service
### United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

|                    |            |
|--------------------|------------|
| Request Date:      | 02-27-2014 |
| Response Date:     | 02-27-2014 |
| Tracking Number:   | 100184921270 |

FORM NUMBER:      1040

TAX PERIOD:    Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER:

SPOUSE TAXPAYER IDENTIFICATION NUMBER:

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Dec. 24, 2012 |
| ACCRUED PENALTY: | 0.00 | AS OF: Dec. 24, 2012 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                    0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| EXEMPTIONS: | 05 |
| FILING STATUS: | Married Filing Joint |
| ADJUSTED GROSS INCOME: | 315,639.00 |
| TAXABLE INCOME: | 295,861.00 |
| TAX PER RETURN: | 37,483.90 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

8-8-16
Plaintiff response
EXHIBIT 3      PAGE 5 of 12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

| | |
|---|---|
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Apr. 15, 2005 |
| PROCESSING DATE | May 30, 2005 |

```
TRANSACTIONS
```

CODE EXPLANATION OF TRANSACTION       CYCLE   DATE    AMOUNT

*S-714*
*Respondents Stipulated of Facts*
2/27/2014  *PG 25 of 29*

Docket No. 17267-13L
Exhibit 8-J

*5/15/14 Petitioner's Stipulation of Fact*
*Exhibit 9*
*Page 25 of 29*

Plaintiff response
EXHIBIY 3    PAGE 6 of 12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Account Transcript          1040 Dec. 31, 2004 LANG

Page 2 of 2

| 150 | Tax return filed | 20052008 05-30-2005 | $42,117.85 |
| n/a | 07221-120-54116-5 | | |
| 610 | Payment with return *by Gina* | 04-17-2005 | -$37,883.90 |
| 196 | Interest charged for late payment | 20052008 05-30-2005 | $31.43 |
| 706 | Credit transferred in from *by Gina* 1040 200312 | 04-15-2004 | -$1,000.00 |
| 706 | Credit transferred in from *by Gina* 1040 200312 | 04-17-2005 | -$1,114.00 |
| 197 | Reduced or removed interest charged for late payment | 06-13-2005 | -$10.77 |
| 670 | Payment *by Gina* | 08-26-2005 | -$50.00 |
| 971 | Tax period blocked from automated levy program | 10-24-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 10-08-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 10-08-2005 | $0.00 |
| 971 | Installment agreement established | 10-26-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | 11-18-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | 01-18-2006 | $0.00 |
| 670 | Payment | 01-27-2006 | -$2,225.66 |
| 196 | Interest charged for late payment | 20060608 02-20-2006 | $36.23 |
| 276 | Penalty for late payment of tax | 20060608 02-20-2006 | $98.82 |
| 670 | Payment *by Barney Langley* | 02-24-2006 | -$97.77 |
| 196 | Interest charged for late payment | 20061008 03-20-2006 | $51.21 |
| 846 | Refund issued *no proll of refund* | 03-20-2006 | $46.66 |
| 776 | Interest credited to your account | 03-20-2006 | -$0.10 |
| 971 | No longer in installment agreement status | 03-20-2006 | $0.00 |
| 290 | Additional tax assessed | 20092408 06-29-2009 | $0.00 |
| n/a | 17254-560-05117-9 | | |
| 971 | Innocent spouse claim received | 04-18-2011 | $0.00 |
| 400 | Transfer-out | 06-06-2011 | $0.00 |
| 402 | Transfer-in | 06-06-2011 | $0.00 |
| 971 | Balance transferred to split liability account | 06-20-2011 | $0.00 |
| 604 | Write-off of balance due *?* | 06-20-2011 | $0.00 |

This Product Contains Sensitive Taxpayer Data

*paid by Gina Langley*
*≤ 0 42273.56*

*S-7-14*
*Respondents Stipulation of Facts*
*pg 26 of 99*

2/27/2014

*exh 3*
*pg 64*

5/19/14 Petitioner's Stipulation of Fact
Exhibit 9
Page 26 of 99

Docket No. 17267-13L
Exhibit 8-J

Account Transcript          1040 Dec. 31, 2004 LANG          Page 1 of 2

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

## Account Transcript

Request Date:      02-27-2014
Response Date:     02-27-2014
Tracking Number:   100184921270

FORM NUMBER:    1040
TAX PERIOD:     Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER:
SPOUSE TAXPAYER IDENTIFICATION NUMBER:

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                                    0.00
ACCRUED INTEREST:                                   0.00   AS OF: Dec. 24, 2012
ACCRUED PENALTY:                                    0.00   AS OF: Dec. 24, 2012

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                      0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                                      05
FILING STATUS:                      Married Filing Joint
ADJUSTED GROSS INCOME:                   315,639.00
TAXABLE INCOME:                          295,861.00
TAX PER RETURN:                           37,483.90
SE TAXABLE INCOME TAXPAYER:                    0.00
SE TAXABLE INCOME SPOUSE:                      0.00
TOTAL SELF EMPLOYMENT TAX:                     0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)   Apr. 15, 2005
PROCESSING DATE                                               May  30, 2005

8-8-16
Plaintiff response
EXHIBIT 3  PAGE 7 of 12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

TRANSACTIONS

CODE EXPLANATION OF TRANSACTION          CYCLE DATE          AMOUNT

https://eup.eps.irs.gov/esrv/tds/request/tdsProductAction.do?method=productDetails          2/27/2014

Petitioners Objection
exhibit A pg 31 of 40
4-5-14

Docket No. 17267-13L
Exhibit K 3-4-14
Respondents Declaration

Account Transcript          1040 Dec. 31, 2004 LANG

Page 2 of 2

| Code | Description | | Date | Amount |
|---|---|---|---|---|
| 150 | Tax return filed | | 20052008 05-30-2005 | $42,117.85 |
| n/a | 07221-120-54116-5 | | | |
| 610 | Payment with return | *Gina paid* | 04-17-2005 ① | -$37,883.90 |
| 196 | Interest charged for late payment | | 20052008 05-30-2005 | $31.43 |
| 706 | Credit transferred in from 1040 200312 | *Gina paid* | 04-15-2004 | -$1,000.00 |
| 706 | Credit transferred in from 1040 200312 | *Gina paid* | 04-17-2005 | -$1,114.00 |
| 197 | Reduced or removed interest charged for late payment | | 06-13-2005 | -$10.77 |
| 670 | Payment | *Gina paid* | 08-26-2005 ① | -$50.00 |
| 971 | Tax period blocked from automated levy program | | 10-24-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-08-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-08-2005 | $0.00 |
| 971 | Installment agreement established | | 10-26-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 11-18-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 01-18-2006 | $0.00 |
| 670 | Payment | *Gina paid* | 01-27-2006 ① | -$2,225.66 |
| 196 | Interest charged for late payment | | 20060608 02-20-2006 | $36.23 |
| 276 | Penalty for late payment of tax | | 20060608 02-20-2006 | $98.82 |
| 670 | Payment | *Barney* | 02-24-2006 | -$97.77 |
| 196 | Interest charged for late payment | | 20061008 03-20-2006 | $51.21 |
| 846 | Refund issued | | 03-20-2006 | $46.66 |
| 776 | Interest credited to your account | | 03-20-2006 | -$0.10 |
| 971 | No longer in installment agreement status | | 03-20-2006 | $0.00 |
| 290 | Additional tax assessed | | 20092408 06-29-2009 | $0.00 |
| n/a | 17254-560-05117-9 | | | |
| 971 | Innocent spouse claim received | | 04-18-2011 | $0.00 |
| 400 | Transfer-out | | 06-06-2011 | $0.00 |
| 402 | Transfer-in | | 06-06-2011 | $0.00 |
| 971 | Balance transferred to split liability account | | 06-20-2011 | $0.00 |
| 604 | Write-off of balance due | | 06-20-2011 | $0.00 |

*Respondent po would not prove receipt?*

This Prod...

37,883.90 +
17267-13    1,000.00 +
*Respondent*    1,114.00 +
https://eup.eps.irs.gov/esrv/tds/reques...    50.00 +
*Clint Locke declaration Pahtras*    2,225.66 +
*Objection exhibit A pg 32 of 40*    42,273.56 *
*4-5-14*

2=138

uctDetails    2/27/2014

Docket No. 17267-13L
Exhibit K    3-4-14
*Respondent's Declaration*

5/19/14 Petitioner's Stipulation of Fact
Exhibit 8
Page 7 of

8-8-16
Plaintiff response
EXHIBIT 3   PAGE 9 of 12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Account Transcript          1040 Dec. 31, 2004 LANG                    Page 1 of 2


## Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

Request Date:      02-27-2014
Response Date:     02-27-2014
Tracking Number:   100184921270

FORM NUMBER:    1040
TAX PERIOD:     Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER:
SPOUSE TAXPAYER IDENTIFICATION NUMBER:

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                           0.00
ACCRUED INTEREST:                          0.00    AS OF: Dec. 24, 2012
ACCRUED PENALTY:                           0.00    AS OF: Dec. 24, 2012

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):             0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                                  05
FILING STATUS:               Married Filing Joint
ADJUSTED GROSS INCOME:            315,639.00
TAXABLE INCOME:                   295,861.00
TAX PER RETURN:                    37,483.90
SE TAXABLE INCOME TAXPAYER:             0.00
SE TAXABLE INCOME SPOUSE:               0.00
TOTAL SELF EMPLOYMENT TAX:              0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Apr. 15, 2005
PROCESSING DATE                                                May 30, 2005

```
                          TRANSACTIONS
```

CODE EXPLANATION OF TRANSACTION          CYCLE   DATE        AMOUNT

#100 is 10791 C
R 3c - 21- pg 26 Responcenls S 19-14 Motion to Dismiss
Petitioners Objection to R's motion to Dismiss
6-15-14
#12 pg 48                          pg 14(c) 15

Docket No. 27396-12
Exhibit A

8-8-16
Plaintiff response
EXHIBIT 3   PAGE 10 of 12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*[handwritten annotations, top right]* pg 80 of 65 AP911 complaint
attachment 12 2-5-16 USCFC
11-9-15
15-69-29
Page 2 of 2

Account Transcript          1040 Dec. 31, 2004 LANG

| Code | Description | | Date | Amount | |
|---|---|---|---|---|---|
| 150 | Tax return filed | | 20052008 05-30-2005 | $42,117.85 | |
| n/a | 07221-120-54116-5 | | | | |
| 610 | Payment with return | | 04-17-2005 (I) | -$37,883.90 | by Gina Langley |
| 196 | Interest charged for late payment | | 20052008 05-30-2005 | $31.43 | |
| 706 | Credit transferred in from 1040 200312 | | 04-15-2004 (I) | -$1,000.00 | by Gina Langley |
| 706 | Credit transferred in from 1040 200312 | | 04-17-2005 (I) | -$1,114.00 | by Gina Langley |
| 197 | Reduced or removed interest charged for late payment | | 06-13-2005 | -$10.77 | where is ck? |
| 670 | Payment | | 08-26-2005 (I) | -$850.00 | by Gina Langley |
| 971 | Tax period blocked from automated levy program | | | | |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-24-2005 | $0.00 | |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-08-2005 | $0.00 | |
| 971 | Installment agreement established | | 10-08-2005 | $0.00 | |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-26-2005 | $0.00 | |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 11-18-2005 | $0.00 | |
| 670 | Payment | | 01-18-2006 | $0.00 | |
| | | | 01-27-2006 (I) | -$2,225.66 | By Gina Langley |
| 196 | Interest charged for late payment | | 20060608 02-20-2006 | $36.23 | |
| 276 | Penalty for late payment of tax | | 20060608 02-20-2006 | $98.82 | |
| 670 | Payment | | 02-24-2006 1 | -$97.77 | By Barney Langley |
| 196 | Interest charged for late payment | | | | |
| 846 | Refund issued | | 20061008 03-20-2006 | $51.21 | no proof of refund to Gina Langley |
| 776 | Interest credited to your account | | 03-20-2006 | $46.66 | |
| 971 | No longer in installment agreement status | | 03-20-2006 | -$0.10 | |
| 290 | Additional tax assessed | | 03-20-2006 | $0.00 | |
| n/a | 17254-560-05117-9 | | 20092408 06-29-2009 | $0.00 | |
| 971 | Innocent spouse claim received | | | | |
| 400 | Transfer-out | | 04-18-2011 | $0.00 | |
| 402 | Transfer-in | | 06-06-2011 | $0.00 | |
| 971 | Balance transferred to split liability account | | 06-06-2011 | $0.00 | |
| 604 | Write-off of balance due | | 06-20-2011 | $0.00 | |
| | | | 06-20-2011 | $0.00 | |

This Product Contains Sensitive Taxpayer Data

*[handwritten left margin]* -triangle? see check next page were is ck 5007 recorded? $1114.00?

*[handwritten right]* Complaint 1-8-16 attachment C pg 4 of 48

*[handwritten lower left]* 11-9-15 15-69-29 attachment #12 pg 49

https://eup.eps.irs.gov/esrv/tds/requests/TdsProductAction.do?method=productDetails   2/27/2014

2004 paid by Glagly $2012,273.56 99.5
9777.5
paid by B. Langley   42371.33
46.66.5

Respondents s.9.11 Motion to Dismiss
Petition as Objection to R's Motion to Dismiss Refund.
6-15-11
#15-10791E   Exhibit two
R-3C-21 pg 27
DX 15-69 15

Docket No. 27396-12
Exhibit A



# Internal Revenue Service
## United States Department of the Treasury

8-8-16
Plaintiff response
EXHIBIT 3
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

PAGE 11 of 12

---

This Product Contains Sensitive Taxpayer Data

# Account Transcript

| | |
|---|---|
| Request Date: | 08-18-2014 |
| Response Date: | 08-18-2014 |
| Tracking Number: | 100209400564 |

FORM NUMBER:        1040

TAX PERIOD:        Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER:         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
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  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

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Dec. 24, 2012 |
| ACCRUED PENALTY: | 0.00 | AS OF: Dec. 24, 2012 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):        0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| EXEMPTIONS: | 05 |
| FILING STATUS: | Married Filing Joint |
| ADJUSTED GROSS INCOME: | 315,639.00 |
| TAXABLE INCOME: | 295,861.00 |
| TAX PER RETURN: | 37,483.90 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Apr. 15, 2005
PROCESSING DATE                                                  May  30, 2005

---

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|

17267-13
T-12

Pg Tpo 11 c] 38
a) petitioner 2nd Amended
Regince
En 11-25-14
byGina

8-8-16
Plaintiff response
EXHIBIT THREE PAGE 12 of 13
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

| 150 | Tax return filed | 20052008 05-30-2008 | $42,117.85 |
| n/a | 07221-120-54116-5 | | |
| 610 | Payment with return | by Gina 04-17-2005 ① | -$37,883.90 |
| 196 | Interest charged for late payment | 20052008 05-30-2005 | $31.43 |
| 706 | Credit transferred in from 1040 200312 | By Gina 04-15-2004 ① | -$1,000.00 |
| 706 | Credit transferred in from 1040 200312 | By Gina 04-17-2005 ① | -$1,114.00 |
| 197 | Reduced or removed interest charged for late payment | 06-13-2005 | -$10.77 |
| 670 | Payment | By Gina 08-26-2005 ① | -$50.00 |
| 971 | Tax period blocked from automated levy program | 10-24-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 10-08-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | 10-08-2005 | $0.00 |
| 971 | Installment agreement established | 10-26-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | 11-18-2005 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | 01-18-2006 | $0.00 |
| 670 | Payment | By Gina 01-27-2006 ① | -$2,225.66 |
| 196 | Interest charged for late payment | 20060608 02-20-2006 | $36.23 |
| 276 | Penalty for late payment of tax | 20060608 02-20-2006 | $98.82 |
| 670 | Payment | 02-24-2006 ② | -$97.77 from Bar... |
| 196 | Interest charged for late payment | 20061008 03-20-2006 | $51.21 |
| 846 | Refund issued | 03-20-2006 ② | $46.66 to Barney |
| 776 | Interest credited to | 03-20-2006 ② | -$0.10 to Barny |
| 971 | No longer in installme... | 03-20-2006 | $0.00 |
| 290 | Additional tax assesse... | 092408 06-29-2009 | $0.00 |
| n/a | 17254-560-05117-9 | | |
| 971 | Innocent spouse claim | 04-18-2011 | $0.00 |
| 400 | Transfer-out | 06-06-2011 | $0.00 |
| 402 | Transfer-in | 06-06-2011 | $0.00 |
| 971 | Balance transferred to | 06-20-2011 | $0.00 |
| 604 | Write-off of balance d... | 06-20-2011 | $0.00 |

This P...ayer

Gina
37,333.33 +
1,033.33 +
1,114.33 +
53.33 +
2,225.66 +
42,113.33 ÷

91.77 +
43.33 -
0.10 +
51.21 ×

Barney
41,273.33 ÷
42,117.33 =
1.0133 ○
1.0133 ÷

17267-13
T- 11

K pg 13

# 12 pg 61

# UNITED STATES TAX COURT
## DOCKET ENTRIES

**Docket No.** 027396-12 / 2001

Gina Brasher Langley

v. COMMISSIONER OF INTERNAL REVENUE

8-8-16
Plaintiff response
EXHIBIT Four. PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campb

Petitioner Counsel (Total 01)

PRO SE

Respondent Counsel (Total 02)

LC0405 Locke, Clint J.
801 Tom Martin Drive
Room 257
Birmingham, AL 35211

FT0140 Friday, Thomas Alan
801 Tom Martin Drive
Room 257
Birmingham, AL 35211

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0001 | 11/09/2012 | PF | PETITION Filed:Fee Paid | | R 11/23/2012 | |
| 0002 | 11/09/2012 | REQT | REQUEST for Place of Trial at Birmingham, AL | | R 11/23/2012 | |
| 0003 | 12/05/2012 | A | ANSWER by resp. | | P 12/11/2012 | |
| 0004 | 08/12/2013 | MOTP | MOTION by petr. for leave to filed amended reply. | DN 08/22/2013 | B 08/23/2013<br>B 08/22/2013 | |
| 0005 | 08/12/2013 | MISL | Amended Reply (LODGED). | | B 08/22/2013 | |
| 0006 | 01/15/2014 | NTD | NOTICE of Trial on 5/19/2014 at Birmingham, AL. | | B 01/15/2014 | |
| 0007 | 01/15/2014 | SPTO | STANDING PRE-TRIAL ORDER attached to Notice of Trial | | B 01/15/2014 | |
| 0008 | 01/24/2014 | M115 | MOTION FOR LEAVE TO FILE NOTICE OF FILING OF PETITION AND RIGHT TO INTERVENE ON BARNEY L. LANGELY 01/24/2014 by Resp. | GRM 01/27/2014 | P 01/24/2014 | |
| 0009 | 01/24/2014 | MISL | NOTICE OF FILING OF PETITION AND RIGHT TO INTERVENE ON BARNEY L. LANGELY 01/24/2014 by Resp. (ELODGED) (C/S 01/24/14) | | P 01/24/2014 | |
| 0010 | 01/27/2014 | GRM | GRANTED RESP'S. MOTION FOR LEAVE TO FILE NOTICE OF FILING OF PETITION AND RIGHT TO INTERVENE ON BARNEY L. LANGELY 01/24/2014 | | B 01/28/2014 | |
| 0011 | 01/27/2014 | NIS | NOTICE OF FILING OF PETITION AND RIGHT TO INTERVENE ON BARNEY L. LANGLEY 1/28/2014 by Resp. | | P 01/28/2014 | |
| 0012 | 02/20/2014 | M073 | MOTION TO DISMISS FOR LACK OF JURISDICTION by Resp. (EXHIBITS) (OBJECTION) | ORD 11/12/2014 | P 02/20/2014 | |
| 0013 | 02/20/2014 | M120 | MOTION TO VACATE ORDER DATED JANUARY 27, 2014 by Petr. Gina Brasher Langley (C/S 02/10/14) (ATTACHMENTS) | MNA 02/24/2014 | C 02/24/2014 | |
| 0014 | 02/24/2014 | ADED | FIRST AMENDED MOTION TO VACATE ORDER DATED JANUARY 27, 2014 by Petr. Gina Brasher Langley (C/S 02/10/14) (ATTACHMENTS) | ORD 02/25/2014 | C 02/25/2014 | |

05/22/2015

il pg 1

Docket No.   027396-12

INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0015 | 02/25/2014 | O | ORDER PETR. BY 3/18/14 FILE AN OBJECTION TO RESP'S MOTION TO DISMISS FOR LACK OF JURISDICTION. PETR'S OBJECTION TO FILING OF PETITION AND RIGHT TO INTERVENE ON BARNEY J. LANGLEY & MOTION FOR RELIEF FILED 2/20/14 IS RECHARACTERIZED AS PETR'S MOTION TO VACATE ORDER DATED 1/27/14. PETR'S OBJECTION TO FILING OF PEITION AND RIGHT TO INTERVENE ON BARNEY J. LANGLEY & MOTION FOR RELIEF FILED 2/24/14 IS RECHARACTERIZED AS PETR'S AMENDED MOTION TO VACATE ORDER DATED 1/27/14. PETR'S AMENDED MOTION TO VACATE ORDER DATED 1/27/14 IS DENIED. | | B   02/26/2014 | |
| 0016 | 03/20/2014 | OBJ | OBJECTION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION FOR RELIEF by Petr. Gina Brasher Langley (C/S 03/17/14) | | C   03/26/2014 | |
| 0017 | 04/11/2014 | O | ORDER SET 5/19/14 BIRMINGHAM, AL FOR HEARING ON RESP. MOTION TO DISMISS FOR LACK OF JURISDICTION. | | B   04/14/2014 | |
| 0018 | 04/29/2014 | PMT | PRETRIAL MEMORANDUM by Resp. (C/S 04/29/14) | | C   04/29/2014 | |
| 0019 | 05/09/2014 | PMT | PRETRIAL MEMORANDUM by Petr. Gina Brasher Langley (C/S 05/05/14) | | C   05/09/2014 | |
| 0020 | 05/19/2014 | HEAR | HEARING BEFORE JUDGE COHEN AT BIRMINGHAM, AL. RESP. 2-20-14 MOTION TO DISMISS OF LACK OF JURISDICTION -- C.A.V. RESP. 5-19-14 MOTION TO DISMISS OF LACK OF JURISDICTION -- C.A.V. | CAV  05/19/2014 | | |
| 0021 | 05/19/2014 | M073 | MOTION TO DISMISS FOR LACK OF JURISDICTION by Resp. (C/S 05/19/14) (EXHIBITS) | ORD  11/12/2014 | C   06/02/2014 | |
| 0022 | 06/23/2014 | OBJ | OBJECTION TO MOTION TO DISMISS FOR LACK OF JURISDICTION & MOTION FOR RELIEF, MOTION FOR SANCTIONS AGAINST THE RESPONDENT & MOTION FOR REIMBURSEMENT OF DAMAGES BY RESPONDENT by Petr. Gina Brasher Langley (C/S 06/18/14) (EXHIBITS) | ORD  11/12/2014 | C   06/27/2014 | |
| 0023 | 07/09/2014 | TRAN | TRANSCRIPT OF MAY 19, 2014 RECEIVED. (CALENDAR CALL) | | | |
| 0024 | 11/12/2014 | O | ORDER THAT SO MUCH OF PETR'S. OBJECTION FILED 6/23/14 THAT IS A MOTION FOR RELIEF, MOTION FOR SANCTIONS AGAINST THE RESPONDENT & MOTION FOR REIMBURSEMENT OF DAMAGES IS DENIED. | | B   11/12/2014 | |
| 0025 | 11/12/2014 | OD | ORDER OF DISMISSAL ENTERED, JUDGE COHEN. RESP'S. MOTION TO DISMISS FOR LACK OF JURISDICTION FILED 5/19/14 IS GRANTED.  RESP'S. MOTION TO DISMISS FOR LACK OF JURISDICTION FILED 2/20/14 IS DEEMED MOOT.  THIS CASE IS DISMISSED FOR LACK OF JURISDICTION. | | B   11/12/2014 | |
| 0026 | 11/25/2014 | M120 | MOTION TO VACATE ORDER OF DISMISSAL by Petr. Gina Brasher Langley (C/S 11/12/14) | DNM  11/26/2014 | B   11/26/2014 | |
| 0027 | 11/26/2014 | DNM | DENIED MOTION TO VACATE ORDER OF DISMISSAL by Petr. Gina Brasher Langley | | B   11/26/2014 | |

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT  *tar*   Page 2 of
No. 1:16-cv-00206-PEC                12
Chief Judge Patricia E. Campbell-Smith

**Docket No.** 027396-12

INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| | | | APPELLATE PROCEEDINGS | | | |
| 0028 | 02/13/2015 | NOAP | NOTICE OF APPEAL BY PETR(S). TO U.S.C.A. 11TH CIR. (FEE PD.) (C.A.#15-10791) (C/S 02/07/15) (EXHIBIT) | | B 02/18/2015 | C |
| 0029 | 02/18/2015 | NOFC | NOTICE OF FILING W/ COPY OF NOT. OF APP. SENT TO THE PARTIES. | | B 02/18/2015 | C |
| 0030 | 03/16/2015 | ROA | RECORD ON APPEAL MAILED TO CLERK,U.S.C.A. 11TH CIR. (1 VOL. OF REC.) | | | |

8-8-16
Plaintiff response 8-8-16
EXHIBIT _lou_   PAGE _3.1_
No. 1:16-cv-00206-PEC   _12_
Chief Judge Patricia E. Campbell-Smith

05/22/2015

UNITED STATES TAX COURT
400 SECOND STREET, N.W.
WASHINGTON, D.C.  20217

November 23, 2012

## NOTIFICATION OF RECEIPT OF PETITION

**Docket No.:**       27396-12

**Name of Case:**    Gina Brasher Langley

v. COMMISSIONER OF INTERNAL REVENUE

The Court received and filed your petition on November 09, 2012 and served it on respondent on
November 23, 2012.

(X) Filing Fee Paid.

(X) Request for Place of Trial at Birmingham, AL.

<u>Your Docket Number</u>:  Include the docket number given above for your case on all papers and
correspondence that you send to the Tax Court.  Do not include your Social Security or Taxpayer
Identification numbers on any documents you file with the Court, except on Form 4.

<u>For Further Information by Mail</u>:  To receive a booklet and a DVD with  information about proceeding
in the Tax Court, complete and return the enclosed card or write the Clerk of the Court at the address
above.

<u>Internet Access</u>:  If you have Internet access, you may obtain information on the Tax Court's Web site
at www.ustaxcourt.gov and selecting "Taxpayer Information".

<u>eAccess and eFiling</u>:  Information about how to register for eAccess is attached.

<u>Change of Address</u>:  You must notify the Clerk of the Court if you change your address.  See Tax
Court Form 10, Notice of Change of Address, under "Forms" on the Tax Court's Web site.  Failure to
notify the Clerk of the Court of a change of your address can mean you do not receive notices and
documents essential to your case and can lead to dismissal of your case.

Robert R. Di Trolio
Clerk of the Court

Pro Se:

Gina Brasher Langley
700 Oak Street
Neptune Beach, FL 32266

*(handwritten annotations):*
27396-12
P SOF
5-19-14
Exhibit

8-8-16
Plaintiff response
exhibiT
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith
PAGE 4A

R3h- PF-00 pg 46      pg 46 #1510791C

*(left margin vertical text):*
5/19/14 Petitioner's Stipulation of F
Exhibit 3
Page 1 of 23

UNITED STATES TAX COURT

www.ustaxcourt.gov

8-8-16
Plaintiff response
EXHIBIT *four* PAGE 5
No 1:16-cv-00206-PEC *of 12*
Chief Judge Patricia E. Campbell-Smith

(FIRST)     (MIDDLE)          (LAST)

*Gina Bracker Langley*

(PLEASE TYPE OR PRINT)                     Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

                                      Respondent

Docket No.

PETITION

1.  Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☒ Notice of Deficiency

☒ Notice of Determination Concerning Your Request for Relief
From Joint and Several Liability.  (If you requested relief from joint and
several liability but the IRS has not made a determination, please see the
Information for Persons Representing Themselves Before the U.S. Tax
Court booklet or the Tax Court's Web site.)

☐ Notice of Determination
Concerning Collection Action      ☐ Notice of Determination Concerning Worker Classification

2.  Provide the date(s) the IRS issued the NOTICE(s) checked above and the city and State of the IRS office(s)
issuing the NOTICE(S): *① # 0297232112 8-27-12 exhibit one pgs one and two*
*two*
3.  Provide the year(s) or period(s) for which the NOTICE(S) was/were issued: *2004 & 2010*   *② Case 0757962319 10-17-12 exhibit two pp 1-2 ③ #0297484711*
*10-22-1*
4.  SELECT ONE OF THE FOLLOWING:

If you want your case conducted under small tax case procedures, check here:     ☐  **(CHECK**
If you want your case conducted under regular tax case procedures, check here:   ☒  **ONE BOX)**

NOTE:  A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer
or the IRS.  If you do not check either box, the Court will file your case as a regular tax case.

5.  Explain why you disagree with the IRS determination in this case (please list each point separately):

*After taking into account all facts and circumstances it would*
*be inequitable to hold Gina Langley liable for my x spouses 1/2*
*share of marital debt 1040 tax due to an abstract deadline*
*that expired prior to the rendition of a Final Order in the*
*dissolution of marriage. Tax that was due on the capital*
*gain of investment property sold after filing for divorce*
*but prior to a rendition of a Final Order on the dissolution*
*of marriage. Points of disagreement one thru sixteen*
*are attached as exhibit 4 pages one thru four.*

*3h*

*R - 10 PF - 00*   *pg. 44*

T.C. FORM 2 (REV. 5/11)

*# 15 10791C*

6. State the facts upon which you rely (please list each point separately):

(1) It is a violation of Fl Statue 837.021 (Perjury by contradictory statements) that I paid $42,273.56 in marital 1040 tax in 2005 and 2006 while the state of Florida has ordered in the Final Order of the Dissolution of Marriage that I paid no debt from August 2004 thru July 2006.

(2) Statements, official transcripts motions, in 13 State of Florida Court cases, 2 federal cases, 2 appeals, 1 motion to the Florida Supreme Court since 2004, thru the present.

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts. <u>Please do not submit tax forms, receipts, or other types of evidence with this petition.</u>**

ENCLOSURES:  Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☒ A copy of the Determination or Notice the IRS issued to you   exhibits one thru three

☒ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☒ The Request for Place of Trial (Form 5)        ☒ The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will <u>not</u> be part of the Court's public files. All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will become part of the Court's public files. To protect your privacy, you are <u>strongly</u> encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov.

_Gina Brasher Loby_          11-4-12          (904) 469-4397
SIGNATURE OF PETITIONER          DATE          (AREA CODE) TELEPHONE NO.

700 Oak St                        Neptune Beach Fl 32266
MAILING ADDRESS                   CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address):  Florida

_____                    _____
SIGNATURE OF ADDITIONAL PETITIONER (e.g., SPOUSE)   DATE          (AREA CODE) TELEPHONE NO.

_____
MAILING ADDRESS

State of legal residence (if different from the mailing address): _____

8-8-16
Plaintiff response
EXHIBIY four   PAGE 6
No 1:16-cv-00206-PEC  of 12
Chief Judge Patricia E. Campbell-Smith

_____       _____
SIGNATURE OF COUNSEL, IF RETAINED BY PETITIONER(S)   NAME OF COUNSEL          TAX COURT BAR NO.

_____       _____
MAILING ADDRESS, CITY, STATE, ZIP CODE          DATE          (AREA CODE) TELEPHONE NO.

R-317 PF -  ⊕          pg45 YM6 #1510791C

IRS Department of the Treasury
Internal Revenue Service
P. O. Box 12267, Stop 840F
Covington  KY  41012

In reply refer to:  0297222112
Aug. 27, 2012  LTR 3657C  EO
76  200412  30
00017525
BODC: WI

GINA B LANGLEY

8-8-16
Plaintiff response
EXHIBIT *focus* PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith



025417

Social Security Number:          76
                                 35
Form:  1040
Tax Year(s):  2004

Contact Person:  Mrs. Ryan
Employee Identification Number:  1000197722
Contact Telephone Number:  1-866-897-4270 ext 8125
FAX Number:  859-669-3717

Dear Taxpayer:

We received Form 8857, Request for Innocent Spouse Relief. You didn't
meet the basic eligibility requirements because:

Our records show no amount is currently owed for the tax year(s)
2004.

You can do the following to get additional information:

-  Review Publication 971, Innocent Spouse Relief. (Visit www.irs.gov
   or call 1-800-TAXFORM to get a copy of this publication.)

-  Call the contact person shown on the first page of this letter
   between 6:30 a.m. and 3:00 p.m.(ET), or

X  Write to us at the address on the first page of this letter.

Please include a copy of this letter and a daytime phone number with
the best time to call you.

Daytime phone number     (    ) _____

Best time to call during the day: _____

Remember to keep a copy of this letter for your records.

il- 412 Tax Petition
exhibit one
page one of two



**IRS** Department of the Treasury
Internal Revenue Service

WI

ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

Date:
**OCT. 17, 2012**

71617617928367862944

Taxpayer Identification Number:
█76      C 01

Case Reference Number:
0757962319

Caller ID:          709806



GINA B LANGLEY

Contact Telephone Number:
TOLL FREE:   1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM LOCA
ASISTENCIA EN ESPANOL 1-800-829-76

001645

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

## WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

## WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
- Pay the full amount you owe, shown on the back of this letter. When doing so,
  - Please make your check or money order payable to the United States Treasury;
  - Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
- Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
- Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

## WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope

*257270076103*

11-4-12 Tax Petition
exhibit two
page ██ c) two
one

8-8-16
Plaintiff response
EXHIBIT *two*   PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

page two of 10/17/2012
letter via cm 7161 7617 9283678629 44

**Pay By Date:**   11-20-2012

5/19/14 Petitioner's Stipulation of Fact
Exhibit 8
Page 48 of

| Account Summary | | GINA B LANGLEY | | | | XXX-XX-0076 |
|---|---|---|---|---|---|---|
| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | | Total |
| 1040 | 12-31-2006 | $ 109.35 | $ 12.13 | $ 0.00 | $ | 121.48 |
| 1040 | 12-31-2008 | 865.30 | 100.35 | 133.92 | | 1,099.57 |
| 1040 | 12-31-2009 | 2,856.48 | 144.10 | 374.38 | | 3,374.96 |
| 1040 | 12-31-2010 | 587.58 | 29.16 | 99.47 | | 716.21 |

where is
refund?
line 84b
exhibit A
page 339.40 ?
ck-stabs

incorrect

| Type of Tax | Period Ending | | Total Amount Due | $ | 5,312.22 |
|---|---|---|---|---|---|
| | | | Name of Return | | |

8-8-16
Plaintiff response
EXHIBIT four   PAGE 73
No 1:16-cv-00206-PEC   4/3
Chief Judge Patricia E. Campbell-Smith

11-4-12 Tax Petition
exhibit two
page two of two.

17267-13
Respondents Declaration, Petitioners
objection
exhibit A pg 6 of 40
4-5-14

Department of the Treasury -- Internal Revenue...
Respondents Declaration
Docket No. 17267-13L
Exhibit A

IRS Department of the Treasury
Internal Revenue Service
P.O. Box 120053, Stop 840F
Covington  KY  41012

In reply refer to:  0297404711
Oct. 22, 2012  LTR 3657C  EO
   76  200412 30
                    00014105
                  BODC: WI

GINA B LANGLEY

8-8-16
Plaintiff response
EXHIBIT *four*  PAGE *10*
No 1:16-cv-00206-PEC  *12*
Chief Judge Patricia E. Campbell-Smith

017360

        Social Security Number:        76

                Form:  1040
        Tax Year(s):  2004

        Contact Person:  Mrs. Larison
Employee Identification Number:  1000196203
Contact Telephone Number:  1-866-897-4270 X8156
        FAX Number:  1-855-277-9040

Dear Taxpayer:

Thank you for your correspondence received 09262012.

There is currently no amount owed and we have made no additional
assessments for tax year(s) 2004. If in the future you are
contacted regarding any changes to your return, that will result in a
balance due, you may re-file the Form 8857, Request for Innocent
Spouse Relief.

Per IRC Section 6511 , a claim for a refund must be filed by the
taxpayer within 3 years from the time the return was filed or 2 years
from the time the tax was paid, whichever of such periods expire
later.  Your 2004 return was filed on April 15, 2005 and the tax was
paid February 24, 2006.  You filed your Form 8857 on June 5, 2009,
which was after the claims period had expired.

You can do the following to get additional information:

-  Review Publication 971, Innocent Spouse Relief. (Visit www.irs.gov
   or call 1-800-TAXFORM to get a copy of this publication.)

-  Call the contact person shown on the first page of this letter
   between 7:30 a.m. and 4:30 p.m.(ET), or

-  Write to us at the address on the first page of this letter.

Please include a copy of this letter and a daytime phone number with
the best time to call you.

Daytime phone number      (    ) _____

                    11-4-12 Tax Petition
                    exhibit three

RECEIVED

DEC 05 2012
10:33 AM

SEC

US TAX COURT
eFILED

DEC 05 2012

UNITED STATES TAX COURT

GINA BRASHER LANGLEY,        )
                            )
            Petitioner,      )
                            )
        v.                   )    Docket No.  27396-12
                            )
COMMISSIONER OF INTERNAL REVENUE,  )   Filed Electronically
                            )
            Respondent.      )
                            )

8-8-16
Plaintiff response
EXHIBIT four    PAGE 11 A12
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

ANSWER

RESPONDENT, in answer to the petition filed in the above-
entitled case, admits and denies as follows:

1.    Denies respondent sent petitioner a Notice of
Deficiency or Notice of Determination.

2.    Denies a Notice was sent; admits respondent issued
Letters 3657C on August 27, 2012, and October 22, 2012.

3.    Denies.

4.    No response needed.

5.    Denies for lack of sufficient information all
allegations in paragraph and attached exhibit.



6.    Denies for lack of sufficient information.

7.    Denies generally each and every allegation of the
petition not herein specifically admitted, qualified or denied.

3-13-14
2939

1-8-16
complaint attachment C
pg 11 & 48
2 pg 302

3-13-14
27396-12
Petitioners Objection
exhibit K
page one of two

SERVED Dec 11 2012

5/19/14 Petitioner's Stipulation of Fact
Exhibit 4
Page 49 of 62

Docket No. 27396-12                    - 2 -

8-8-16
Plaintiff response
EXHIBIY *four*   PAGE *120*
No 1:16-cv-00206-PEC        *12*
Chief Judge Patricia E. Campbell-Smith

WHEREFORE, it is prayed that the relief sought in the petition be denied.

                                    WILLIAM J. WILKINS
                                    Chief Counsel
                                    Internal Revenue Service

Date: 12/05/2012                    By: _John F. Driscoll_

                                    JOHN F. DRISCOLL
                                    Associate Area Counsel
                                    (Small Business/Self-Employed)
                                    Tax Court Bar No. DJ0797

Date: 12/05/2012                    _Clint Locke_

                                    CLINT J. LOCKE
                                    Attorney
                                    (Small Business/Self-Employed)
                                    Tax Court Bar No. LC0405
                                    801 Tom Martin Dr
                                    Rm 257
                                    Birmingham, AL 35211
                                    Telephone: (205) 912-5465        A/3'/9

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
ELLEN T. FRIBERG
Area Counsel
(Small Business/Self-Employed:Area 3)

1-8-16
Complaint
attachment c
pg 12 of 18

27396-12
Respondent's Answer to Petitioner
12-5-12

Petition.

3|3|14
27396-12
Petitioners Objection
Exhibit K
pg 2 of two

2 pg 303

ex4

5/19/14 Petitioner's Stipulation of Fact
Exhibit 4
Page 50 of 62

*(handwritten, top right)* 168-12
29376-12 IRS
tax petition    exhibit A
pg 1 of 48

*(handwritten, boxed right)* pg 20 of 22
Motion for Contempt
11/26/08

Gina Langley
1418 Pinewood Rd.
Jacksonville Beach, Fl. 32250

~~December 15, 2006~~ *and* (November 25, 2008)

Internal Revenue Service
Atlanta Ga. 39901-0002

*(handwritten right)* 4-15-09 11
IRS Form 8857
pg 12 of 63

Re: Internal Revenue Service Ruling
      Ss # ████████6
      Ss# ████████5

        1120 S corp ID no: ████████4

*(handwritten right)* 8-8-16
Plaintiff response 8-8-16
EXHIBIT ██ PAGE one of
No. 1:16-cv-00206-PEC      10
Chief Judge Patricia E. Campbell-Smith

To Whom it may concern:

     In 1995 Monroe Smith, and Langley Mechanical Contractors was formed, in part
. by a $25,000.000 check written by Jerry Brasher, the father of ████████.

     On 11/29/04 that corporation, EI # ████████4, was dissolved.

     On June 26, 2006 a final judgment in the dissolution of marriage was entered for
████████6 and ████████5.  That final order is in appeal.

     In that order, it states that ████████35. ████████
claims the $25,000.00 was a gift. From 1995 through 2005 #████████6 and #████
██35 filed joint federal 1040 tax returns.  No gift was ever claimed on any tax return and
████, the daughter of Jerry Brasher, contends that the $25,000.00 was a loan.
Jerry Brasher has the cancelled check  (the memo of that cancelled does not say it was a
gift).  Jerry Brasher contends that he is also due interest at the prime rate plus 1 ½ % on
that loan. *(handwritten)* The capital contribution was cleary noted in the balance
sheet of the corporation.

     In 1997, ████████5, purchased all the shares of MSL corporation. #████
██6 was never paid any money for her shares.

*(handwritten left)* 9-10-12
IRS
exhibit C
pg 2973
tax
advising
group

*(handwritten right)* 5/10
10/10

     For 2005, #████████076 plans to file married but filing separately. ~~However, is~~ *but can't fi*
~~unclear how to treat her loss on the sale of the corporation, or should the joint 2004~~
~~federal 1040 be amended to correctly reflect the accumulated adjustments account, and~~
~~loss on the sale of the corporation as well as the loan/ investment in the corporation.~~

*(handwritten)* Because Barney Langley's claim of a 25000 gift ~~that~~ was never

*(handwritten)* it was recorded as capital stock

*(handwritten bottom)* reported as income. The final Order of the Dissolution
of Marrige states "the parties are jointly
responsible for any tax consequences of Business
dealings." The 25000.00 was a loan that Jerry
Brasher claims is secured by 700 Oak St Neptune Beach

SUZANNE WORRALL GREEN, P.A.

@ 001

*(handwritten: appendix A pg 45)*
*(handwritten: Complaint 2-8-16 USCFC)*

# SUZANNE WORRALL GREEN, P.A.
4300 Marsh Landing Blvd., Suite 203
Jacksonville Beach, Florida 32250
(904) 280-8770

*(handwritten: 19 count services 12/23/08)*

Suzanne W. Green, P.A. ⁴

Certified Family Mediator

*(handwritten/circled: June 8, 2005)*

Jamie M. Mazzeo, LA

Via Facsimile
E. Warren Parker, Jr.
8777 San Jose Blvd. Suite 301
Churchill Park
Jacksonville, Florida 32217

*(handwritten: 733-2919)*

Re:        Langley v. Langley
Case No.:  16-2004-DR-009042
Division:  FM-E

*(handwritten: 8-8-16
Plaintiff response
EXHIBIT Av2     PAGE 24
No 1:16-cv-00206-PEC     10
Chief Judge Patricia E. Campbell-Smith)*

Dear Chip:

To date, I have not received a response from you with regard to my letter to you dated May 25, 2005, and the proposed partial distribution of escrowed funds. I have also not received a response to my client's request for copies of the cancelled checks for the payments to the Internal Revenue Service for the 2003 and 2004 taxes or a copy of the 1040s for 2004. Because of the lack of response, Mr. Langley had no other choice but to pay for the down payment on his son's surgery for which he should be reimbursed.

Therefore, in an effort to reduce the parties' debt liability, including a recent tax liability for 2004 because of an apparent error that Mrs. Langley made on the tax returns, he proposes the following distribution from the parties' escrowed monies which currently totals $79,163.92.

*(handwritten: already paid Gina Langley's attorney on christmas sue checks pg 8)*

| | | |
|---|---|---|
| 1. | Internal Revenue Service 2003 Income Tax | $ 914.00 |
| 2. | Internal Revenue Service 2004 Income Tax | $37,493.90 |
| 3. | Internal Revenue Service 2004 Error on Income Tax Return | $ 4,265.38 |
| 4. | 2004 Property Taxes on 700 Oak Street | $ 2,348.29 |
| 5. | Onyx Acceptance Corporation 2000 Jeep Wrangler | $12,848.45 |
| 6. | Oral Surgeon Michael W. Kessler, DDS | $ 2,070.00 |
| 7. | Home Depot Credit Card (Mr. Langley's) | $ 2,353.49 |
| 8. | Home Depot Credit Card (Mrs. Langley's) | $ 8,278.49 |
| 9. | Lowe's Credit Card | $ 2,479.59 |

$77,641.59

*(handwritten: 4-15-11 IRS Form e85? exhibit 4 pg 56 of 1)*

*(handwritten: 5/9/07 attachment D pg 25 d 25
pg 85 d 53)*

Page ____ of ____ of the mother's
Motion 3/16/07
Re: case 1DO6-3851
Re: 16-2004-DR-9042-FMXX
Attachment 19 page 5 of 53

*(handwritten: 4/33/07 b: ???
motion to b: ?/?/19
pg ?/?/19)*

*(handwritten: complaint 9/12/08 pg 16 of 37)*

*(handwritten: 5-27-09
0-1     11-10-09 letter IRS
pg 14 ?@16)*

## SUZANNE WORRALL GREEN, P.A.
4300 Marsh Landing Blvd., Suite 203
Jacksonville Beach, Florida 32250
(904) 280-8770

Suzanne Worrall Green, Esquire*

Janie M. Mazzeo, LA
Sharon Bass, Paralegal

* Certified Family Mediator

October 17, 2005

733-2919

U.S. Mail & Facsimile
E. Warren Parker, Jr.
8777 San Jose Blvd. Suite 301
Churchill Park
Jacksonville, Florida 32217

Re:        Langley v. Langley
Case No :   16-2004-DR-009042
Division:   FM-E

Dear Chip:

Pursuant to the Court's Order, please find below the Parties' minimum monthly payments (known to Mr. Langley) that should be paid immediately out of the Parties' escrowed monies in your trust account:

| | |
|---|---|
| Chase Card Services | $ 531.00 |
| Discover | $ 57.00 |
| Bank Card Services | $ 432.00 |
| Lowe's | $ 61.00 |
| Home Depot | $ 62.00 |
| Sears | $ 266.00 |
| IRS - DL 11-8-05 or Levy | $ 2,225.66 |
| | $ 3,634.66 |

According to your client's answer in Response to number 4 of the Wife's Response to Husband's Emergency Motion to Protect the Marital Assets and for Child Support, she "...very much wishes to pay down debts." We have sent several letters to your office asking that the IRS be paid in full as well as other marital debt so that the Parties do not accrue more penalties and interest.

If there are other marital payments due for October or November that your client wishes to pay, please add it to the list and let us know so that we can agree to payment of the above IMMEDIATELY pursuant to the Court's Order.

I look forward to hearing from you within the next day or two.

Sincerely,

Suzanne W. Green

SWG:jmm
cc: Mr. Barney Langley
    Mr. David Todd

# PARKER & DUFRESNE

*Attorneys at Law*

Donald M. DuFresne
E. Warren "Chip" Parker, Jr.
Patricia L. Parker

8777 San Jose Boulevard
Churchill Park, Suite 301
Jacksonville, Florida 32217

Telephone (904) 733-7766
Facsimile (904) 733-2016
www.jaxlawcenter.com

October 17, 2005

8-8-16
Plaintiff response
EXHIBIT   Ave    PAGE 4 d
No 1:16-cv-00206-PEC   10
Chief Judge Patricia E. Campbell-Smith

Suzanne W. Green, Esquire
4300 Marsh Landing Boulevard, Suite 203
Jacksonville Beach, Florida 32250

RE:    Langley v. Langley

Dear Suzanne:

I am in receipt of your letter of even date. In his order, Judge McCaulie made it clear that the trust money is to be utilized "for the sole purpose of paying the minimum monthly payments on the marital credit card debt." To that end, please have Mr. Langley supply me with a copy of the bank statements, and I will make checks payable to those banks per the stated minimum payment required. I do not believe the Order authorizes me to pay the IRS levy, but Ms. Langley has assured me that she has worked out arrangements with the IRS regarding this indebtedness.

Sincerely,

E. Warren Parker, Jr.

EWPJr.:tm
Cc:    Gina Langley
       John David Todd, Esquire



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA.

CASE NO.: 16-2004-DR-009042
DIVISION:

IN RE THE MARRIAGE OF:

GINA B. LANGLEY
           Petitioner/Wife

and

BARNEY JOSEPH LANGLEY
           Respondent/Husband

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT *five*    PAGE *5*
No. 1:16-cv-00206-PEC   *4  10*
Chief Judge Patricia E. Campbell-Smith

PARKER & DuFRESNE, P.A.'s
## MOTION FOR ORDER ALLOWING DEPOSIT INTO COURT REGISTRY

COMES NOW the law firm of Parker & DuFresne, P.A. (Hereinafter "the firm") and moves this court, pursuant to Civil Procedure Rule 2.060(j), for an order allowing the firm to deposit marital funds into the Court's Registry, and in support would say:

1.    Pursuant to an agreement between the parties, proceeds from the sale of a marital asset were deposited into the firm's trust account. The current balance of the funds is $40,166.02.

2.    The firm has *~~quit and stated that~~* ~~simultaneously filed a motion to withdraw as attorney~~ for the Petitioner/Wife, Gina B. Langley, and John David Todd, Esquire has previously filed a Notice of Appearance as the wife's new attorney.

3.    In its Order Denying Husband's Motion to Protect Marital Assets and for Child Support dated October 10, 2005, this court ordered, "The parties *may* utilize the money in the Wife's attorney's trust account for the sole purpose of paying the minimum monthly payments on the marital credit card debts." (Emphasis added.) This firm should not be required to act as an uncompensated trustee of these marital funds.

37396-12
1- S13 reply
exh 3 of 46

1-DII 2612
appellants appendix to
initial brief
DA 130 DISV 6 3-11-10



5/19/14 Petitioner's Stipulation of Fact
Exhibit 7
Page   of
175



*pg 54*
*Courtesies*
*10/20/05*

be held in the Court's registry pending equitable division thereof.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Gina B. Langley, 1418 Pinewood Rd., Jacksonville Beach, FL 32266; Suzanne Worrall Green, Esquire, 4300 Marsh Landing Blvd., Suite 203, Jacksonville Beach, FL 32250; and John David Todd, Esquire, 6817 Southpoint Parkway, Suite 1501, Jacksonville, Florida 32216 via U.S. Mail on this _____ day of November, 2005.

1 - 1 - 05 ?

email
10-5-05
do not
contact office ?
How died he
file a motion after
he quit ?

PARKER & DuFRESNE, P.A.

E. Warren Parker, Jr., Esquire
Florida Bar No.: 958506
3777 San Jose Boulevard
Churchill Park, Suite 301
Jacksonville, Florida 32217
(904) 733-7766

8-8-16
Plaintiff response
EXHIBIT *Five*  PAGE *6*
No 1:16-cv-00206-PEC  *of ten*
Chief Judge Patricia E. Campbell-Smith

1-D11-2642
appellants appendix to
initial brief 154-6 3-11  JC
pg 131 of

27396.12
1-8-13 reply
exh C
26.946

5/19/14 Petitioner's Stipulation of Fact  27396.12
Exhibit  17:287:13
176  Page  of  7

Gina Langley
1418 Pinewood Rd.
Jacksonville Beach, Fl. 32250

July 27,2006

Suzanne W. Green, Esquire
4300 Marsh Landing Blvd.
Suite 203
Jacksonville Beach, Fl. 32250
Attorney for father

Re: case no: 16-2004-DR-9042-FMXX-MA
16-2003-DR-00353-DVXXMA
16-2004-DR-009042-FMXX-MA

Ms. Green,

I request that you produce the details of the escrow account held by you for the above
cases within 5 days. Please provide the current balance of the escrow account, the
amount of each check written, the name of whom the check was payable to, and the dates
the checks were written. Please provide the information from Jan 1, 2005 to July 27,
2006.

Sincerely,

Gina Langley

8-8-16
Plaintiff response 8-8-16
EXHIBIT five      PAGE 7
No. 1:16-cv-00206-PEC of 10
Chief Judge Patricia E. Campbell-Smith

## Certificate of Service

I hereby certify that a copy hereof has been furnished to Suzanne Worrall Green, Esquire,
4300 Marsh Landing Blvd., Suite 203, Jacksonville Beach, Fl. 32250, by US Mail and
Certified Mail this 27th day of July, 2006.

Gina Langley

Gina Langley
1418 Pinewood Rd.
Jacksonville Beach, Fl. 32250
Mother of Abby, Morgan, and Josh

2010 - CA . 3932
Henry 4. 5-11
exhibit 20 plaintiff
pg 243

27396.12
1-8-13 reply
exh C
31 of 46

Page of of the mother's sixth
Ammed to motion to set aside order
Re: case 1DO6-3851
Re: 16-2004-DR-9042-FMXX

4300 Marsh Landing Blvd., Suite 203
Jacksonville Beach, Florida 32250
Telephone: (904) 280-8770
Facsimile: (904) 273-0571

Suzanne W. Green, Esquire *

* Certified Family Mediator

Sharon Bass, Paralegal
Barbara Kidd, Paralegal

August 18, 2006

James N. Watson, Jr., Bar Counsel
The Florida Bar
Tallahassee Branch Office
651 East Jefferson Street
Tallahassee, FL 323900-2300

8-8-16
Plaintiff response
exhibiT  ꟻ ╲ꝰꞓ   PAGE  8
No. 1:16-cv-00206-PEC  ꝰ ╲ ╠
Chief Judge Patricia E. Campbell-Smith

Re:   Gina Langley; TFB File No.: 2007-00,129(4C)

Dear Mr. Watson:

        This letter is in response to the above referenced Complaint. I represented Mr.
Barney Langley in a divorce action between the parties. Mrs. Gina Langley
(Complainant) was represented by two separate counsels during the matter. In response
to Mrs. Langley's allegations, I have enclosed a copy of the Final Judgment of Dissolution
of Marriage. Furthermore, I have enclosed numerous copies of correspondence and
communications to Mrs. Langley's counsel and to Mrs. Langley directly after the
pendency of the case.

        Specifically, please find a copy of my correspondence to the Complainant's
counsel dated June 29, 2006 regarding the funds held in my escrow account. The court
required me to hold funds from the sale of a home by the parties. When requested, I was
to pay marital debts with those funds. Mrs. Langley's attorney made some payments
while the funds were in his possession, however the court then directed me to hold the
funds because her attorney was not properly accounting for the paid debts. Pursuant to
the Final Judgment, I forwarded a check to Mr. J.D. Todd (counsel of record for Mrs.
Langley) made payable to Mrs. Langley. Please find a copy of my correspondence to
Complainant's counsel dated July 14, 2006 which was faxed and mailed, Also, a copy of
the printout from the escrow funds account was provided. I have included a copy of the
fax cover sheet and activity report evidencing the faxed correspondence was successful
and a copy of correspondence directly to the Complainant dated August 2, 2006 wherein
I forwarded copies of the letters previously sent to her attorney, J.D. Todd.

        With regards to the "statements or allegations" by Mrs. Langley, I will try to
respond as best as possible. Mrs. Langley makes numerous references to "excerpts"

Dr. Bloomfeld
attachment 6
pge one of two
3/12/07

complaint #1
9/12/08
pg 35 of 55

27396-12
reply 1-8-13

10-27-09 letter
attachment B
pg 9 of 5

exh D
2 of 12

Petitioner's Stipulation of Fact
Exhibit  7
Page  47  of
5/19/14

The Florida Bar
August 18, 2006
Page -2-

from the final hearing.  Please be advised that neither party requested a court reporter for the final hearing.  Therefore, there is not a transcript of the hearing which consisted of two days (unconsecutive).

Upon reviewing the complaint, I see comments from Mrs. Langley, but I am unable to respond to the "allegations" as they are mere statements. I am unable to admit or deny, nor do I have the ability to comment to each statement as they appear to be in a rambling form.  The statements are broken and without any clear or precise allegations.  I believe the Final Judgment of Dissolution of Marriage along with the copies of my correspondence to Mrs. Langley and her counsel clarifies any "allegation" made by Mrs. Langley.   With regard to "excerpts" from the final hearing, these are merely Mrs. Langley's perception of the events of the hearing and not fact.  The Circuit Court Judge outlined his findings of facts in the Final Judgment which should be taken into consideration upon review of the Complaint by Mrs. Langley.

In the meantime, should you require anything further or need further explanation please advise.

Respectfully submitted,
SUZANNE WORRALL GREEN, P.A.

Suzanne W. Green, Esquire

SWG/bk
Enclosures

cc:   Ms. Gina Langley
1418 Pinewood Road
Jacksonville Beach, FL 32250

8-8-16
Plaintiff response
EXHIBIT five   PAGE 9
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

5/19/14 Petitioner's Stipulation of Fact
Exhibit 7
Page   of
78

Dr. Bloomfield
attachment 6
page 2 of 2
3/12/07

Complaint #1
9/12/08
pg 36 of 59

10-27-09 letter
attachment 13
pg 5 of 5

27396-12
reply 1-8-13
exh D

Pursuant to Rule 3-7.1(f), Rules of Discipline, you must execute the appropriate disclosure paragraph below and return the form to this office within 15 days. The rule provides that the nature of the charges be stated in the notice to your firm; however, we suggest that you attach a copy of the complaint.

## CERTIFICATE OF DISCLOSURE

I HEREBY CERTIFY that on this _18_ day of _august_, 200_6_, a true copy of the foregoing disclosure was furnished to _me_, a member of my present law firm of _Suzanne W Green P.A_ and/or to _____, a member of the law firm of _____, with which I was associated at the time of the act(s) giving rise to the complaint in TFB File No. 2007-00,129(4C).

_Suzanne Worrall Green_ (signature)
Suzanne Worrall Green

## CERTIFICATE OF DISCLOSURE
### (Corporate/Government Employment)

I HEREBY CERTIFY that on this _____ day of _____, 200___, a true copy of the foregoing disclosure was furnished to _____, my supervisor at _____ (name of agency), with which I was associated at the time of the act(s) giving rise to the complaint in TFB File No. 2007-00,129(4C).

_____
Suzanne Worrall Green

## CERTIFICATE OF NON-LAW FIRM AFFILIATION
### (Sole Practitioner)

I HEREBY CERTIFY to The Florida Bar on this _____ day of _____, 200___, that I am not presently affiliated with a law firm and was not affiliated with a law firm at the time of the act(s) giving rise to the complaint in TFB File No. 2007-00,129(4C).

_____
Suzanne Worrall C

5/19/14 Petitioner's Stipulation of Fact, Exhibit 7 Page of
49 of 7

11-20-09
exhibit
9 of 15

10-27-09 letter
attachment B
pg 3 of 5

2739612
reply 1-813
exh D

8-8-16
Plaintiff response
EXHIBIY five PAGE 10
No 1:16-cv-00206-PEC 3) 10
Chief Judge Patricia E. Campbell-Smith

Page 18 of 172 of the mother's
Index of record 10/11/06
Re: case 1DO6-3851
Re: 16-2004-DR-9042-FMXX
Attachment 12 page 3 of 23

COPY

# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔆𝔩𝔞𝔦𝔪𝔰

No. 16-206C

(Filed: August 1, 2016)

|  |  |
|---|---|
| GINA BRASHER LANGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

8-8-16
Plaintiff response
EXHIBIT ≤ ) χ       PAGE(
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbel

## ORDER

Plaintiff filed a sur-reply on July 29, 2016 to defendant's reply, filed on July 14, 2016, ECF No. 17. Plaintiff claims that defendant perjured itself by denying that plaintiff filed her 1040x tax refund claim, by stating falsely that plaintiff had failed to prove a cause of action, and by alleging erroneously that the court lacks jurisdiction over plaintiff's claims. Sur-reply 3.

The court is mindful of the Federal Circuit's guidance that "a court should not consider new evidence presented in a reply without giving the other party an opportunity to respond." Acumed LLC v. Stryker Corp., 551 F.3d 1323, 1332 (Fed. Cir. 2008) (citing Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.1996)). But here, defendant has not raised any new issues or present additional evidence that would warrant giving plaintiff an additional opportunity to respond. Moreover, in her sur-reply, plaintiff simply repeats the arguments she made in response to defendant's amended motion to dismiss. Pl.'s Resp. to Def.'s Am. Mot. 4, 9, 12-13, 15.

The court **DENIES** plaintiff's attempt to file an unrequested sur-reply and directs the Clerk's Office to return the document to plaintiff.

IT IS SO ORDERED.

*Patricia D. Campbell-Smith*

PATRICIA E. CAMPBELL-SMITH
Chief Judge

Gina Brasher Langley
700 Oak St.
Neptune Beach, Fl. 32266
account number 172481-0088


July 26, 2016


Clerk, USFCC
717 Madison Place, NW
Room 103
Washington DC 20439


Re: No: 1:16 cv 00206PEC
Chief Judge Patricia E. Campbell-Smith


Dear Clerk,


Please accept for Filing:

1. The original and two copies of Plaintiff's Sur-Reply pages one to nineteen with attachments F
   pages one through six.


Most Sincerely,

Gina Brasher Langley

Form 1040 (2004)   Barney J and Gina B Longley   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   Page 2

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 37 | Amount from line 36 (adjusted gross income) | 37 | 315639 85 |
| | 38a | Check if: ☐ You were born before January 2, 1940, ☐ Blind. ☐ Spouse was born before January 2, 1940, ☐ Blind. | Total boxes checked ▶ 38a | |
| **Standard Deduction for—** | b | If your spouse itemizes on a separate return or you were a dual-status alien, see page 31 and check here ▶ 38b ☐ | | |
| • People who checked any box on line 38a or 38b or who can be claimed as a dependent, see page 31. | 39 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 39 | 16988 37 |
| | 40 | Subtract line 39 from line 37 | 40 | 298651 48 |
| | 41 | If line 37 is $107,025 or less, multiply $3,100 by the total number of exemptions claimed on line 6d. If line 37 is over $107,025, see the worksheet on page 33 | 41 | 15500 00 |
| • All others: | 42 | Taxable income. Subtract line 41 from line 40. If line 41 is more than line 40, enter -0- | 42 | 283151 48 |
| Single or Married filing separately, $4,850 | 43 | Tax (see page 33). Check if any tax is from: a ☐ Form(s) 8814  b ☐ Form 4972 | 43 | 37483 90 |
| | 44 | Alternative minimum tax (see page 35). Attach Form 6251 | 44 | |
| Married filing jointly or Qualifying widow(er), $9,700 | 45 | Add lines 43 and 44 | 45 | 37483 90 |
| | 46 | Foreign tax credit. Attach Form 1116 if required | 46 | |
| | 47 | Credit for child and dependent care expenses. Attach Form 2441 | 47 | |
| | 48 | Credit for the elderly or the disabled. Attach Schedule R | 48 | |
| Head of household, $7,150 | 49 | Education credits. Attach Form 8863 | 49 | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | |
| | 51 | Child tax credit (see page 37) | 51 | |
| | 52 | Adoption credit. Attach Form 8839 | 52 | |
| | 53 | Credits from: a ☐ Form 8396  b ☐ Form 8859 | 53 | |
| | 54 | Other credits. Check applicable box(es): a ☐ Form 3800 b ☐ Form 8801 c ☐ Specify | 54 | |
| | 55 | Add lines 46 through 54. These are your total credits | 55 | |
| | 56 | Subtract line 55 from line 45. If line 55 is more than line 45, enter -0- ▶ | 56 | 37483 90 |
| **Other Taxes** | 57 | Self-employment tax. Attach Schedule SE | 57 | |
| | 58 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 58 | |
| | 59 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 59 | |
| | 60 | Advance earned income credit payments from Form(s) W-2 | 60 | |
| | 61 | Household employment taxes. Attach Schedule H | 61 | |
| | 62 | Add lines 56 through 61. This is your total tax ▶ | 62 | 37483 90 |
| **Payments** | 63 | Federal income tax withheld from Forms W-2 and 1099 | 63 | |
| | 64 | 2004 estimated tax payments and amount applied from 2003 return | 64 | |
| If you have a qualifying child, attach Schedule EIC. | 65a | Earned income credit (EIC) | 65a | |
| | b | Nontaxable combat pay election ▶ 65b | | |
| | 66 | Excess social security and tier 1 RRTA tax withheld (see page 54) | 66 | |
| | 67 | Additional child tax credit. Attach Form 8812 | 67 | |
| | 68 | Amount paid with request for extension to file (see page 54) | 68 | |
| | 69 | Other payments from: a ☐ Form 2439 b ☐ Form 4136 c ☐ Form 8885 | 69 | |
| | 70 | Add lines 63, 64, 65a, and 66 through 69. These are your total payments ▶ | 70 | none |
| **Refund** | 71 | If line 70 is more than line 62, subtract line 62 from line 70. This is the amount you overpaid | 71 | |
| Direct deposit? See page 54 and fill in 72b, 72c, and 72d. | 72a | Amount of line 71 you want refunded to you ▶ | 72a | |
| | b | Routing number ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number | | |
| | 73 | Amount of line 71 you want applied to your 2005 estimated tax ▶ 73 | | |
| **Amount You Owe** | 74 | Amount you owe. Subtract line 70 from line 62. For details on how to pay, see page 55 ▶ | 74 | 37483 90 |
| | 75 | Estimated tax penalty (see page 55) 75 | | 400 00 |
| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see page 56)? ☐ Yes. Complete the following. ☒ No | | | |
| | Designee's name ▶ | Phone no. ▶ | Personal identification number (PIN) ▶ | |

8-8-16
Plaintiff response
EXHIBIT SIX   PAGE 3
No 1:16-cv-00206-PEC   13
Chief Judge Patricia E. Campbell-Smith

**Sign Here**
Joint return? See page 17. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| Barney J Longley | 3/31/05 | Contractor | 901 249-7115 |
| Spouse's signature. If a joint return, both must sign. Gina B Longley | 4/15/05 | Spouse's occupation accountant | |

**Paid Preparer's Use Only**

| Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| | | | 4-15-11 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | | EIN Phone no. | IRS form 8865 exhibit 4 pg 55 of 63 |

11-10-09 letter IRS
pg 13 and 14

exh 6

**IRS** Department of the Treasury
Internal Revenue Service

KANSAS CITY   MO   64999-0029

In reply refer to:  0975325315
Nov. 30, 2012  LTR 3884C   0
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   200612 30
                           00027932
BODC: SB

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH  FL  32266-3740



008618

8-8-16
Plaintiff response 8-8-16
EXHIBIT seven n   PAGE one 4
No. 1:16-cv-00206-PEC       8
Chief Judge Patricia E. Campbell-Smit

Taxpayer Identification Number:  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
                Tax Period(s):  Dec. 31, 2006    Dec. 31, 2008
                                Dec. 31, 2009    Dec. 31, 2010

Dear Taxpayer:

Thank you for your Form 12153, Request for a Collection Due Process
Hearing, received Nov. 08, 2012.

Additional information is needed to expedite the processing of your
request.  Please contact me at 1-816-325-8900 by December 5, 2012.
Tax Year 2007 does not qualify for a Collection Due Process Hearing.

The balance due for the above tax period(s) is $5,351.68, which
includes penalty and interest figured to December 20, 2012.

If we do not hear from you by Dec. 05, 2012, we will submit your
Form 12153, Request for a Collection Due Process Hearing to the
appropriate Appeals office.

If you have any questions about this letter, please call us
at 1-816-325-8900 between the hours of 7:00 a.m. and
2:00 p.m. Monday through Friday.  If this number
is outside your local calling area, there will be a long distance
charge to you.

Whenever you write, please include a copy of this letter and, in
the spaces below, give us your telephone numbers along with the
hours we can reach you.

Daytime telephone number (    )_____ Hours_____
Evening telephone number (    )_____ Hours_____

*Commissioners*
*determination 6-25-13*
*served via CM 7011-1150-0002-1898-2101*
*d*
*$6 000.00*
*760.00 31.815*

## Challenges to the Existence of Amount of Liability
You are disputing your liability, and have indicate that there remains $72,163.92 of funds ordered with escrow in 2005 that remain unaccounted for by ex spouse's attorney on property sold that generated the 2004 tax paid in dispute.

*see F tax court petition #5*

Appeals Analysis of the Issue: You are precluded from raising the liability issued under CDP since you had a prior opportunity to dispute the liability when you petitioned Tax Court on November 4, 2012, and were later denied relief on December 5, 2012.

*False 31.815 see G- tax ct petition #5 7-24-13*

You raised no other issues *false 31-815*

Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary

Required legal procedures were followed in issuing the notice of intent to levy, and advising the taxpayer of his appeal rights. The taxpayer was given the opportunity to raise relevant issues relating to the unpaid tax. IRC Section 6330 requires that the Settlement Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. The issue in this case is whether a levy against the taxpayer's assets is appropriate. The taxpayer did not agree to the qualifying collection alternative proposed by the Settlement Officer to resolve the outstanding liability; or provide financial information needed to support an inability to pay. Therefore, the notice of intent to levy balances the need for efficient collection of the tax with your concern that the action be no more intrusive than necessary.

*A pg 116*

*Complaint*
*1-8-16*
*pg 9 of 48*

*B9*

8-8-16
Plaintiff response
EXHIBIY *seven* PAGE *348*
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*Declaration of Clint Locke*
*3-4-14*

Docket No. 17267-13L
Exhibit G *pg 5 of 5*

*Commissiones*
*def a vunaten 6-25-13*
*seved via CM 7011-1150-0002*
*1898-2101*

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s). If you have any questions, please contact the person whose name and telephone number are shown above.

## Summary of Determination

All required legal procedures were followed in issuing the Notice of Intent to Levy and advising you of your appeal rights. Levy action in this case balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. You did not agree to the terms of the proposed qualifying Streamlined Installment Agreement proposal to resolve your outstanding liability, or provide necessary documentation to support an inability to meet the terms of the qualifying Streamlined Installment Agreement proposal. The action by the Collection Division is fully sustained. You are being advised of this determination in writing and your right to judicial review.

Sincerely,

*Cindy R. Kasminoff*

Cindy R Kasminoff
Appeals Team Manager

Enclosure(s): Attachment

*A pg 117*

8-8-16
Plaintiff response
EXHIBIT *se to h*   PAGE *3.48*
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*Complaint*
*1-8-16*
*pg 10 of 48*

*G 2 of 5*

*cat*

*Declaration*
*Clint Locke*
*3-4-14*

Docket No. 17267-13L
Exhibit G *2 of 5*

**Challenges to the Existence of Amount of Liability**
You are disputing your liability, and have indicate that there remains $72,163.92 of funds ordered with escrow in 2005 that remain unaccounted for by ex spouse's attorney on property sold that generated the 2004 tax paid in dispute.

Appeals Analysis of the Issue: You are precluded from raising the liability issued under CDP since you had a prior opportunity to dispute the liability when you petitioned Tax Court on November 4, 2012, and were later denied relief on December 5, 2012.

**You raised no other issues**

### Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary

All required legal procedures were followed in issuing the notice of intent to levy, and advising the taxpayer of his appeal rights. The taxpayer was given the opportunity to raise any relevant issues relating to the unpaid tax. IRC Section 6330 requires that the Settlement Officer consider whether any collection action balances the need for efficient collection of taxes with the legitimate concern that any collection action be no more intrusive than necessary. The issue in this case is whether a levy against the taxpayer's assets is appropriate. The taxpayer did not agree to the qualifying collection alternative proposed by the Settlement Officer to resolve the outstanding liability, or provide financial information needed to support an inability to pay. Therefore, the notice of intent to levy balances the need for efficient collection of the tax with your concern that the action be no more intrusive than necessary.

*[handwritten annotations in right margin:]* false & contradicts Respondent's answer to Petitioner's Petition & exhibit pg 73 of 163 pg 3

*[handwritten text:]* determination by Defendant sustaining Levy on 6/25/13 by settlement office. tax years 2006 etc

ordered on 6/26 htt to be corrected per Judge Cohen. (above) by 10/24/14

8-8-16
Plaintiff response
EXHIBIT Seven    PAGE 4/5
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

5-7-14
Respondent's Stipulated
Facts pg 24-29
Docket No. 17267-13L
Exhibit 7-J

Exhibit 7
Page 24 of 29
5/19/14 Petitioner's Stipulation of Fact

- 2 -

*A pg 108 of 140*
*complaint 2-8-16*
*US C FC*

Upon due consideration and for cause, it is hereby

ORDERED that this case is remanded to respondent's Office of Appeals for further consideration. The parties shall meet at a reasonable and mutually agreed upon date and time but no later than August 25, 2014. It is further

ORDERED that on remand respondent shall assign an independent Appeals representative, not previously involved in this matter, to review the facts relevant to this case, to provide petitioner with an accounting of the payments applied and refunds made from 2004 through 2010, and to issue a supplemental notice of determination that corrects the prior errors and accurately states the reasons for the determination made. It is further

ORDERED that petitioner shall cooperate with the new Appeals representative and provide financial information in the format requested by that representative, without expecting or demanding curative action with respect to funds allegedly held by persons not parties to this case. It is further

ORDERED that on or before October 24, 2014, the parties shall, jointly or separately, report to the Court in writing as to the then current status of this case. It is further

ORDERED that petitioner's motion for sanctions against respondent filed May 19, 2014, is denied.

**(Signed) Mary Ann Cohen**
**Judge**

Dated: Washington, D.C.
June 26, 2014



8-8-16
Plaintiff response
EXHIBIT seven   PAGE 5 of 8
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*Complaint*
*01 8—16*
*attachment C*
*page 1 of 48*

**CMS**

## UNITED STATES TAX COURT
### WASHINGTON, DC 20217

GINA BRASHER LANGLEY,          )
                                       )

          Petitioner(s),          )
                                       )

          v.                   )  Docket No.  17267-13 L.
                                       )

COMMISSIONER OF INTERNAL REVENUE,  )
                                       )

          Respondent        )

## O R D E R

By Order dated October 23, 2014, the time was extended to November 24, 2014, for respondent to issue to petitioner, a supplemental notice of determination. It is hereby

ORDERED that on or before December 16, 2014, respondent shall provide to the Court the supplemental notice of determination previously ordered.

**(Signed) Mary Ann Cohen**
**Judge**

Dated:  Washington, D.C.
        December 3, 2014

**SERVED Dec 03 2014**

8-8-16
Plaintiff response
EXHIBIT Se vn  PAGE 6 o|8
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*[handwritten annotations:]*

*1-13-15*
*Judge Cohen*
*2015-11*
*TC Memo Page*
*-5-*
*17267-13*

*17267136*
*Memo opinion 2015-11*
*page 5*
*1-13-15*

[*5]   After numerous exchanges with petitioner, on June 25, 2013, the settlement

officer issued a notice of determination sustaining the proposed levy.  The notice

was based in part on the Appeals representative's erroneous conclusions that the

section 6015 claim had been decided against petitioner by the Court, when in fact

the only thing that had happened by that time in docket No. 27396-12 was that

respondent had filed an answer to the petition.

*[handwritten right margin:]*
*5-6-16*
*Plaintiff motion*
*attachment B page 37*
*No 1:16-cv-00206-PEC*
*Chief Judge Patricia E. Campbell-Sm*

   Respondent filed a motion for summary judgment that was denied because

of misstatements in the moving papers and in the administrative record.  When the

case was called for trial, the Court ordered a remand for an independent Appeals

representative "to review the facts relevant to this case, to provide petitioner with

an accounting of the payments applied and refunds made from 2004 through 2010,

and to issue a supplemental notice of determination that corrects the prior errors

and accurately states the reasons for the determination made".  In the order

remanding the case, however, we explained:

*[handwritten vertical right margin:]*
*8-8-16*
*Plaintiff response*
*EXHIBIT   SEE #(21)*
*No 1:16-cv-00206-PEC  PAGE@) 7*
*Chief Judge Patricia E. Campbell-Smith*

          There are, however, certain obstacles to the relief that
      petitioner seeks, and her misunderstandings contribute to the
      unsatisfactory state of the record.  Neither respondent nor the Court
      can remedy petitioner's concerns with what occurred in her domestic
      case in Florida or what funds are in the hands of persons over whom
      the Court does not have jurisdiction.  Her persistence in seeking
      inappropriate remedies has diverted attention from the primary issue,
      which is whether she qualifies for a collection alternative to the

*[handwritten:] B 37*

*[handwritten bottom left box:]*
*served to Clint Locke*
*via USPS Certified Mail*
*7014 2870 0000 0528 1142*

*[handwritten bottom right:]*
*2-10-15*
*Petitioner Motion For Reconsider*
*17267-13*
*R Pg   7 of 39*

**ALS**

## UNITED STATES TAX COURT
### WASHINGTON, DC 20217

GINA BRASHER LANGLEY,        )
                            )

      Petitioner(s),         )
                            )

      v.                 )  Docket No.  17267-13 L.
                            )

COMMISSIONER OF INTERNAL REVENUE,  )
                            )

      Respondent

## O R D E R

On October 23, 2014, respondent's Status Report was electronically filed at 12:08 p.m.  A second duplicate status report was electronically filed on October 23, 2014 at 12:12 p.m.  It is hereby

ORDERED that the status report filed on October 23, 2014, at 12:12 p.m., is hereby deemed stricken from the record in this case.  It is further

ORDERED that the time respondent shall have to issue a supplemental notice of determination to petitioner is extended to November 24, 2014.

**(Signed) Mary Ann Cohen**
**Judge**

Dated:  Washington, D.C.
       October 23, 2014

8-8-16
Plaintiff response
EXHIBIT seven
No 1:16-cv-00206-PEC   PAGE 845
Chief Judge Patricia E. Campbell-Smith

**SERVED Oct 24 2014**

# UNITED STATES TAX COURT
## DOCKET ENTRIES

**Docket No.** 017267-13 L

Gina Brasher Langley

**INDEX**

v. COMMISSIONER OF INTERNAL REVENUE

Petitioner Counsel    (Total 01)

PRO SE

Respondent Counsel    (Total 02)

LC0405    Locke, Clint J.
801 Tom Martin Drive
Room 257
Birmingham, AL  35211

8-8-16
Plaintiff response
EXHIBIT eight    PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell

FT0140    Friday, Thomas Alan
801 Tom Martin Drive
Room 257
Birmingham, AL  35211

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | | M |
|---|---|---|---|---|---|---|---|
| 0001 | 07/29/2013 | PF | PETITION Filed:Fee Paid | | R | 08/07/2013 | |
| 0002 | 07/29/2013 | REQT | REQUEST for Place of Trial at Birmingham, AL | | R | 08/07/2013 | |
| 0003 | 09/10/2013 | ACS | ANSWER (C/S 9/10/2013). | | | | |
| 0004 | 10/21/2013 | RCS | REPLY (C/S 10/16/2013) | | | | |
| 0005 | 01/15/2014 | NTD | NOTICE of Trial on 5/19/2014 at Birmingham, AL. | | R | 10/30/2013 | |
| 0006 | 01/15/2014 | SPTO | STANDING PRE-TRIAL ORDER attached to Notice of Trial | | B | 01/15/2014 | |
| 0007 | 03/06/2014 | M034 | MOTION FOR SUMMARY JUDGMENT by Resp. (C/S 03/06/14) | ORD 04/11/2014 | B | 01/15/2014 | |
| 0008 | 03/06/2014 | MEMO | MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT by Resp. | | C | 03/06/2014 | |
| 0009 | 03/06/2014 | DCL | DECLARATION OF CLINT J. LOCKE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT by Resp. (EXHIBITS) | | C | 03/06/2014 | |
| 0010 | 03/07/2014 | NODC | NOTICE OF DOCKET CHANGE OF MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT BY RESP. FILED 03/06/2014. THE DOCKET ENTRY TEXT WAS CHANGED BY DELETING (C/S 3-6-14) BECAUSE NO CERTIFICATE OF SERVICE IS ATTACHED TO THE DOCUMENT. YOU MUST FILE A CERTIFICATE OF SERVICE SHOWING SERVICE WAS MADE ON PETITIONER. | | B | 03/07/2014 | |

exh 8
1 d

Docket No.   017267-13 L

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0011 | 03/07/2014 | NODC | NOTICE OF DOCKET CHANGE OF DECLARATION OF CLINT J. LOCKE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY RESP. FILED 03/06/2014. THE DOCKET ENTRY TEXT WAS CHANGED BY DELETING (C/S 3-6-14) BECAUSE NO CERTIFICATE OF SERVICE IS ATTACHED TO THE DOCUMENT. YOU MUST FILE A CERTIFICATE OF SERVICE SHOWING SERVICE WAS MADE ON PETITIONER. | | B   03/07/2014 | |
| 0012 | 03/07/2014 | O | ORDER PETR. BY 4-7-14 FILE & SERVE A RESPONSE TO MOTION FOR SUMMARY JUDGMENT. | | B   03/07/2014 | |
| 0013 | 03/12/2014 | CS | CERTIFICATE OF SERVICE MEMORANDUM OF AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION FOR SUMMARY JUDGMENT 3/6/2014 by Resp. | | C   03/12/2014 | |
| 0014 | 03/12/2014 | CS | CERTIFICATE OF SERVICE DECLARATION OF CLINT J. LOCKE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT 3/6/2014 by Resp. | | C   03/12/2014 | |
| 0015 | 04/07/2014 | OBJ | OBJECTION TO DECLARATION OF CLINT J. LOCKE AND DECLARATION OF TAXPAYER GINA LANGLEY. by Petr. Gina Brasher Langley (EXHIBITS) | | R   04/09/2014 | |
| 0016 | 04/07/2014 | OBJ | OBJECTION TO MEMORANDUM OF AUTHORITIES BY RESPONDENT AND PETITIONER'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF EQUITABLE RELIEF TO THE PETITIONER. by Petr. Gina Brasher Langley (EXHIBITS) | | R   04/09/2014 | |
| 0017 | 04/11/2014 | O | ORDER THAT RESP'S. MOTION FOR SUMMARY JUDGMENT IS DENIED. | | B   04/11/2014 | |
| 0018 | 04/24/2014 | PMT | PRETRIAL MEMORANDUM by Resp. (C/S 04/24/14) | | C   04/24/2014 | |
| 0019 | 04/29/2014 | PMT | PRETRIAL MEMORANDUM by Resp. (C/S 04/29/14) | | C   04/29/2014 | |
| 0020 | 05/09/2014 | PMT | PRETRIAL MEMORANDUM by Petr. Gina Brasher Langley (C/S 05/05/14) | | C   05/09/2014 | |
| 0021 | 05/19/2014 | HEAR | HEARING BEFORE JUDGE COHEN AT BIRMINGHAM, AL  5-19-14 PETR. MOTION FOR SANCTIONS AGAINST RESP. - C.A.V. | CAV  05/19/2014 | | |
| 0022 | 05/19/2014 | M000 | MOTION FOR SANCTIONS AGAINST RESPONDENT by Petr. Gina Brasher Langley (C/S 05/18/14) | ORD  06/26/2014 | R   05/29/2014 | |
| 0023 | 05/19/2014 | O | ORDER RESP. BY 6-18-14 FILE A RESPONSE TO MOTION FOR SANCTIONS AGAINST RESPONDENT. | | B   05/29/2014 | |
| 0024 | 06/17/2014 | RSP | RESPONSE TO MOTION FOR SANCTIONS AGAINST RESPONDENT by Resp. (C/S 06/17/14) | | C   06/17/2014 | |
| 0025 | 06/17/2014 | NODC | NOTICE OF DOCKET CHANGE OF RESPONSE TO ORDER DATED 05/19/2014 BY RESP. FILED 06/17/2014. THE WRONG DOCUMENT TITLE WAS SELECTED. THE RECORD HAS BEEN CORRECTED TO REFLECT RESPONSE TO MOTION FOR SANCTIONS AGAINST RESPONDENT FILED. | | B   06/18/2014 | |
| 0026 | 06/26/2014 | O | ORDER CASE IS REMANDED TO RESP. OFFICE OF APPEALS FOR FURTHER CONSIDERATION. PARTIES BY 10/24/14 FILE REPORTS AND PETR. MOTION FOR SANCTIONS AGAINST RESP. FILED 5/19/14 IS DENIED. | | B   06/27/2014 | |

05/22/2015

8-8-16
Plaintiff response
EXHIBIT C-1A    PAGE 7
No 1:16-cv-00206-PEC  # of 11
Chief Judge Patricia E. Campbell-Smith

Docket No.   017267-13  L

INDEX

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | | SERVED | M |
|---|---|---|---|---|---|---|---|
| 0027 | 07/09/2014 | TRAN | TRANSCRIPT OF 5/19/14 RECEIVED (CALENDAR CALL) | | | | |
| 0028 | 09/29/2014 | RESP | RESPONSE TO COURTS 6-26-14 ORDER & MOTION FOR SANCTIONS  AGAINST RESPONDENT by Petr. Gina Brasher Langley (C/S 09/24/14) | ORD 10/09/2014 | R | 09/30/2014 | |
| 0029 | 10/09/2014 | O | ORDER THAT SO MUCH OF PETR'S. RESPONSE TO COURT'S 6/26/14 ORDER, AS IS A MOTION FOR SANCTIONS AGAINST RESP. IS DENIED. | | B | 10/10/2014 | |
| 0030 | 10/23/2014 | RPT | STATUS REPORT by Resp. (C/S 10/23/14) | | C | 10/23/2014 | |
| 0031 | 10/23/2014 | RPT | STATUS REPORT by Resp. (C/S 10/23/14) ( STRICKEN) | | C | 10/23/2014 | |
| 0032 | 10/23/2014 | O | ORDER TIME IS EXTENDED TO 11-24-14 FOR RESP. TO ISSUE A SUPPLEMENTAL NOTICE OF DETERMINATION. STATUS REPORT FILED ON 10-23-14 AT 12:12 P.M. IS DEEMED STRICKEN FROM THE RECORD IN THIS CASE. | | B | 10/24/2014 | |
| 0033 | 10/23/2014 | MISC | AMENDED RESPONSE TO COURTS 6-26-14 ORDER & MOTION TO GRANT THE RELIEF PETITIONED FOR BY PETITIONER IN THIS CASE by Petr. Gina Brasher Langley (C/S 10/21/14) (ATTACHMENTS) | | R | 10/24/2014 | |
| 0034 | 12/01/2014 | MISC | SECOND AMENDED RESPONSE IN ACCORDANCE WITH THIS COURT'S 6-26-14 ORDER by Petr. Gina Brasher Langley (C/S 11/25/14) (ATTACHMENTS) | | R | 12/03/2014 | |
| 0035 | 12/01/2014 | M081 | MOTION TO IMPOSE SANCTIONS by Petr. Gina Brasher Langley (C/S 11/29/14) (ATTACHMENTS) | DNM 12/03/2014 | R | 12/03/2014 | |
| 0036 | 12/03/2014 | O | ORDER RESP. BY 12/16/14 PROVIDE THE COURT THE SUPPLEMENTAL NOTICE OF DETERMINATION AS PREVIOUSLY ORDERED. | | B | 12/03/2014 | |
| 0037 | 12/03/2014 | DNM | DENIED MOTION TO IMPOSE SANCTIONS by Petr. Gina Brasher Langley | | B | 12/03/2014 | |
| 0038 | 12/04/2014 | RSP | RESPONSE TO ORDER DATED 12/03/2014 by Resp. (C/S 12/04/14) (EXHIBIT) | | C | 12/04/2014 | |
| 0039 | 12/08/2014 | O | ORDER THAT PETR. SHALL CEASE ALL EX PARTE COMMUNICATIONS TO THE COURT. (ATTACHMENT) | | B | 12/08/2014 | |
| 0040 | 01/13/2015 | MOP | MEMORANDUM OPINION, JUDGE COHEN T. C. MEMO. 2015-11 (DECISION WILL BE ENTERED SUSTAINING THE DETERMINATION FOR 2006 AND 2009) | | B | 01/13/2015 | |
| 0041 | 01/14/2015 | ODD | ORDER OF DISMISSAL AND DECISION ENTERED, JUDGE COHEN. THE PETITION IN THIS CASE IS DISMISSED AS MOOT AS TO 2008 AND 2010. | | B | 01/14/2015 | C |
| 0042 | 02/12/2015 | MISL | MOTION FOR RECONSIDERATION OF FINDINGS OR OPINION PURSUANT TO RULE 161 by Petr. Gina Brasher Langley (LODGED) | | R | 02/18/2015 | |
| 0043 | 02/18/2015 | O | ORDER THAT PETR. MOTION LODGED 2/12/15, SHALL REMAIN LODGED FOR PURPOSES OF THE RECORD IN THIS CASE AND WILL NOT BE FILED. | | B | 02/19/2015 | |

05/22/2015

# Request for a Collection Due Process or Equivalent Hearing

Use this form to request a Collection Due Process (CDP) or equivalent hearing with the IRS Office of Appeals if you have been issued one of the following lien or levy notices:

- Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320,
- Notice of Intent to Levy and Notice of Your Right to a Hearing,
- Notice of Jeopardy Levy and Right of Appeal,
- Notice of Levy on Your State Tax Refund,
- Notice of Levy and Notice of Your Right to a Hearing.

RECEIVED
0056
11 06 2012
INTERNAL REVENUE SERVICE
KANSAS CITY, MO

**Complete this form and send it to the address shown on your lien or levy notice.** Include a copy of your lien or levy notice to ensure proper handling of your request.

Call the phone number on the notice or 1-800-829-1040 if you are not sure about the correct address or if you want to fax your request. *Via Certified mail # 7012 1640 0001 0666 4550 11-4-12*

**You can find a section explaining the deadline for requesting a Collection Due Process hearing in this form's instructions. If you've missed the deadline for requesting a CDP hearing, you must check line 6 (Equivalent Hearing) to request an equivalent hearing.**

1. Taxpayer Name: (Taxpayer 1)  *Gina Langley*

   Taxpayer Identification Number

   Current Address  *700 Oak St*
   City *Neptune Beach*          State *Fl*    Zip Code *32216*

| 2. Telephone Number and Best Time to Call During Normal Business Hours | Home (904) - | ☑ am. ☐ pm. |
| | Work (  ) - | ☐ am. ☐ pm. |
| | Cell (904) 469 4397 | ☐ am. ☐ pm. |

3. Taxpayer Name: (Taxpayer 2)  RECEIVED-KCSC

   Taxpayer Identification Number  NOV 13 2012

   Current Address  *CDP*
   (If Different from Address Above) City          State          Zip Code

| 4. Telephone Number and Best Time to Call During Normal Business Hours | Home (  ) - | ☐ am. ☐ pm. |
| | Work (  ) - | ☐ am. ☐ pm. |
| | Cell (  ) - | ☐ am. ☐ pm. |

5. Tax Information as Shown on the Lien or Levy Notice (*If possible, attach a copy of the notice*)

| Type of Tax (Income, Employment, Excise, etc. or Civil Penalty) | Tax Form Number (1040, 941, 720, etc) | Tax Period or Periods |
|---|---|---|
| *1040* | *1040* | *2006 - 2010* |
| | | |
| | | |

Form **12153** (Rev. 3-2011)     Catalog Number 26685D     www.irs.gov     Department of the Treasury - Internal Revenue Service

5/19/14 Petitioner's Stipulation of Fact
Exhibit 7
Page 9 of 29

8-8-16
Plaintiff response
EXHIBIT *Civil* PAGE *9*
No 1:16-cv-00206-PEC *29* *# 11*
Chief Judge Patricia E. Campbell-Smith

*5-2-14*
*Respondents Stip of Facts*
Docket No. 17267-13L
Exhibit 2-J
*pg 9 of 29*

# Request for a Collection Due Process or Equivalent Hearing

**6. Basis for Hearing Request** (Both boxes can be checked if you have received both a lien and levy notice)

☐ Filed Notice of Federal Tax Lien          ☒ Proposed Levy or Actual Levy

**7. Equivalent Hearing** (See the instructions for more information on Equivalent Hearings)

☐ I would like an Equivalent Hearing - I would like a hearing equivalent to a CDP Hearing if my request for a CDP hearing does not meet the requirements for a timely CDP Hearing.

**8.** Check the most appropriate box for the reason you disagree with the filing of the lien or the levy. **See page 4 of this form for examples.** You can add more pages if you don't have enough space.

If, during your CDP Hearing, you think you would like to discuss a Collection Alternative to the action proposed by the Collection function it is recommended you submit a completed Form 433A (Individual) and/or Form 433B (Business), as appropriate, with this form. See www.irs.gov for copies of the forms. *filed innocent spouse relief and petition with tax Court on 11-7-12*

Collection Alternative  ☐ Installment Agreement   ☐ Offer in Compromise   ☒ I Cannot Pay Balance

Lien          ☐ Subordination     ☐ Discharge     ☐ Withdrawal

Please explain:

My Spouse Is Responsible   ☒ Innocent Spouse Relief (Please attach Form 8857, Request for Innocent Spouse Relief, to your request.)
*see attached copy of US Tax Court petition.*

Other (For examples, see page 4)  ☒

Reason (You must provide a reason for the dispute or your request for a CDP hearing will not be honored. Use as much space as you need to explain the reason for your request. Attach extra pages if necessary.):
*There remains $72,143.92 of funds ordered in to escrow in 2005 that remain unaccounted for by my x spouses attorney Suzanne W. Green on property sold that generated the 2004 tax paid in dispute*

**9. Signatures**
I understand the CDP hearing and any subsequent judicial review will suspend the statutory period of limitations for collection action. I also understand my representative or I must sign and date this request before the IRS Office of Appeals can accept it. If you are signing as an officer of a company add your title (president, secretary, etc.) behind your signature.

**SIGN HERE**

| | |
|---|---|
| Taxpayer 1's Signature  *Lino Brasher Loftey* | Date  *11-7-12* |
| Taxpayer 2's Signature (if a joint request, both must sign) | Date |

☐ I request my CDP hearing be held with my authorized representative (attach a copy of Form 2848)

| Authorized Representative's Signature | Authorized Representative's Name | Telephone Number |
|---|---|---|

**IRS Use Only**

| IRS Employee (Print)  *Sandy Bean* | Employee Telephone Number  *816-325-8900* | IRS Received Date  *11-8-2012* |
|---|---|---|

Form **12153** (Rev. 3-2011)   Catalog Number 26685D   www.irs.gov   Department of the Treasury - Internal Revenue Service

5/19/14 Petitioner's Stipulation of Fact
Exhibit 9
Page 10 of 29

8-8-16
Plaintiff response
EXHIBIT *Print*   PAGE 5
No 1:16-cv-00206-PEC *of 10 11*
Chief Judge Patricia E. Campbell-Smith

*5-7-14*
*Respondents Stip of Facts*
Docket No. 17267-13L
Exhibit 2-J
*pg 10 of 29*

UNITED STATES TAX COURT
www.ustaxcourt.gov

8-8-16
Plaintiff response
EXHIBIT ~4~t PAGE 6
No 1:16-cv-00206-PEC of 12 11
Chief Judge Patricia E. Campbell-Smith

(FIRST)    (MIDDLE)    (LAST)

*Gina Brasher Langley*

(PLEASE TYPE OR PRINT)    Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

}

Docket No.

PETITION

1.  Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☐ Notice of Deficiency

☐ Notice of Determination Concerning Your Request for Relief From Joint and Several Liability.  (If you requested relief from joint and several liability but the IRS has not made a determination, please see the Information for Persons Representing Themselves Before the U.S. Tax Court booklet or the Tax Court's Web site.)

☒ Notice of Determination Concerning Collection Action

☐ Notice of Determination Concerning Worker Classification

2.  Provide the date(s) the IRS issued the NOTICE(s) checked above and the city and State of the IRS office(s) issuing the NOTICE(S): *6-25-13, Holtsville NY, Brookhaven Appeals*

3.  Provide the year(s) of period(s) for which the NOTICE(S) was/were issued: *2006, 2008, 2009, 2010*

4.  SELECT ONE OF THE FOLLOWING:

If you want your case conducted under small tax case procedures, check here:    ☐    **(CHECK**

If you want your case conducted under regular tax case procedures, check here: *✓* ☒    **ONE BOX)**

NOTE:  A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS.  If you do not check either box, the Court will file your case as a regular tax case.

5.  Explain why you disagree with the IRS determination in this case (please list each point separately):

*The "background" the IRS states as the basis for it's summary and recomendation it it's June 25th 2013 Notice of Determination is inaccurate and blatently false as follows. (A) through (G).*

*Ⓐ The financial information has been provided by me numerous times.*

*Ⓑ There is no federal income due from me to the IRS. as I am due a refund of*

T.C. FORM 2 (REV. 5/11)

*8 pg 6 of*

*page one of eight*

GINA Brasher Langley
#5 explanation
US tax Ct petition
7-24-13
page two of eight

8-8-16
Plaintiff response
EXHIBIT Exit   PAGE 7
No 1:16-cv-00206-PEC  12  11
Chief Judge Patricia E. Campbell-Smith

(B) continued
Federal 1040 income tax per my
United States tax Court Petition and
case 27396-12.
(c) There was a bankruptcy case when a
notice was received by me. (See Reply to
tax commissioner US Tax Court Case
27396-12 exhibit J pages Eight and
nine and exhibit K pages twenty eight
through thirty)
(D) The taxpayer has no idea what the
IRS is referring to when it states " The
collection period allowed by statute to
collect these taxes has been suspended
by the appropriate computer codes..."
(E) Numerous Alternatives to collection as
proposed by the IRS in it's settlement
agreement were offered by me "the
taxpayer." Not all inclusive, those
alternatives I presented include:
   (i) Settlement and determination
   of taxpayer's (Gina Langley's)
   innocent spouse claim that
   is to be adjudicated. Case #
   27396-12 which asserts
   not all inclusive:            8 ps 7/1

6. State the facts upon which you rely (please list each point separately):

*The facts are stated at explanation #5 (A) through (G)*

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT *eift*   PAGE 8
No. 1:16-cv-00206-PEC *cf #9-11*
Chief Judge Patricia E. Campbell-Smith

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts. Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:  Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☒ A copy of the Determination or Notice the IRS issued to you *pages one through five*
☐ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)
☐ The Request for Place of Trial (Form 5)      ☐ The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will not be part of the Court's public files. All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will become part of the Court's public files.  To protect your privacy, you are strongly encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov.

_Gina B Ley_  7-24-13       (904) 469-4397
SIGNATURE OF PETITIONER        DATE            (AREA CODE) TELEPHONE NO.

700 Oak St                  Neptune Beach, Fl. 32266
MAILING ADDRESS                 CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____

_____          _____
SIGNATURE OF ADDITIONAL PETITIONER (e.g.,SPOUSE)  DATE        (AREA CODE) TELEPHONE NO.

_____          _____
MAILING ADDRESS                 CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____

_____
SIGNATURE OF COUNSEL, IF RETAINED BY PETITIONER(S)      NAME OF COUNSEL        TAX COURT BAR NO.

_____
MAILING ADDRESS, CITY, STATE, ZIP CODE          DATE        (AREA CODE) TELEPHONE NO.

*Petition
page 8 of 8*

*8 P2 1*

**Challenges to the Existence of Amount of Liability** ~~d~~    ← $6,760,000.00
You are disputing your liability, and have indicate that there remains ~~$72,163.92~~ of funds
ordered with escrow in 2005 that remain unaccounted for by ex spouse's attorney on *+ others on*
property sold that generated the 2004 tax paid in dispute. *See 8 tax ct petition #5, 7-24-13*

Appeals Analysis of the Issue: You are precluded from raising the liability issued under CDP
since you had a prior opportunity to dispute the liability when you petitioned Tax Court on
November 4, 2012, and were later denied relief on December 5, 2012.

*See @ tax ct petition #5*
*7-24-13*

**You raised no other issues**

**Balancing of need for efficient collection with taxpayer concern that the collection
action be no more intrusive than necessary**

All required legal procedures were followed in issuing the notice of intent to levy, and
advising the taxpayer of his appeal rights.  The taxpayer was given the opportunity to raise
any relevant issues relating to the unpaid tax.  IRC Section 6330 requires that the Settlement
Officer consider whether any collection action balances the need for efficient collection of
taxes with the legitimate concern that any collection action be no more intrusive than
necessary.  The issue in this case is whether a levy against the taxpayer's assets is
appropriate. The taxpayer did not agree to the qualifying collection alternative proposed by
the Settlement Officer to resolve the outstanding liability, or provide financial information
needed to support an inability to pay.  Therefore, the notice of intent to levy balances the
need for efficient collection of the tax with your concern that the action be no more intrusive
than necessary.

8-8-16
Plaintiff response 8-8-16
EXHIBIT *e)n~* PAGE *7*
No. 1:16-cv-00206-PEC *c/ /☉/1*
Chief Judge Patricia E. Campbell-Smith

*Defendants*
*6-25-13*
*Notice of Determination*
*collection hearings 2006 - 2010*

*US tax ct Petition*
*7-24-13*
*IRS Determination Notice*
*6-25-13*
*page five of five*
*Enclosure*

*8 15 p/1*

**Internal Revenue Service**
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY  11742

Date:  May 22, 2013

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL  32266-3740

**Department of the Treasury**

**Person to Contact:**
Arleen Maginn
Employee ID Number: 0193081
Tel:   (631) 687-8020  Ext. 1416
Fax:  (631) 687-8297
Contact Hours:  6:30am - 3:00pm ET
**Refer Reply to:**
   AP:CO:LI-BR2:ADM
**In Re:**
   Collection Due Process - Levy
**Tax Period(s) Ended:**
   12/2006 12/2008 12/2009 12/2010

Dear Ms. Langley:

Your case has been assigned to me for Appeals consideration and completion. I have
already reviewed the case file, and the CDP conference notes prepared by the prior
Settlement Officer, James Stewart.  I am sending you this letter to allow you the
opportunity to contact me.

During the telephone with Mr. Stewart on January 30, 2013, it was asked that you send
the financial information needed to consider a collection alternative to the proposed
levy.  You have not submitted any financial documentation.

In order for me to continue with your consideration, please provide the following
additional information and documentation:

- **A completed Collection Information Statement (Form 433-A for individuals
  and/or Form 433-B for businesses.) with required financial supporting
  documentation**

**NOTE: I can offer you what is called a Streamlined Installment Agreement for a
minimum monthly payment of $90.00 per month or higher.  I don't need a
completed form 433-A to grant you this agreement.   If you would like an
agreement for $90.00 per month or a higher amount, please contact me by
June 5, 2013 to discuss the terms.**

Please be advised that we will make a determination in the Collection Due Process
hearing you requested by reviewing the Collection administrative file and whatever
information you have already provided.

If you would like to provide information for our consideration, please do so within 14
days from the date on this letter, June 5, 2013.

8-8-16
Plaintiff response
exhibit *eipt*   PAGE *10 11*
No. 1:16-cv-00206-PEC  *9 12*
Chief Judge Patricia E. Campbell-Smith
*5-7-17*
*Respondents Stipulation of Facts*
*pg 17 of 29*
Docket No. 17267-13L
Exhibit 5-J

5/19/14 Petitioner's Stipulation of Fact
Exhibit 7
Page 17 of 29

**Internal Revenue Service**
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY 11742

Date: JUN 2 5 2013

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740

**Department of the Treasury**

**Person to Contact:**
Arleen Maginn
Employee ID Number: 0193081
Tel: (631) 687-8020 Ext. 1416
Fax: (631) 687-8297
**Refer Reply to:**
AP:CO:LI-BR2:ADM
**Taxpayer Identification Number:**
XXX-XX-0076
**Tax Type/Form Number:**
Income / Form 1040
**In Re:**
Collection Due Process Hearing
(Tax Court)
**Tax Period(s) Ended:**
12/2006 12/2008 12/2009 12/2010

**CERTIFIED MAIL**      7011 1150 0002 1898 2101
**NOTICE OF DETERMINATION**
**CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330**

Dear Ms. Langley:

COPY

We have reviewed the collection actions that were taken or proposed for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter.

To obtain a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

In addition to the regular United States Tax Court procedures, the United States Tax Court also has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You may also obtain information about this simplified procedure by writing to the United States Tax Court or accessing the United States Tax Court website at www.ustaxcourt.gov.

The time limit (30 days from the date of this letter) for filing your petition is fixed by law. The courts cannot consider your case if you file late. If an appeal is filed in the incorrect court (e.g., United States District Court), you will not be able to refile in the United States Tax Court if the time period for filing a Tax Court petition has expired.

*p pg 124*

*S-2-14*
*Respondent's Stipulation of*
*Facts pg 20 of 29*

Docket No. 17267-13L
Exhibit 7-J

8-8-16
Plaintiff response
EXHIBIT *exh*   PAGE *11*
No 1:16-cv-00206-PEC *J 12*
Chief Judge Patricia E. Campbell-Smith

5/19/14 Petitioner's Stipulation of Fact
Exhibit
Page 20 of 29

Internal Revenue Service
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY  11742

Person to Contact:
Kimberly A Piro
Employee ID Number: 0192211
Tel:  304-579-6823
Fax: 855-286-9705
Contact Hours: 6:30 am - 3 pm EST
Refer Reply to:
  AP:CO:LI-BRC:KAP

Date:  August 1, 2014

In Re:
  Collection Due Process - Levy
Tax Period(s) Ended:
  12/2006 12/2008 12/2009 12/2010

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL  32266-3740

Dear Ms. Langley:

*Order* ~~recommend~~ This is to inform you your case has been reassigned to me based on the
~~recommend~~ation from tax court. *@ exhibit one pgs one and two on 5/19/14*

I would like to discuss your CDP hearing with you and I am requesting you call me on
Monday, August 18, 2014 at 10:30 am EST. If this date and time does not work for you,
please call and we can reschedule.

*110.00 per int fraud slip said zew for 2009*

I have reviewed our case file. There is a zero balance on tax year 2008 and 2010. As of
the date of this letter there is a balance of $~~127.30~~ on tax year 2006. There is an
amended return for tax year 2009 being processed. However, the representative
reviewing the amended return for 2009 needs additional information to process your
claim. The representative advised me letter was issued to you explaining what
information is needed and stated the information must be received no later than
September 2, 2014 or the claim may be disallowed.

*← does not agree to trial memorandum for 2010 ( and 110.00*

If you have any questions prior to our scheduled call, please feel free to call me.

Sincerely,

Kimberly A Piro
Settlement Officer

8-8-16
Plaintiff response *NINC*
EXHIBIT ~~EIGHT~~ PAGE *ONE 11*
No 1:16-cv-00206-PEC   *18*
Chief Judge Patricia E. Campbell-Sm

*ex 9 B 14*

*(W) pg 4 Petitioner 10/21/14 response*

*17267-13*
*T pg 33*

*27396-12*
*11-20-14*
*V pg 18*

*3*

*17267-13*
*8-28-14 Petitioners Response to 8-1-14 letter*
*exhibit two pg 2 /44*

*T-802 pg 84*
*17267-13*

*P-i amended response*
*10-21-14 27396-12*

 **IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA   PA   19255-0025

In reply refer to:  0538908239
Aug. 01, 2014  LTR 4734C   1
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  200812 30

00030937
BODC:

*[handwritten: Al called 8-28-11 to tell Me Lttr will be mailed today @ 11:00 AM Wait time in 15 to 30 minutes @ never connected]*

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH  FL  32266

8-8-16
Plaintiff reesponse 8-8-8-16
EXHIBIT NINE PAGE *two 1*
No. 1:16-cv-00206-PEC *18*
Chief Judge Patricia E. Campbell-Smith

*[handwritten: rec'd 8-14-14]*

Taxpayer Identification Number:  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
Tax Period(s):  Dec. 31, 2008   Dec. 31, 2009
Dec. 31, 2011   Dec. 31, 2012
Form:  1040X

Dear Taxpayer:

On Apr. 15, 2014, we received your claim for a refund for a carryback adjustment for one or more tax periods listed above. We're sorry we can't approve it. We are returning it to you.

All carryback claims must include the following: Pages 1 & 2 of the loss year return, a computation of your loss (usually a Schedule A-NOL), if the loss is being used in more than one year, a Schedule B-NOL showing the computation of the carryover amount, all forms and schedules refigured in the carryback year(s) to include but not limited to Schedules A, D, E and Form 6251

You must complete the enclosed Schedule A-NOL to compute the loss available to carryback.  You must complete the enclosed Schedule B-NOL showing the computation of the carryover amounts from 2008 to 2009 and 2011.  You must complete the enclosed NOL carryover worksheet to compute the remaining carryover amount to 2012.

You must resubmit newly signed corrected claims for 2008, 2009, 2011 and 2012 with all of the information listed above attached to each separate claim.  These claims must be received no later than September 2, 2014 or they may be disallowed due the expiration of the statute of limitations.

Please call us toll free at 1-800-829-0922 if you have questions.

You also can write to us at the address at the top of the first page of this letter.

When you write, please include a copy of this letter and provide your telephone number with the hours we can reach you in the spaces below. You should keep a copy of this letter for your records.

Telephone Number (    ) _____   Hours *Pehhoners*

Thank you for your cooperation.

*[handwritten: PA IRS 8-28-14 Response to Ltr. 8/1/14 Exhibit one, pg. one of sixteen]*

Form 1045 (2010)

Page **2**

## Schedule A—NOL (see instructions)

| | | | | |
|---|---|---|---|---|
| 1 | Enter the amount from your 2010 Form 1040, line 41, or Form 1040NR, line 39. Estates and trusts, enter taxable income increased by the total of the charitable deduction, income distribution deduction, and exemption amount . . . . . . . . . . . . . . . . . | | | **1** |
| 2 | Nonbusiness capital losses before limitation. Enter as a positive number | **2** | | |
| 3 | Nonbusiness capital gains (without regard to any section 1202 exclusion) | **3** | | |
| 4 | If line 2 is more than line 3, enter the difference; otherwise, enter -0- | **4** | | |
| 5 | If line 3 is more than line 2, enter the difference; otherwise, enter -0- . . . . . . . . . . | **5** | | |
| 6 | Nonbusiness deductions (see instructions) | | **6** | |
| 7 | Nonbusiness income other than capital gains (see instructions) . . . . . . | **7** | | |
| 8 | Add lines 5 and 7 | | **8** | |
| 9 | If line 6 is more than line 8, enter the difference; otherwise, enter -0- | | | **9** |
| 10 | If line 8 is more than line 6, enter the difference; otherwise, enter -0-. **But do not enter more than line 5** . . . . . . | **10** | | |
| 11 | Business capital losses before limitation. Enter as a positive number | | **11** | |
| 12 | Business capital gains (without regard to any section 1202 exclusion) . . . . . . | **12** | | |
| 13 | Add lines 10 and 12 . . . . . . . . . | | **13** | |
| 14 | Subtract line 13 from line 11. If zero or less, enter -0- | | **14** | |
| 15 | Add lines 4 and 14 | | **15** | |
| 16 | Enter the loss, if any, from line 16 of your 2010 Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 15, column (3), of Schedule D (Form 1041).) Enter as a positive number. If you do not have a loss on that line (and do not have a section 1202 exclusion), skip lines 16 through 21 and enter on line 22 the amount from line 15 . . . | | **16** | |
| 17 | Section 1202 exclusion. Enter as a positive number . . . . | | | **17** |
| 18 | Subtract line 17 from line 16. If zero or less, enter -0- . . . . | **18** | | |
| 19 | Enter the loss, if any, from line 21 of your 2010 Schedule D (Form 1040). (Estates and trusts, enter the loss, if any, from line 16 of Schedule D (Form 1041).) Enter as a positive number . . . . | | **19** | |
| 20 | If line 18 is more than line 19, enter the difference; otherwise, enter -0- | **20** | | |
| 21 | If line 19 is more than line 18, enter the difference; otherwise, enter -0- | | | **21** |
| 22 | Subtract line 20 from line 15. If zero or less, enter -0- . . . . | | | **22** |
| 23 | Domestic production activities deduction from your 2010 Form 1040, line 35, or Form 1040NR, line 34 (or included on Form 1041, line 15a) . . . | | | **23** |
| 24 | NOL deduction for losses from other years. Enter as a positive number . . . . | | | **24** |
| 25 | **NOL.** Combine lines 1, 9, 17, and 21 through 24. If the result is less than zero, enter it here and on page 1, line 1a. If the result is zero or more, **you do not** have an NOL . . . . | | | **25** |

Form **1045** (2010)

Case 1767-13
IRS - Requirements 8-1-14
Exhibit one pg two of fourteen
Petitiones response 8-28-14

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT *nine*   PAGE *3.1*
No. 1:16-cv-00206-PEC   *18*
Chief Judge Patricia E. Campbell-Smith

Form 1045 (2010)

## Schedule B—NOL Carryover (see instructions)

Complete one column before going to the next column. Start with the earliest carryback year.

| | ___ preceding tax year ended ▶ | | ___ preceding tax year ended ▶ | | ___ preceding tax year ended ▶ |
|---|---|---|---|---|---|
| 1 NOL deduction (see instructions). Enter as a positive number . . . . . . | | | | | |
| 2 Taxable income before 2010 NOL carryback (see instructions). Estates and trusts, increase this amount by the sum of the charitable deduction and income distribution deduction . | | | | | |
| 3 Net capital loss deduction (see instructions) | | | | | |
| 4 Section 1202 exclusion. Enter as a positive number . . . . . . | | | | | |
| 5 Domestic production activities deduction . . . . . . . . | | | | | |
| 6 Adjustment to adjusted gross income (see instructions) | | | | | |
| 7 Adjustment to itemized deductions (see instructions) | | | | | |
| 8 Individuals, enter deduction for exemptions (minus any amount on Form 8914, line 6, for 2006 and 2009; line 2 for 2005 and 2008). Estates and trusts, enter exemption amount . . . . . . . | | | | | |
| 9 Modified taxable income. Combine lines 2 through 8. If zero or less, enter -0- | | | | | |
| 10 NOL carryover (see instructions). . | | | | | |
| **Adjustment to Itemized Deductions (Individuals Only)** Complete lines 11 through 38 for the carryback year(s) for which you itemized deductions **only** if line 3, 4, or 5 above is more than zero. | | | | | |
| 11 Adjusted gross income before 2010 NOL carryback . . . . . . | | | | | |
| 12 Add lines 3 through 6 above . . . | | | | | |
| 13 Modified adjusted gross income. Add lines 11 and 12 . . . . . . | | | | | |
| 14 Medical expenses from Sch. A (Form 1040), line 4 (or as previously adjusted) | | | | | |
| 15 Medical expenses from Sch. A (Form 1040), line 1 (or as previously adjusted) | | | | | |
| 16 Multiply line 13 by 7.5% (.075) . . | | | | | |
| 17 Subtract line 16 from line 15. If zero or less, enter -0- . . . . . | | | | | |
| 18 Subtract line 17 from line 14 . . . | | | | | |
| 19 Mortgage insurance premiums from Sch. A (Form 1040), line 13 (or as previously adjusted) . . . . . | | | | | |
| 20 Refigured mortgage insurance premiums (see instructions) . . . | | | | | |
| 21 Subtract line 20 from line 19 . . . | | | | | |

8-8-16
Plaintiff response 8-8-16
EXHIBIT ꞑ𝘪𝘯𝘦
No. 1:16-cv-00206-PEC   PAGE 4
Chief Judge Patricia E. Campbell-Smith   4/18

Form **1045** (2010)

(i case 17267-13
IRS Requirements 8-14
Exhibit one pg 3 of fourteen
Petitioners response 8-28-14

9 pg 40'

**Internal Revenue Service**
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY  11742

**Department of the Treasury**

**Person to Contact:**
Kimberly A Piro
Employee ID Number: 1000192211
Tel: 304-579-6823
Fax: 855-286-9705
Contact Hours: 6:30 am - 3 pm EST
**Refer Reply to:**
AP:CO:LI-BRC:KAP

Date:  August 22, 2014

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL  32266-3740

*received 8/26/14*

**In Re:**
Collection Due Process - Levy
**Tax Period(s) Ended:**
12/2006 12/2008 12/2009 12/2010

Dear Ms. Langley:

I received your message and have enclosed account transcripts for your records for tax years 2004 through 2010. This will give you an accounting of all payments received and refunds issued or applied to other tax years.

Again, I would like to reiterate this CDP hearing is for the Notice of Intent to Levy that was issued on tax years 2006, 2008, 2009 and 2010. Tax years 2008 and 2010 have a zero balance due as I stated previously. I misspoke during our telephone call on August 18, 2014. The amended return for tax year 2008 has not been processed as of yet.  The 2008 liability was paid with a refund offset from tax year 2013 because there was still a liability due on 2008 when the 2013 return was filed. The 2010 overpayments were applied to 2009 as I stated. This is because there is still a balance due showing on tax year 2009.

Your account indicates you have amended returns on file for tax years 2008 and 2009. You also had additional balances on tax years 2011 and 2012 which are not part of this CDP hearing, but also show amended returns were received.  A letter was previously issued to you advising you additional information was needed to process the amended returns and you would need to send the requested information directly to the address on that letter by September 2, 2014 or your claims may not be processed.

If you have any other questions, please feel free to contact me at the number listed above.

Sincerely,

Kimberly A Piro
Settlement Officer

*17267-13*

Enclosures:
Account Transcripts 2004 through 2010



# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

# Account Transcript

Request Date: 08-18-2014
Response Date: 08-18-2014
Tracking Number: 100209400564

FORM NUMBER: 1040
TAX PERIOD: Dec. 31, 2004

TAXPAYER IDENTIFICATION NUMBER: 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
SPOUSE TAXPAYER IDENTIFICATION NUMBER: 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

BARNEY J & GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: 0.00
ACCRUED INTEREST: 0.00 AS OF: Dec. 24, 2012
ACCRUED PENALTY: 0.00 AS OF: Dec. 24, 2012

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount): 0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS: 05
FILING STATUS: Married Filing Joint
ADJUSTED GROSS INCOME: 315,639.00
TAXABLE INCOME: 295,861.00
TAX PER RETURN: 37,483.90
SE TAXABLE INCOME TAXPAYER: 0.00
SE TAXABLE INCOME SPOUSE: 0.00
TOTAL SELF EMPLOYMENT TAX: 0.00

8-8-16
Plaintiff response
EXHIBIT ___ PAGE 6
No 1:16-cv-00206-PEC of 18
Chief Judge Patricia E. Campbell-Smith

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
PROCESSING DATE

Apr. 15, 2005
May 30, 2005

9 pg 41

TRANSACTIONS

## CODE EXPLANATION OF TRANSACTION

CYCLE DATE
17207-13
T-12

AMOUNT



# Internal Revenue Service
### United States Department of the Treasury

```
┌─────────────────────────────────────────────────────────────┐
│        This Product Contains Sensitive Taxpayer Data          │
└─────────────────────────────────────────────────────────────┘
```

## Account Transcript

|                    |              |
|--------------------|--------------|
| Request Date:      | 08-18-2014   |
| Response Date:     | 08-18-2014   |
| Tracking Number:   | 100209400564 |

FORM NUMBER:     1040

TAX PERIOD:     Dec. 31, 2005

TAXPAYER IDENTIFICATION NUMBER:          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

SPOUSE TAXPAYER IDENTIFICATION NUMBER:   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

GINA B LANGLEY

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Jan. 14, 2013 |
| ACCRUED PENALTY: | 0.00 | AS OF: Jan. 14, 2013 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):               0.00

8-8-16
Plaintiff response
EXHIBIY *nine* PAGE 7
No 1:16-cv-00206-PEC *9 18*
Chief Judge Patricia E. Campbell-Smith

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| | |
|---|---|
| EXEMPTIONS: | 01 |
| FILING STATUS: | Married Filing Separate |
| ADJUSTED GROSS INCOME: | 3,420.00 |
| TAXABLE INCOME: | 0.00 |
| TAX PER RETURN: | 69.65 |
| SE TAXABLE INCOME TAXPAYER: | 463.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 69.00 |

Spg 30

| | |
|---|---|
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Aug. 10, 2009 |
| PROCESSING DATE | Oct. 05, 2009 |

```
┌─────────────────────────────────────────────────────────────┐
│                        TRANSACTIONS                           │
└─────────────────────────────────────────────────────────────┘
```

## CODE EXPLANATION OF TRANSACTION          CYCLE   DATE          AMOUNT  T-13

17267-B

| 150 | Tax return filed | 20093808 10-05-2009 | $69.65 |
| n/a | 07221-255-17732-9 | | |
| 166 | Penalty for filing tax return after the due date | 20093808 10-05-2009 | $69.65 |
| 276 | Penalty for late payment of tax | 20093808 10-05-2009 | $14.63 |
| 196 | Interest charged for late payment | 20093808 10-05-2009 | $35.65 |
| 971 | Notice issued<br>CP 0023 | 10-05-2009 | $0.00 |
| 520 | Bankruptcy or other legal action filed | 08-11-2009 | $0.00 |
| 277 | Reduced or removed penalty for late payment of tax | 11-23-2009 | -$0.70 |
| 706 | Credit transferred in from<br>1040 200712 | 04-15-2008 | -$171.02 |
| 277 | Reduced or removed penalty for late payment of tax | 11-30-2009 | -$5.57 |
| 197 | Reduced or removed interest charged for late payment | 11-30-2009 | -$12.32 |
| 386 | Write-off of credit balance less than $1 | 11-30-2009 | $0.03 |
| 521 | Removed bankruptcy or other legal action | 03-02-2010 | $0.00 |

```
This Product Contains Sensitive Taxpayer Data
```

$$0 \cdot \%$$
$$69 \cdot 65 +$$
$$171 \cdot 02 -$$
$$101 \cdot 37 - \%$$

*Refund due Petitioner*

8-8-16
Plaintiff response
EXHIBIT *NINE* PAGE 8
No 1:16-cv-00206-PEC *8 of 8*
Chief Judge Patricia E. Campbell-Smith

*S pg 31*

*17267-13
T-14*

*8 J
9 P)*


# Internal Revenue Service
United States Department of the Treasury

```
┌─────────────────────────────────────────────────────────────────────┐
│          This Product Contains Sensitive Taxpayer Data                │
└─────────────────────────────────────────────────────────────────────┘
```

## Account Transcript

|                    |                |
|--------------------|----------------|
| Request Date:      | 08-18-2014     |
| Response Date:     | 08-18-2014     |
| Tracking Number:   | 100209400564   |

FORM NUMBER:    1040

TAX PERIOD:    Dec. 31, 2006

TAXPAYER IDENTIFICATION NUMBER:    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

GINA B LANGLEY

700 OAK ST

NEPTUNE BEACH, FL 32266-3740-007


         --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    109.35

ACCRUED INTEREST:                    18.77        AS OF: Sep. 01, 2014

ACCRUED PENALTY:                      0.00        AS OF: Sep. 01, 2014


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):      128.12

         ** INFORMATION FROM THE RETURN OR AS ADJUSTED **

8-8-16
Plaintiff response
EXHIBIT *NINE* PAGE 9
No 1:16-cv-00206-PEC  9/18
Chief Judge Patricia E. Campbell-Smith

EXEMPTIONS:                             01

FILING STATUS:                       Single

ADJUSTED GROSS INCOME:             7,553.00

TAXABLE INCOME:                        0.00

TAX PER RETURN:                      306.31

SE TAXABLE INCOME TAXPAYER:        1,268.00

SE TAXABLE INCOME SPOUSE:              0.00

TOTAL SELF EMPLOYMENT TAX:           194.00

17267-13
T-15

9B 9/

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Aug. 27, 2009

PROCESSING DATE                                                 Oct. 26, 2009

```
┌─────────────────────────────────────────────────────────────────────┐
│                          T R A N S A C T I O N S                      │
└─────────────────────────────────────────────────────────────────────┘
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | Tax return filed | 20094108 | 10-26-2009 | $306.31 |
| n/a | 07221-241-65517-9 | | | |
| 460 | Extension of time to file ext. Date 10-15-2007 | | 04-15-2007 | $0.00 |
| 166 | Penalty for filing tax return after the due date | 20094108 | 10-26-2009 | $100.00 |
| 276 | Penalty for late payment of tax | 20094108 | 10-26-2009 | $47.48 |
| 196 | Interest charged for late payment | 20094108 | 10-26-2009 | $62.20 |
| 971 | Notice issued CP 0023 | | 10-26-2009 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-11-2009 | $0.00 |
| 277 | Reduced or removed penalty for late payment of tax | | 11-23-2009 | -$4.60 |
| 706 | Credit transferred in from 1040 200712 | | 04-15-2008 | -$350.54 |
| 277 | Reduced or removed penalty for late payment of tax | | 11-30-2009 | -$24.50 |
| 197 | Reduced or removed interest charged for late payment | | 11-30-2009 | -$27.00 |
| 521 | Removed bankruptcy or other legal action | | 03-02-2010 | $0.00 |
| 971 | Notice issued CP 0071 | | 10-11-2010 | $0.00 |
| 290 | Additional tax assessed | 20112008 | 05-30-2011 | $0.00 |
| n/a | 17254-526-05055-1 | | | |
| 971 | Tax period blocked from automated levy program | | 10-17-2011 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-17-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-22-2012 | $0.00 |
| 971 | Collection due process request received timely | | 11-08-2012 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien (hearing) request received | | 11-08-2012 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-08-2012 | $0.00 |

```
This Product Contains Sensitive Taxpayer Data
```

8-8-16
Plaintiff response
EXHIBIT *NINE* PAGE *10*
No 1:16-cv-00206-PEC *of 15*
Chief Judge Patricia E. Campbell-Smith

U K

306.31 +
351.54 -
61.85 =

$P 33

Refund due
Pehtioner.

17267.13
T-16
9 P 100



# Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

|  |  |
|---|---|
| Request Date: | 08-18-2014 |
| Response Date: | 08-18-2014 |
| Tracking Number: | 100209400564 |

FORM NUMBER:     1040

TAX PERIOD:      Dec. 31, 2007


TAXPAYER IDENTIFICATION NUMBER:    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

GINA B LANGLEY

700 OAK ST

NEPTUNE BEACH, FL 32266-3740-007


--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF: Jan. 14, 2013 |
| ACCRUED PENALTY: | 0.00 | AS OF: Jan. 14, 2013 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):          0.00


** INFORMATION FROM THE RETURN OR AS ADJUSTED **

8-8-16
Plaintiff response
EXHIBIT *NINE* PAGE *11*
No 1:16-cv-00206-PEC *of 18*
Chief Judge Patricia E. Campbell-Smith

| | |
|---|---|
| EXEMPTIONS: | 01 |
| FILING STATUS: | Single |
| ADJUSTED GROSS INCOME: | 25,741.00 |
| TAXABLE INCOME: | 2,053.00 |
| TAX PER RETURN: | 205.30 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

*Sps 34*

| | |
|---|---|
| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Aug. 27, 2009 |
| PROCESSING DATE | Nov. 02, 2009 |

*17267-13*

```
TRANSACTIONS
```

*T-17  9  B 110*

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150 | Tax return filed | 20094208 | 11-02-2009 | $205.30 |
| n/a | 07221-241-65509-9 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2008 | -$726.86 |
| 971 | Notice issued<br>CP 0024 | | 11-02-2009 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-11-2009 | $0.00 |
| 826 | Credit transferred out to<br>1040 200512 | | 04-15-2008 | $171.02 |
| 826 | Credit transferred out to<br>1040 200612 | | 04-15-2008 | $350.54 |
| 971 | Notice issued<br>CP 0049 | | 11-30-2009 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 03-02-2010 | $0.00 |

```
This Product Contains Sensitive Taxpayer Data
```

```
                                    0 • ※

                                205•30  +
                                726•86  −
                                171•02  +
                                350•54  +
                                  0•00  ※
```

2005 offset Refund
2006 offset

8-8-16
Plaintiff response
EXHIBIT NINE    PAGE 1st
No 1:16-cv-00206-PEC  of 18
Chief Judge Patricia E. Campbell-Smith

Account Transcript 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 1040 Dec. 31, 2008 LANG          Page 1 of 2

 **Internal Revenue Service**
United States Department of the Treasury

```
┌──────────────────────────────────────────────────────────────┐
│         This Product Contains Sensitive Taxpayer Data          │
└──────────────────────────────────────────────────────────────┘
```

## Account Transcript

|  |  |
|---|---|
| Request Date: | 08-18-2014 |
| Response Date: | 08-18-2014 |
| Tracking Number: | 100209400564 |

FORM NUMBER:     1040

TAX PERIOD:     Dec. 31, 2008

TAXPAYER IDENTIFICATION NUMBER:   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

GINA B LANGLEY

700 OAK ST

NEPTUNE BEACH, FL 32266-3740-007

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                    0.00

ACCRUED INTEREST:                   0.00      AS OF: Jun. 09, 2014

ACCRUED PENALTY:                    0.00      AS OF: Jun. 09, 2014

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):      0.00

8-8-16
Plaintiff response
exhibiT *NINE*  PAGE *13*
No. 1:16-cv-00206-PEC    9/8
Chief Judge Patricia E. Campbell-Smith

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                          01

FILING STATUS:                     Single

ADJUSTED GROSS INCOME:          32,101.00

TAXABLE INCOME:                 ~~13,707.00~~      -0- *per amended return*

TAX PER RETURN:                  ~~1,658.00~~      -0-   *4-15-14 carryback*

SE TAXABLE INCOME TAXPAYER:         0.00

SE TAXABLE INCOME SPOUSE:           0.00

TOTAL SELF EMPLOYMENT TAX:          0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Aug. 27, 2009

PROCESSING DATE.                                               Sep. 28, 2009

```
┌──────────────────────────────────────────────────────────────┐
│                        TRANSACTIONS          1776-13           │
└──────────────────────────────────────────────────────────────┘
```

T-19  98 13"

Account Transcript 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 1040 Dec. 31, 2008 LANG                                    Page 2 of 2

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | Tax return filed | 20093708 | 09-28-2009 | $1,658.00 |
| n/a | 07221-241-01510-9 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2009 | -$270.19 |
| 460 | Extension of time to file ext. Date 10-15-2009 | | 04-15-2009 | $0.00 |
| 766 | Tax relief credit | | 04-15-2009 | -$600.00 |
| 276 | Penalty for late payment of tax | 20093708 | 09-28-2009 | $23.63 |
| 196 | Interest charged for late payment | 20093708 | 09-28-2009 | $14.46 |
| 971 | Notice issued CP 0023 | | 09-28-2009 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-11-2009 | $0.00 |
| 277 | Reduced or removed penalty for late payment of tax | | 10-05-2009 | -$7.87 |
| 520 | Bankruptcy or other legal action filed | | 08-11-2009 | $0.00 |
| 522 | Removed bankruptcy or other legal action | | 11-02-2009 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 03-02-2010 | $0.00 |
| 971 | Notice issued CP 0071 | | 10-11-2010 | $0.00 |
| 276 | Penalty for late payment of tax | 20103908 | 10-11-2010 | $47.27 |
| 971 | Tax period blocked from automated levy program | | 10-17-2011 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-17-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-22-2012 | $0.00 |
| 971 | Collection due process request received timely | | 11-08-2012 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien (hearing) request received | | 11-08-2012 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-08-2012 | $0.00 |
| 706 | Credit transferred in from 1040 201312 | | 04-15-2014 | -$1,140.98 |
| 276 | Penalty for late payment of tax | 20142005 | 06-02-2014 | $133.93 |
| 196 | Interest charged for late payment | 20142005 | 06-02-2014 | $141.75 |
| 971 | Amended tax return or claim forwarded for processing | | 04-15-2014 | $0.00 |
| 977 | Amended return filed | | 04-15-2014 | $0.00 |
| n/a | 19277-535-00728-4 | | | |

*[handwritten annotations: "0", "$60", "loss carry bx por amended return", "loss carryback", and various numbers]*

8-8-16
Plaintiff response
EXHIBIT NINE PAGE 14
No 1:16-cv-00206-PEC    9/15
Chief Judge Patricia E. Campbell-Smith



# Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

Request Date:      08-18-2014
Response Date:     08-18-2014
Tracking Number:   100209400564

FORM NUMBER:     1040
TAX PERIOD:      Dec. 31, 2009

TAXPAYER IDENTIFICATION NUMBER:   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

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH, FL 32266-3740-007

8-8-16
Plaintiff response
EXHIBIY *Nine* PAGE *15*
No 1:16-cv-00206-PEC  *1B*
Chief Judge Patricia E. Campbell-Smith

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:              1,169.15
ACCRUED INTEREST:               199.23    AS OF: Sep. 01, 2014
ACCRUED PENALTY:                326.10    AS OF: Sep. 01, 2014

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):  1,694.48

*1786.13*
*31*
*R pg  39*

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                        01
FILING STATUS:                 Single
ADJUSTED GROSS INCOME:       30,289.00
TAXABLE INCOME:              ~~30,933.00~~   -0- *per amended return*
TAX PER RETURN:              ~~2,721.00~~  0- *4-15-14 Carryback*
SE TAXABLE INCOME TAXPAYER:       0.00
SE TAXABLE INCOME SPOUSE:         0.00
TOTAL SELF EMPLOYMENT TAX:        0.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)   Apr. 18, 2011   *Sp 38*
PROCESSING DATE                                                May  16, 2011   *9 pg 54*

```
                        TRANSACTIONS
```
*1786.13*
*R pg 186 # 190791E  T-21*

## CODE EXPLANATION OF TRANSACTION

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 150 | Tax return filed | 20111808 | 05-16-2011 | $2,721.00 |
| n/a | 07221-109-14608-1 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2010 | -$118.71 |
| 460 | Extension of time to file ext. Date 10-15-2010 | | 04-15-2010 | $0.00 |
| 140 | Inquiry for non-filing of tax return | | 02-24-2011 | $0.00 |
| 971 | Notice issued CP 0059 | | 03-14-2011 | $0.00 |
| 766 | Credit to your account | | 04-15-2010 | -$400.00 |
| 166 | Penalty for filing tax return after the due date | 20111808 | 05-16-2011 | $550.57 |
| 196 | Interest charged for late payment | 20111808 | 05-16-2011 | $103.62 |
| 971 | Notice issued CP 0023 | | 05-16-2011 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 02-27-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-17-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-22-2012 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien (hearing) request received | | 11-08-2012 | $0.00 |
| 971 | Collection due process request received timely | | 11-08-2012 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-08-2012 | $0.00 |
| 971 | Amended tax return or claim forwarded for processing | | 04-15-2014 | $0.00 |
| 977 | Amended return filed | | 04-15-2014 | $0.00 |
| n/a | 19277-535-00582-4 | | | |
| 706 | Credit transferred in from 1040 201012 | | 04-15-2011 | -$897.86 |
| 706 | Credit transferred in from 1040 201012 | | 04-15-2014 | -$789.47 |

This Product Contain

*Handwritten annotations:*

0  $2,721.00  -5160 carryba per amended return

-5160

0·00 *

897·86 +
789·47 +
1,687·33 *

Refund due Petitioner

1726713
T-22  98

8-8-16
Plaintiff response
EXHIBIT NINE PAGE 16
No 1:16-cv-00206-PEC  9/8
Chief Judge Patricia E. Campbell-Smith

118·71 -
233·53 -
301·85 -
733·47 -
2123.99=3



# Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

|  |  |
|---|---|
| Request Date: | 08-18-2014 |
| Response Date: | 08-18-2014 |
| Tracking Number: | 100209400564 |

FORM NUMBER:      1040

TAX PERIOD:       Dec. 31, 2010

TAXPAYER IDENTIFICATION NUMBER:    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

GINA B LANGLEY

700 OAK ST

NEPTUNE BEACH, FL 32266-3740-007

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| ACCOUNT BALANCE: | 0.00 |
|---|---|
| ACCRUED INTEREST: | 0.00    AS OF: Aug. 18, 2014 |
| ACCRUED PENALTY: | 0.00    AS OF: Aug. 18, 2014 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):          0.00

8-8-16
Plaintiff response
EXHIBIT *Nine* PAGE *17*
No 1:16-cv-00206-PEC *of 18*
Chief Judge Patricia E. Campbell-Smith

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| EXEMPTIONS: | 01 |
|---|---|
| FILING STATUS: | Single |
| ADJUSTED GROSS INCOME: | 22,014.00 |
| TAXABLE INCOME: | 0.00 |
| TAX PER RETURN: | 1,485.00 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

-0-   Refund due
-0-   $1687.33
      per Notice CP49
      8-18-14 . See
                      T24
            9 B 17d

| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Apr. 15, 2011 |
|---|---|
| PROCESSING DATE | May  23, 2011 |

```
                              TRANSACTIONS
```

17267-13
T-23

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 150 | Tax return filed | 20111908 | 05-23-2011 | $1,483.00 |
| n/a | 07221-109-50712-1 | | | |
| 806 | W-2 or 1099 withholding | | 04-15-2011 | -$497.86 |
| 766 | Credit to your account | | 04-15-2011 | -$400.00 |
| 196 | Interest charged for late payment | 20111908 | 05-23-2011 | $2.44 |
| 971 | Notice issued CP 0023 | | 05-23-2011 | $0.00 |
| 971 | Tax period blocked from automated levy program | | 10-24-2011 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-17-2012 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-22-2012 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien (hearing) request received | | 11-08-2012 | $0.00 |
| 971 | Collection due process request received timely | | 11-08-2012 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-08-2012 | $0.00 |
| 706 | Credit transferred in from 1040 201312 | | 04-15-2014 | -$789.47 |
| 276 | Penalty for late payment of tax | 20142005 | 06-02-2014 | $146.28 |
| 196 | Interest charged for late payment | 20142005 | 06-02-2014 | $55.61 |
| 971 | Amended tax return or claim forwarded for processing | | 04-15-2014 | $0.00 |
| 977 | Amended return filed | | 04-15-2014 | $0.00 |
| n/a | 19277-535-01512-4 | | | |
| 291 | Prior tax abated | | 08-18-2014 | -$1,483.00 |
| n/a | 28254-606-05247-4 | | | |
| 277 | Reduced or removed penalty for late payment of tax | | 08-18-2014 | -$146.28 |
| 197 | Reduced or removed interest charged for late payment | | 08-18-2014 | -$58.05 |
| 826 | Credit transferred out to 1040 200912 | | 04-15-2011 | $897.86 |
| 826 | Credit transferred out to 1040 200912 | | 04-15-2014 | $789.47 |
| 971 | Notice issued CP 0021 | | 08-18-2014 | $0.00 |
| 971 | Notice issued CP 0049 | | 08-18-2014 | $0.00 |

This Product Contains Sensitive Taxpayer Data

8-8-16
Plaintiff response
EXHIBIT N N C PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

0.00 *

497.86 + w2
400.00 + credit in from 2013
789.47 +
1,687.33 *

1,483.00 +
146.28 +
58.05 +
1,687.33 *

8-8-16
Plaintiff response 8-8-16
EXHIBIT TEN PAGE *one*
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbe

## UNITED STATES TAX COURT

GINA BRASHER LANGLEY                )
                                    )
            Petitioner,             )
                                    )
        v.                          )   Docket No.  17267-13 L
                                    )
                                    )   Filed Electronically
COMMISSIONER OF INTERNAL REVENUE,   )
                                    )
            Respondent.             )

### RESPONDENT'S STATUS REPORT

In accordance with the Court's Order on June 26, 2014, respondent is providing the Court with a status report on the above captioned matter.

1.   On May 19, 2014, in Birmingham, Alabama, the parties appeared and were heard regarding this matter.

2.   On June 26, 2014, this Court Ordered petitioner's collection due process ("CDP") case be remanded back to respondent's Office of Appeals, and Ordered that a new independent Appeals Officer be assigned to the case.

3.   Further, this Court Ordered the Office of Appeals to hold a CDP hearing by August 25, 2014.

4.   Further, this Court Ordered respondent to provide petitioner with an accounting of the payments applied and refunds made for tax years 2004 through 2010.

17267-13
10-23-14
Respondents Status
Report
pg 1 of 4    exh 10
pg 1 of

8-8-16
Plaintiff response *ten*   2
EXHIBIT
PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Docket No. 17267-13L

    5.    The Court Ordered the respondent to issue a

supplemental notice of determination to petitioner, clarifying

the basis for determination made.

    6.    The Court Ordered that the parties submit joint or

                    reports regarding the status of the case by

                    ember 29, 2014, petitioner filed a response to

                    26, 2014, Order, which appears to be a status

                    re, respondent is submitting his own status

                    ner's CDP case concerns tax years 2006, 2008,

2009, and 2010, as noted on the notice of determination.

    10.    Respondent assigned a new Settlement Officer, Kimberly

Piro, to handle petitioner's case.  Ms. Piro has no prior

involvement in this matter.

    11.    In preparation for contacting petitioner, Ms. Piro

determined that the petitioner had submitted a 1040X for tax

year 2009, directly to respondent's compliance department.

    12.    Ms. Piro sent petitioner a letter on August 1, 2014,

scheduling a CDP hearing for August 18, 2014.

    13.    The August 1, 2014, letter also informed petitioner

that she had until September 2, 2014, to submit documentation to

17267-13   10·23·14
Respondents StatusReport
page 2 of 4

exh. 10
pg 2 of

8-8-16
Plaintiff response
EXHIBIT *ten*          PAGE 3
No 1:16-cv-00206-PEC    of 5
Chief Judge Patricia E. Campbell-Smith

Docket No. 17267-13L

respondent's compliance department, supporting her position on
the 2009 1040X.

14.   The CDP hearing was held on August 18, 2014.

15.   Petitioner did not raise collection alternatives, but
continued to dispute that taxes were owing, and claimed that she
was due refunds for tax years 2008 and 2010.

16.   Ms. Piro provided petitioner with a copy of the refund
check for the 2004 refund, and was provided account transcripts
for tax years 2004 through 2010, for her to review the
application of payments.

17.   Petitioner provided respondent's compliance department
with some supporting documentation regarding the 2009 1040X.

18.   It appears there was some confusion as to whether
respondent's compliance division timely received the information
from petitioner for consideration of the 1040X.  Even so,
petitioner's information is being considered.

19.   Upon conclusion of respondent's compliance division's
review of petitioners 2009 1040X, Ms. Piro will determine if
further consideration of the 2009 tax will be necessary at the
Appeals level.

20.   Due to the involvement of the compliance division, Ms.
Piro needs additional time to consider the 2009 tax liability
before issuing a supplemental notice of determination.

17267-13   10·23·14
Respondents Status Report
page 3 of 4

exch 10
pg 34

Plaintiff response
EXHIBIT *ten*   PAGE ___
No 1:16-cv-00206-PEC   5
Chief Judge Patricia E. Campbell-Smith

Docket No. 17267-13L

     Wherefore, respondent respectfully submi    his status

report.

                               WILLIAM J. WILKINS
                               Chief Counsel
                               Internal Revenue Service

Date: __10/23/2014__

                               CLINT J. LOCKE
                               Attorney
                               (Small Business/Self-Employed)
                               Tax Court Bar No. LC0405
                               801 Tom Martin Dr
                               Rm 257
                               Birmingham, AL 35211
                               Telephone: (205) 912-5465

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
ELLEN T. FRIBERG
Area Counsel
(Small Business/Self-Employed:Area 3)
HORACE CRUMP
Associate Area Counsel
(Small Business/Self-Employed)

*17267-13  10·23·14*
*Respondents Status Report*
*pg 4 of 4*

*exh 10*
*pg 4 of*

8-8-16
Plaintiff response
EXHIBIT *ten*   PAGE 5 of
No 1:16-cv-00206-PEC   5
Chief Judge Patricia E. Campbell-Smith

exh 10
pg 5 of

# Form 1040X
(Rev. December 2012)

Department of the Treasury—Internal Revenue Service

## Amended U.S. Individual Income Tax Return

► Information about Form 1040X and its separate instructions is at *www.irs.gov/form1040x.*

OMB No. 1545-0074

This return is for calendar year ☐ 2012 ☐ 2011 ☐ 2010 ☒ 2009
Other year. Enter one: calendar year _____ or fiscal year (month and year ended): _____

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| Gina B B | Langley | 257 27 0076 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |

Home address (number and street). If you have a P.O. box, see instructions.
700 Oak St                                        Apt. no.        Your phone number

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below (see instructions).
Neptune Beach Fl 32766

Foreign country name        Foreign province/state/county        Foreign postal code

Amended return filing status. You **must** check one box even if you are not changing your filing status.
*Caution.* In general, you cannot change your filing status from joint to separate returns after the due date.
☒ Single   ☐ Married filing jointly   ☐ Married filing separately
☐ Qualifying widow(er)   ☐ Head of household (If the qualifying person is a child but not your dependent, see instructions.)

Use Part III on the back to explain any changes

| | | A. Original amount or as previously adjusted (see instructions) | B. Net change—amount of increase or (decrease)—explain in Part III | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 | Adjusted gross income. If net operating loss (NOL) carryback is included, check here ► ☐ | 30289.70 | -0- | 30289.70 |
| 2 | Itemized deductions or standard deduction | 5700.00 | 376365.66 | 382,065.66 |
| 3 | Subtract line 2 from line 1 | 24589.70 | | 382,065.66 / 93 |
| 4 | Exemptions. *INTERNAL REVENUE SERVICE* If changing, complete Part I on page 2 and enter the amount from line 30 *Nondealer—FIELD* | | (366.60, 93) | 366.60 |
| 5 | Taxable income. Subtract line 4 from line 3 *JACKSONVILLE, FL 32202* | 365000 | (365.00.93) | 3650.00 |
| **Tax Liability** | *APR 15 2014* | | | |
| 6 | Tax. Enter method used to figure tax: | 20939.70 | 0 | 0 |
| 7 | Credits. If general business credit carryback is included, check *RECEIVED* here ► ☐ *95514* | 2721.00 | (2721.00) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- | 0 | | 0 |
| 9 | Other taxes | 0 | | |
| 10 | Total tax. Add lines 8 and 9 | 2721.00 | (2721.00) | 0 |
| **Payments** | | | | |
| 11 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see instructions) | 118.71 | | 118.71 |
| 12 | Estimated tax payments, including amount applied from prior year's return | 0 | | 0 |
| 13 | Earned income credit (EIC) | 0 | | 0 |
| 14 | Refundable credits from Schedule(s) ☐ 8812 or ☐ M or Form(s) ☐ 2439 ☐ 4136 ☐ 5405 ☐ 8801 ☐ 8812 (2009–2011) ☐ 8839 ☐ 8863 ☐ 8885 or ☐ other (specify): | 0 | | 0 |
| 15 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | | | 0 |
| 16 | Total payments. Add lines 11 through 15 | | | 118.71 |
| **Refund or Amount You Owe** *(Note. Allow 8–12 weeks to process Form 1040X.)* | | | | |
| 17 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS | | | 0 |
| 18 | Subtract line 17 from line 16 (If less than zero, see instructions) | | | 118.71 |
| 19 | **Amount you owe.** If line 10, column C, is more than line 18, enter the difference | | | 0 |
| 20 | If line 10, column C, is less than line 18, enter the difference. This is the amount **overpaid** on this return | | | 118.71 |
| 21 | Amount of line 20 you want **refunded** to you | | | 118.71 |
| 22 | Amount of line 20 you want **applied to your** (enter year): _____ estimated tax ► | 22 | | |

For Paperwork Reduction Act Notice, see instructions.        Cat. No. 11360L        Complete and sign this form on Page 2.
Form 1040X (Rev. 12-)

Exhibit 13
Page 1 of 8

Form 843 tax year 2009 attachment B 10-29-15



Department of the Treasury
**Internal Revenue Service**
Atlanta, GA 39901-0010

For assistance, call:
1-800-829-0922
**Your Caller ID:** 215913

**Notice Number:** CP23
**Date:** October 5, 2009 ←

001973.613064.0013.001 1 AB 0.360 926

**Taxpayer Identification Number:**
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
**Tax Form:** 1040



001973

GINA B LANGLEY
1418 PINEWOOD RD
JACKSONVILLE BC   FL   32250-2919

8-8-16
Plaintiff response
exhibiT ELEVEN PAGE *one*
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-

## We Changed Your Estimated Tax Total - You Have an Amount Due

We changed your 2005 Estimated Tax Total reported on your return. Estimated Tax Total may include Estimated Tax Payments, credit applied from another tax year, or payments received with an extension of time to file. As a result of these changes, you owe $189.58 as shown in your tax statement below. If you think we made a mistake, please call us at the number listed above. When you call, please have your payment information and a copy of your tax return available. This information will help us find any payment you made that we haven't applied.

## Tax Statement

**Income**

| | | |
|---|---|---|
| Adjusted Gross Income on Return | | $1,417.00 *incorrect* |
| Adjusted Gross Income on Return as Corrected | | $3,420.00 |
| Taxable Income on Return | | $.00 |
| **Payments and Credits** | | |
| Tax Withheld | | $.00 |
| Estimated Tax Payments | | $.00 |
| Other Credits | | $.00 |
| Other Payments | 0.00 * | $.00 |
| Total Payments and Credits | | $.00 |
| **Tax** | 3,420.00 + | |
| Total Tax on Return | 2,003.00 * | $69.65 |
| **Underpayment of Taxes** | | $69.65 |
| Plus: | | |
| Penalty | | $84.28 |
| Interest | | $35.65 |
| Amount You Owe | | $189.58 |
| Subtracted Payments We Haven't Included | $_____ | |
| **You Owe the Adjusted Amount** | $_____ | |

POTRD = Petitioners objection to respondents Declaration
17267.13
exhibit E pg 8.5 of 8
4-5-14

The Defendant's notices of refunds due / credits erroneously applied for Plaintiff's 2013 tax year and the Plaintiff's amended tax years 2008, 2009, 2010, 2011 and 2012 total $16,851.06 are summarized at a through m below.

```
0·00    *
3,210·27 +
1,146·00 +
2,074·03 +
  833·75 +
    8·97 +
1,279·82 +
1,687·33 +
  789·47 +
1,483·00 +
  897·86 +
  612·25 +
1,687·33 +
1,140·98 +
16,851·06 *
```

a.  Tax year 2013 notice to Plaintiff by Defendant dated June 2, 2014 Overpayment for tax year 2013 $3,210.27(D33) #26 in Plaintiff's 6-27-16 objection to Defendant's motion to dismiss.

b.  Tax year 2012 notice to Plaintiff by Defendant dated February 15, 2016 refund due $1,146.00 (B108) ,#22 in Plaintiff's 6-27-16 objection.

c.  Tax year 2012 notice to Plaintiff by Defendant dated  February 15, 2016 decrease in tax $2,074.03 (B108)   #23 in Plaintiff's objection 6-27-16.

d.  Tax year 2011, Defendant notice dated 2-16-2016 amount applied $833.75. (B107)

e.   Tax year 2011 notice dated 2-22-2016 $8.97 (D33)  #24  in Plaintiff's objection 6-27-16.

f.  Tax year 2011, notice dated 6-2-14, (D33) amount applied $1,279.82

g.  Tax year 2010 notice to Plaintiff by Defendant dated  August 18, 2014 overpayment $1,687.33 (D24) #6 in Plaintiff's objection 6-27-16.

h..  Tax year 2010, notice to Plaintiff by Defendant dated June 2, 2014 amount applied $789.47 (D33)

i.  Tax year 2010, notice dated 8-1-2014 tax decrease  $1,483.00 (B44, D25).

j.  Tax year 2009 transcripts  Credit transferred in from 2010 dated 4-15-2011 $897.86 (B48) #7 in Plaintiff's objection 6-27-16.

k.  Tax year 2009, Defendant notice dated 2-16-2016 amount applied $612.25 (B107)

l.  tax year 2009, Defendant notice dated 8-18-2014 amount applied $1,687.33 (D24)

m.  Tax year 2008, Defendant notice dated 6-2-14 (D33) amount applied $1,140.98   (B48) # 8 in Plaintiff's objection 6-27-16.

The Defendant has not addressed why the Plaintiff's over-payments noticed as

8-8-16
Plaintiff response
EXHIBIT TWELVE PAGE One
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-

7-26-16
Plaintiff motion
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

5

submitted
exhibit E
5/21/09
#9012

8-8-16
Plaintiff response
EXHIBIT THIRTEEN PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell

**Form 8857**
(Rev. June 2007)
Department of the Treasury
Internal Revenue Service (99)

## Request for Innocent Spouse Relief

► Do not file with your tax return.   ► See separate instructions.

OMB No. 1545-1596

### Important things you should know

- Answer all the questions on this form that apply, attach any necessary documentation, and sign on page 4. Do not delay filing this form because of missing documentation. See instructions.
- By law, the IRS must contact the person who was your spouse for the years you want relief. There are no exceptions, even for victims of spousal abuse or domestic violence. Your personal information (such as your current name, address, and employer) will be protected. However, if you petition the Tax Court, your personal information may be released. See instructions for details.
- If you need help, see *How To Get Help* in the instructions.

**Part I**   **Should you file this form?** You must complete this part for each tax year.

| | | Tax Year 1 | Tax Year 2 | Tax Year 3* |
|---|---|---|---|---|
| 1 | Enter each tax year you want relief. It is important to enter the correct year. For example, if the IRS used your 2006 income tax refund to pay a 2004 tax amount you jointly owed, enter tax year 2004, not tax year 2006 . . . . . . . . . . . . . . . ► **Caution.** The IRS generally cannot collect the amount you owe until your request for each year is resolved. However, the time the IRS has to collect is extended. See *Collection Statute of Limitations* on page 3 of the instructions. | 1 | 2004 | | |

| | | | Yes | No | Yes | No | Yes | No |
|---|---|---|---|---|---|---|---|---|
| 2 | Check the box for each year you would like a refund if you qualify for relief. You may be required to provide proof of payment. See instructions | 2 | ☑ | ☐ | ☐ | | ☐ | |
| 3 | Did the IRS use your share of the joint refund to pay any of the following past-due debts of your spouse: federal tax, state income tax, child support, spousal support, or federal non-tax debt such as a student loan? <br> • If "Yes," stop here; do not file this form for that tax year. Instead, file Form 8379. See instructions. <br> • If "No," go to line 4 | 3 | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| 4 | Did you file a joint return for the tax year listed on line 1? <br> • If "Yes," skip line 5 and go to line 6. <br> • If "No," go to line 5 | 4 | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 5 | If you did not file a joint return for that tax year, were you a resident of Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, or Wisconsin? <br> • If "Yes," see *Community Property Laws* on page 2 of the instructions. <br> • If "No" on both lines 4 and 5, stop here. Do not file this form for that tax year | 5 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

*If you want relief for more than 3 years, fill out an additional form.

**Part II**   **Tell us about yourself**

**6** Your current name (see instructions)
GINA BRASHER LANGLEY

Your social security number

Your current home address (number and street). If a P.O. box, see instructions.
1418 Pinewood Rd.

Apt. no.   County
Duval

City, town or post office, state, and ZIP code. If a foreign address, see instructions.
Jacksonville Beach Fl 32250

Best daytime phone number
(904) 307-4135

**Part III**   **Tell us about you and your spouse for the tax years you want relief**

**7** Who was your spouse for the tax years you want relief? File a separate Form 8857 for tax years involving different spouses or former spouses.

That person's current name
Barney Langley

Social security number (if kn

Current home address (number and street) (if known). If a P.O. box, see instructions.
700 Oak St

Apt. no.

City, town or post office, state, and ZIP code. If a foreign address, see instructions.
Neptune Beach Fl 32266

Best daytime phon
(904) 245

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 24647V    Form 8'

4-15-11
exhibit 3   Form 8857

# 1510791 E
R - 3C-21 pg 19    Respondents 5-19-14 Motion to Dismiss
Petitioners Objection to IRS Motion to Dismiss
6-18-14
pg 7 of 15
exhibit two

Docket No. 27396-12
Exhibit B

8-8-16
Plaintiff response
EXHIBIT *13* PAGE *2(?)*
No 1:16-cv-00206-PEC    *4*
Chief Judge Patricia E. Campbell-Smith

*attes*
*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*

*exhibit E*
*5/2/09*

Form **8857**
(Rev. June 2007)
Department of the Treasury
Internal Revenue Service (99)

**Request for Innocent Spouse Relief**

► Do not file with your tax return.   ► See separate instructions.

OMB No. 1545-1596

*exhibit E*
*#7042*
*9042*

### Important things you should know

- Answer all the questions on this form that apply, attach any necessary documentation, and sign on page 4. Do not delay filing this form because of missing documentation. See instructions.
- By law, the IRS must contact the person who was your spouse for the years you want relief. There are no exceptions, even for victims of spousal abuse or domestic violence. Your personal information (such as your current name, address, and employer) will be protected. However, if you petition the Tax Court, your personal information may be released. See instructions for details.
- If you need help, see *How To Get Help* in the instructions.

| **Part I** | **Should you file this form?** You must complete this part for each tax year. |
| --- | --- |

1  Enter each tax year you want relief. It is important to enter the correct year. For example, if the IRS used your 2006 income tax refund to pay a 2004 tax amount you jointly owed, enter tax year 2004, not tax year 2006.
   Caution. The IRS generally cannot collect the amount you owe until your request for each year is resolved. However, the time the IRS has to collect is extended. See *Collection Statute of Limitations* on page 3 of the instructions.

2  Check the box for each year you would like a refund if you qualify for relief. You may be required to provide proof of payment. See instructions . . . . . . . . . ►

3  Did the IRS use your share of the joint refund to pay any of the following past-due debts of your spouse: federal tax, state income tax, child support, spousal support, or federal non-tax debt such as a student loan?
   - If "Yes," stop here; do not file this form for that tax year. Instead, file Form 8379. See instructions.
   - If "No," go to line 4 . . . . . . . . . . . . . . . . . . . .

4  Did you file a joint return for the tax year listed on line 1?
   - If "Yes," skip line 5 and go to line 6.
   - If "No," go to line 5 . . . . . . . . . . . . . . . . . . . .

5  If you did not file a joint return for that tax year, were you a resident of Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, or Wisconsin?
   - If "Yes," see *Community Property Laws* on page 2 of the instructions.
   - If "No" on both lines 4 and 5, stop here. Do not file this form for that tax year

|  | Tax Year 1 | Tax Year 2 | Tax Year 3* |
| --- | --- | --- | --- |
| 1 | 2004 | | |
|  | Yes  No | Yes  No | Yes  No |
| 2 | ☑ ☐ | ☐ ☐ | ☐ ☐ |
| 3 | ☐ ☑ | ☐ ☐ | ☐ ☐ |
| 4 | ☑ ☐ | ☐ ☐ | ☐ ☐ |
| 5 | | | |

*If you want relief for more than 3 years, fill out an additional form.

| **Part II** | **Tell us about yourself** |
| --- | --- |

6  Your current name (see instructions)
   GINA BRASHER LANGLEY

   Your current home address (number and street). If a P.O. box, see instructions.    700 Oak St
   City, town, or post office, state, and ZIP code. If a foreign address, see instructions.    Neptune Bch Fl 32266

   Your social security number
   Apt. no. | County
            | Duval
   Best daytime phone number

| **Part III** | **Tell us about you and your spouse for the tax years you want relief** |
| --- | --- |

7  Who was your spouse for the tax years you want relief? File a separate Form 8857 for tax years involving different spouses or former spouses.

   That person's current name
   Barney Langley

   Current home address (number and street) (if known). If a P.O. box, see instructions.    221 Marcn┐l St
   City, town or post office, state, and ZIP code. If a foreign address, see instructions.    Neptune Beach Fl 32266

   Social security number (if kn
   Apt. no.
   Best daytime phon
   1904 1245

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 24647V    Form 8857

*Petitioners Objection
exhibit A pg 23 of 40
4-5-14*

*4-15-11
exhibit 3   Form 8857
Respondents Declaration
Docket No. 17267-13L
Exhibit H*

5/19/14 Petitioner's Stipulation of Fact
Exhibit 8
Page 65 of

8-8-16
Plaintiff response
EXHIBIT 13      PAGE 3
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Form 8857 (Rev. 8-2007)                                                    Page 2

Note: If you need more room to write your answer for any question, attach more pages. Be sure to write your name and social security number on the top of all pages you attach.

**Part III   (Continued)**

8   What is the current marital status between you and the person on line 7?

☐ Married and still living together

☐ Married and living apart since __/__/____
                                  MM  DD  YYYY

☐ Widowed since __/__/____        Attach a photocopy of the death certificate and will (if one exists).
                 MM  DD  YYYY

☐ Legally separated since __/__/____   Attach a photocopy of your entire separation agreement.
                          MM  DD  YYYY

☑ Divorced since 1/26/2006        Attach a photocopy of your entire divorce decree. *attached*
                 MM  DD  YYYY

*exhibit C*
*5-21-09*
*IRS*

Note: A divorce decree stating that your former spouse must pay all taxes does not necessarily mean you qualify for relief.

9   What was the highest level of education you had completed when the return(s) were filed? If the answers are not the same for all tax years, explain.

☐ High school diploma, equivalent, or less
☐ Some college
☑ College degree or higher. List any degrees you have ▶ *Business administration*

List any college level business or tax-related courses you completed _____

Explain ▶ _____

10   Were you a victim of spousal abuse or domestic violence during any of the tax years you want relief? If the answers are not the same for all tax years, explain.

☑ Yes. Attach a statement to explain the situation and when it started. Provide photocopies of any documentation, such as police reports, a restraining order, a doctor's report or letter, or a notarized statement from someone who was aware of the situation. *See*  *case # GGV PR-9017 response to motion to strike and*
☐ No.  *motion for default judgment pages one thru four and exhibits*
        *one thru twenty one   bank book filed 4/3/09*

11   Did you sign the return(s)? If the answers are not the same for all tax years, explain.

☑ Yes. If you were forced to sign under duress, threat of harm or other form of coercion, check here ▶ ☐  See instructions.
☐ No. Your signature was forged. See instructions.

12   When any of the returns were signed, did you have a mental or physical health problem or do you have a mental or physical health problem now? If the answers are not the same for all tax years, explain.

☑ Yes. Attach a statement to explain the problem and when it started. Provide photocopies of any documentation, such as medical bills or a doctor's report or letter.

**Part IV   Tell us how you were involved with finances and preparing returns for those tax years.**

13   How were you involved with preparing the returns? Check all that apply and explain, if necessary. If the answers are not the same for all tax years, explain.

☑ You filled out or helped fill out the returns. *in 2005 after filing for divorce before a final judgment*
☐ You gathered receipts and cancelled checks.
☐ You gave tax documents (such as Forms W-2, 1099, etc.) to the person who prepared the returns.
☐ You reviewed the returns before they were signed.
☐ You did not review the returns before they were signed. Explain below.
☐ You were not involved in preparing the returns.
☐ Other ▶ _____                                    *I: 11-10-09/etter 1st*
Explain how you were involved ▶ *In the Courts order of the final dissolution*    *pg 2 of 5*
*of marriage rendered on 6/26/06. I Nina Langley*

*#1510791E  Respondent's 5-19-14 Motion to Dismiss*
*R-3C 71-pg 10 Petitioners Objection to R's Motion to Dismiss*
*6-18-14*                                              Docket No. 27396-12
*8 of 15*                                              Exhibit B

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT 13 PAGE 4
No. 1:16-cv-00206-PEC 9
Chief Judge Patricia E. Campbell-Smith

Form 8857 (Rev. 6-2007) exhibit E 5-21-09 IRS Page 4

**Part V** Tell us about your current financial situation

20 Tell us the number of people currently in your household. Adults 1 Children 2

21 Tell us your current average monthly income and expenses for your entire household. If family or friends are helping to support you, include the amount of support as gifts under Monthly income. Under Monthly expenses, enter all expenses, including expenses paid with income from gifts.

| Monthly income | Amount | Monthly expenses | Amount |
|---|---|---|---|
| Gifts | 0 | Federal, state, and local taxes deducted from your paycheck | 438.83 |
| Wages (Gross pay) | 3156.90 | Rent or mortgage | 1420.00 |
| Pensions | -0- | Utilities | 200.00 |
| Unemployment | -0- | Telephone | 58.00 |
| Social security | -0- | Food Real estate taxes | 300.00 |
| Government assistance, such as housing, food stamps, grants | -0- | Car expenses, payments, insurance, etc. repairs, gas | 391.00 |
| Alimony | -0- | Medical expenses, including medical insurance | 200.00 |
| Child support | -0- | Life insurance | N/A |
| Self-employment business income | | Clothing | 70.00 |
| Rental income | 0 | Child care | 0 |
| Interest and dividends | | Public transportation | 0 |
| Other income, such as disability payments, gambling winnings, etc. List the type below: | | Other expenses, such as real estate taxes, child support, etc. List the type below: exhibit 4 | |
| Type | 0 | Type 3rd child support by providing | |
| Type | 0 | Type housing valued | |
| Type | 0 | Type @ 2890 loss of use of assets | 4571.00 |
| Total | 3156.90 | Total | 7599.83 |

22 Please provide any other information you want us to consider in determining whether it would be unfair to hold you liable for the tax. If you need more room, attach more pages. Be sure to write your name and social security number on the top of all pages you attach.

In the Court's Orders rendered on June 21, 2002 [illegible] [illegible] contributed to any of the financial obligations of the [illegible] I paid [illegible] [illegible] [illegible] [illegible] marital debt therefore I was refund of [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] $20,000 as paid up capital [illegible] [illegible] corporation which was never recorded as a gift [illegible] recorded as marital [illegible] [illegible] corporation and interest [illegible]

Caution By signing this form, you understand that, by law, we must contact the person on line 7. See instructions for details.

**Sign Here** Under penalties of perjury, I declare that I have examined this form and any accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy for your records. Your signature [signature] Date 5/18/09

**Paid Preparer's Use Only** Preparer's signature | Date | Check if self-employed ☐ | Preparer's SSN or PTIN
Firm's name (or yours if self-employed), address, and ZIP code | EIN | Phone no.

Form 8857 (Rev. 6-2007)

4-15-11 exhibit 3 Form 8857

J 11-10-09 letter IRS pg 4 of 5

Respondents 5-19-14 Motion to Dismiss Dismiss
#1510791E Petitioners Objection to R's Motion to
6-18-11
R-3C 21 pg 22 exhibit two

Docket No. 27396-12
Exhibit B

**UNITED STATES TAX COURT**

GINA BRASHER LANGLEY         )
                                   )
             Petitioner,    )
                                   )
             v.               )   Docket No.  27396-12
                                   )
COMMISSIONER OF INTERNAL REVENUE,  )   Filed Electronica:
                                   )
             Respondent.   )

8-8-16
Plaintiff response
EXHIBIT FOURTEEN PAGE 19
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Sr.

**MOTION TO DISMISS FOR LACK OF JURISDICTION**

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by I.R.C. § 6015(e) or § 7502.

IN SUPPORT THEREOF, Respondent respectfully states:

1.  The final determination dated June 23, 2011, upon which the above-entitled case is based, was sent to Petitioner's last known address, the address shown in the final determination, by certified mail on June 23, 2011.  A copy of the final determination is attached as Exhibit A.

2.  Evidence of certified mailing is shown by the postmark date stamped on the certified mailing list, a copy of which is attached hereto as Exhibit B.

3.  The certified mail number 7161 7618 3633 3739 1366, corresponds exactly to the certified mail number on the final determination, which is located at the top of the letter.

Page: 6 of 19

Name and Address of Sender

IRS DETROIT COMPUTING CENTER
985 MICHIGAN AVE
DETROIT, MI 48226

Job No. 885780.883460

Date: 06/23/2011

Tag: CRX0311E.CSC.20110623

Check type of mail or service:
- [X] Certified
- [ ] Delivery Confirmation
- [ ] Recorded Delivery (International)
- [ ] Registered

Affix Stamp Here (If issued as a certificate of mailing or for additional copies of this bill.)
Postmark and Date of Receipt

U.S.P.S.
JUN 23 2011
B.M.E.U.
DMI PLANT LOAD

| | Article Number | Addressee (Name, Street, City, State, & ZIP Code) | Postage | Fee | Handling Charge | Act. Value | Ins. Value | Due Sender if COD | DC Fee | SC Fee | SH Fee | RD Fee | RR Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 106. | | | | 2.85 | | | | | | | | | |
| 107. | | | | 2.85 | | | | | | | | | |
| 108. | | | | | | | | | | | | | |
| 109. | | | | 2.85 | | | | | | | | | |
| 110. | | | | 2.85 | | | | | | | | | |
| 111. | | | | 2.85 | | | | | | | | | |
| 112. | | | | 2.85 | | | | | | | | | |
| 113. | | | | 2.85 | | | | | | | | | |
| 114. | | | | 2.85 | | | | | | | | | |
| 115. | | | | 2.85 | | | | | | | | | |
| 116. | | | | 2.85 | | | | | | | | | |
| 117. | | | | 2.85 | | | | | | | | | |
| 118. | 7161 7618 3633 3739 1366 | GINA B LANGLEY<br>700 OAK ST<br>NEPTUNE BEACH FL 32266-3740 | | 2.85 | | | | | | | | | |
| 119 | | | | 2.85 | | | | | | | | | |
| 120 | | | | 2.85 | | | | | | | | | |
| 121 | | | | 2.85 | | | | | | | | | |
| 122 | | | | 2.85 | | | | | | | | | |
| 123 | | | | 2.85 | | | | | | | | | |
| 124 | | | | 2.85 | | | | | | | | | |
| 125 | | | | 2.85 | | | | | | | | | |
| 126 | | | | | | | | | | | | | |

8-8-16
Plaintiff response 8-8-16
EXHIBIT 14 PAGE 23
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

| Pieces Listed by Mailer | Received at Post Office | Postmaster, Per (Name of receiving USPS employee) | | | | |
|---|---|---|---|---|---|---|
| *1 21 | | | 0.000 | 59.85 | 0.00 | 0.0 |
| | | Cumulative Totals: | 0.000 | 359.10 | 0.00 | 0.0 |

cQuencer Version: 12.00.

Docket No. 27396-12
Exhibit B

**IRS** Department of the Treasury
Internal Revenue Service
P.O. Box 120053, Stop 840F
Covington  KY  41012

7161761836333739 1366

In reply refer to:  0297543211
June 23, 2011  LTR 3279C  E0
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  200412 30
                              00014485
                    BODC: WI

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266-3740

000658

CERTIFIED MAIL

Social Security Number:

8-8-16
Plaintiff response
exhibiT 14   PAGE 3
No. 1:16-cv-00206-PEC   13
Chief Judge Patricia E. Campbell-Smith

|                            |              |
|----------------------------|--------------|
| Form:                      | 8857         |
| Tax Year(s):               | 2004         |
| Contact Person:            | Mr. Mutters  |
| Employee Identification Number: | 0129853 |
| Contact Telephone Number:  | 866-897-4270 |
| Fax Number:                | 859-669-5256 |

FINAL DETERMINATION

Dear Taxpayer:

We considered your Form 8857, Request for Innocent Spouse Relief, and
have made our final determination. In this letter, we explain the
steps you can take if you disagree with our determination to deny
full or partial relief.

For TAX YEAR(S) 2004

You are denied relief under IRC section 6015(f) of the Internal
Revenue Code.

In order to obtain relief under IRC section 6015(f) under Revenue
Procedure 2003-61 a requesting spouse must show that:
- A joint return was filed for the year in which relief is
  requested.
- Relief is not available under IRC sections 6015(b) and (c).
- The request for relief is made within 2 years from the date of the
  first collection activity (with respect to the requesting spouse)
  after July 22, 1998.
- The liability must be attributable to the nonrequesting spouse.
  Exceptions include:
    - Items attributable to the requesting spouse are solely due to
      the operation of community property law
    - Nominal ownership (name only) where the requesting spouse
      rebuts
    - Misappropriation of funds
    - Abuse not amounting to duress
- No assets were transferred between the spouses filing the joint



Petitioners Objection to Declaration
Exhibit A pg 27 of 40
4-5-14

Docket No. 17267-13L
Exhibit I
Respondents Declaration

5/19/14 Petitioner's Stipulation of Fact
Exhibit E
Page 66 of



**Department of the Treasury**
**Internal Revenue Service**
Atlanta, GA 39901-0025

**IRS**

7161 7618 3633 5187 2391

| | |
|---|---|
| Notice | CP504 |
| Tax Year | 2006 |
| Notice date | July 25, 2011 |
| Social Security number | 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 |
| To contact us | Phone 1-800-829-0922 |
| Your Caller ID | 558964 |
| Page 1 of 4 | |

080940.895156.0545.013 2 AT 0.490 1394

*257270076101*


080940

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740007


recd
7-25-11

## Notice of intent to levy

# Intent to seize your property or rights to property
# Amount due immediately: $116.53

8-8-16
Plaintiff response
EXHIBIT FIFTEEN PAGE 1 of 3
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Sm

As we notified you before, our records show you have unpaid taxes for the tax year ending December 31, 2006 (Form 1040). If you don't call us immediately or pay the amount due by August 4, 2011, we may seize ("levy") any state tax refund to which you're entitled and apply it to the $116.53 you owe.

If you still have an outstanding balance after we seize any state tax refund, we may take possession of your other property or your rights to property.

### Billing Summary

| | |
|---|---|
| Amount you owed | $109.35 |
| Interest charges | 7.18 |
| **Amount due immediately** | **$116.53** |

## What you need to do immediately

**Pay immediately**

- Send us the amount due of $116.53, or we may seize ("levy") your state tax refund on or after August 4, 2011.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Continued on back...

**IRS**

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740007

| | |
|---|---|
| Notice | CP504 |
| Notice date | July 25, 2011 |
| Social Security number | 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 |

## Payment


IRS
Exhibit C
pg 11 of 23

- Make your check or money order payable to the United States Treasury.
- Write your Social Security number (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), the tax year (2006), and the form number (1040) on your payment and any correspondence.

**Amount due immediately**

$116.53

INTERNAL REVENUE SERVICE
ATLANTA, GA 39901-0025

257270076 NX LANG 30 0 200612 670 00000011653



CERTIFIED MAIL

8-8-16
Plaintiff response
EXHIBIT 15    PAGE 2
No 1:16-cv-00206-PEC  413
Chief Judge Patricia E. Campbell-Smith

Penalty for Private Use, $300

Official Business

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
IRS
PERMIT NO. G-48



Department of the Treasury
Internal Revenue Service
Atlanta, GA 39901-0025



7161 7618 3633 5187 2414

| Notice | CP504 |
|---|---|
| Tax Year | 2009 |
| Notice date | July 25, 2011 |
| Social Security number | 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 |
| To contact us | Phone 1-800-829-0922 |
| Your Caller ID | 558964 |
| Page 1 of 4 | |

080942.895156.0545.013 2 AT 0.490 1394

*257270076101*

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740007

080942

*recd 7-25-11*

8-8-16
Plaintiff response
EXHIBIY 15    PAGE 3
No 1:16-cv-00206-PEC 13
Chief Judge Patricia E. Campbell-Smith

## Notice of intent to levy

# Intent to seize your property or rights to property
# Amount due immediately: $2,900.50

As we notified you before, our records show you have unpaid taxes for the tax year ending December 31, 2009 (Form 1040). If you don't call us immediately or pay the amount due by August 4, 2011, we may seize ("levy") any state tax refund to which you're entitled and apply it to the $2,900.50 you owe.

If you still have an outstanding balance after we seize any state tax refund, we may take possession of your other property or your rights to property.

### Billing Summary

| | |
|---|---|
| Amount you owed | $2,856.48 |
| Failure-to-pay penalty | 22.02 |
| Interest charges | 22.00 |
| **Amount due immediately** | **$2,900.50** |

## What you need to do immediately

**Pay immediately**
- Send us the amount due of $2,900.50, or we may seize ("levy") your state tax refund on or after August 4, 2011.

Continued on back...



IRS

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740007

| Notice | CP504 |
|---|---|
| Notice date | July 25, 2011 |
| Social Security number | 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 |

## Payment

*IRS
exhibit C
pg 13d23*

- Make your check or money order payable to the United States Treasury.
- Write your Social Security number (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), the tax year (2009), and the form number (1040) on your payment and any correspondence.

| Amount due immediately | $2,900.50 |
|---|---|

INTERNAL REVENUE SERVICE
ATLANTA, GA 39901-0025

257270076 NX LANG 30 0 200912 670 00000290050



IRS Department of the Treasury
Internal Revenue Service
P.O. Box 120053, Stop 840F
Covington KY 41012

In reply refer to:  0297825590
May 13, 2011  LTR 3657C  i0
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  200512 30
Input Op:  0297825590 00019498
BODC: WI


GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH  FL  32266-3740

007299

                    Social Security Number:  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

                                    Form:  8857
                            Tax Year(s):  2005  2006

                                                          5-6-16
                                                          Plaintiff motion
                          Contact Person:  Ms. Wong       attachment B page 82
       Employee Identification Number:  1000197773        No, 1:16-cv-00206-PEC
              Contact Telephone Number:  1-866-897-4270   Chief Judge Patricia E. Campbell-Sm'
                              FAX Number:  859-669-5256

Dear Taxpayer:

We received Form 8857, Request for Innocent Spouse Relief (And
Separation of Liability and Equitable Relief).  You do not meet the
basic eligibility requirements because:

You did not file a joint income tax return for tax year(s)
2005 and 2006.

IF YOU HAVE ANY QUESTIONS:

--  See Publication 971, Innocent Spouse Relief (And Separation of
    Liability and Equitable Relief), for more information.  Visit
    www.irs.gov or call 1-800-TAXFORM to order a copy.

-   Call the contact person shown on this letter between 7:30 a.m.
    and 3:30 p.m.(ET), or

--  Write to us at the address shown on this letter.  Please include a
    copy of this letter and your best daytime phone number with the
    hours we can reach you.

    Best daytime phone number    (    ) _____          8-8-16
                                                                 Plaintiff response
                                                                 EXHIBIT SIXTEEN PAGE  10
    Best time to call during the day: _____           No 1:16-cv-00206-PEC  55
                                                                 Chief Judge Patricia E. Campbell

Innocent Spouse Relief

5-6-12
Ander Crenshaw
exhibit 4
privacy act form.
page one of one

Innocent Spouse Relief

Publication 971

Last revised: 02/07/2011

4-15-11
exhibit 2
IRS form
885
exhibit
pg 1 of 2
IRS form

## Response

8-8-16
Plaintiff response
EXHIBIT 16   PAGE 2
No 1:16-cv-00206-PEC   of 5
Chief Judge Patricia E. Campbell-Smith

You are eligible to file a request for Innocent Spouse Relief for 2004

from Gail Banbury

You must complete Form 8857 and documentation, attach any documentation / statements as requested on the form and submit it to:

Internal Revenue Service

Stop 840F

P.O. Box 120053

Covington, KY 41012

Ensure that you sign and date the Form 8857 or it will be returned to you.

By law, the IRS must contact your spouse or former spouse to inform him/her that you filed Form 8857 and advise of preliminary and final determinations. However, the IRS will not disclose your personal information.

You should receive a final determination letter from the Internal Revenue Service within six months from the date you file the Form 8857.

Keep a copy of the completed Form 8857 for your records.

The conclusions above are based on information provided by you in response to the questions noted below. This does not constitute written advice in response to a specific written request of the taxpayer within the meaning of section 6404(f) of the Internal Revenue Code.

## Summary

For which tax year are you requesting Innocent Spouse Relief? 2004 Change

IRS
6-11-12
pg 14 of 90

Are you inquiring about receiving your share of a joint refund that was used to pay any of the following past-due debts for your spouse (or former spouse)? No Change

Did you file a joint return for the tax year you are requesting Innocent Spouse Relief? Yes Change

Is there a remaining balance due for 2004? No Change

Did you file a partnership return with eleven or more partners for the tax year you are requesting Innocent Spouse Relief? No Change

Did a tax court make a final decision not to grant you relief from joint liability for 2004; but you meaningfully participated in the proceeding and could have asked for relief? No Change

Covington  KY  41012

In reply refer to:  0297421634
Aug. 19, 2011   LTR 4767CS   0
~~[redacted]~~              200412 30
                                    00015475
                                    BODC: WI

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH  FL  32266-3740

*17267-13
POTR Declaration
exhibit G pg one of 2
4-5-14*

8-8-16
Plaintiff response
EXHIBIT  16   PAGE 3
No 1:16-cv-00206-PEC-13
Chief Judge Patricia E. Campbell-Smith

Social Security Number: ~~[redacted]~~

Tax Year(s): Dec. 31, 2004

Person to contact: Theresa Griffis

Employee Identification Number: 1000197638

Contact Hours: 7:30 a.m. to 3:30 p.m.
               (Eastern time zone)

Telephone Number: (866) 897-4270

Fax Number: (859) 669-5256 (not toll-free)

### INNOCENT SPOUSE CLAIMS PREVIOUSLY DENIED FOR THE 2-YEAR RULE UNDER SECTION 6015(f)

Dear Taxpayer:

The IRS previously issued you a ~~[redacted]~~ letter in regards
to your claim for innocent spouse relief filed on Form 8857, Request
for Innocent Spouse Relief, because your request was not filed within
the two-year deadline under section 6015(f).

The IRS has recently decided that claims filed under section 6015(f)
are no longer required to be filed within the two-year deadline. If
you want us to reconsider your request for innocent spouse relief,
please reapply by completing and signing a new Form 8857. Be sure to
include any supporting documents. You may use the enclosed envelope,
or fax the Form 8857 and any supporting documents to us at the fax
number shown above.

ADDITIONAL INFORMATION IF YOU REQUEST RECONSIDERATION OF YOUR REQUEST

We may need to reach you while we process your request. If your
address or phone number changes while we are processing your request
or if you have questions, call the contact person shown on this
letter, or write to us at the address shown on this letter. Please
include a copy of this letter and your best daytime phone number with
the hours we can reach you.

**IRS** Department of the Treasury
P.O. Box 120053, Stop 840F
Covington  KY  41012

In reply refer to:  0297222112
Aug. 27, 2012  LTR 3657C  EO
76  200412 30
00017525
BODC: WI

GINA B LANGLEY

8-8-16
Plaintiff response
EXHIBIT  16  PAGE 4
No 1:16-cv-00206-PEC  45
Chief Judge Patricia E. Campbell-Smith

025417

Social Security Number:                          76
                                                 35
              Form:  1040
       Tax Year(s):  2004

              Contact Person:  Mrs. Ryan
Employee Identification Number:  1000197722
    Contact Telephone Number:  1-866-897-4270 ext 8125
              FAX Number:  859-669-3717

Dear Taxpayer:

We received Form 8857, Request for Innocent Spouse Relief. You didn't meet the basic eligibility requirements because:

Our records show no amount is currently owed for the tax year(s) 2004.

You can do the following to get additional information:

-  Review Publication 971, Innocent Spouse Relief. (Visit www.irs.gov or call 1-800-TAXFORM to get a copy of this publication.)

-  Call the contact person shown on the first page of this letter between 6:30 a.m. and 3:00 p.m.(ET), or

-  Write to us at the address on the first page of this letter.

Please include a copy of this letter and a daytime phone number with the best time to call you.

Daytime phone number    (    ) _____

Best time to call during the day: _____

Remember to keep a copy of this letter for your records.

27396-12
11-412 Tax Petition
exhibit one
page one of two

**IRS** Department of the Treasury
Internal Revenue Service

P.O. Box 120053, Stop 840F
Covington KY 41012

In reply refer to: 0297404711
Oct. 22, 2012 LTR 3657C EO
             76  200412 30
                        00014105
                   BODC: WI

GINA B LANGLEY

017360

Social Security Number: ██████76

Form: 1040
Tax Year(s): 2004

8-8-16
Plaintiff response
EXHIBIT 16   PAGE 5
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Contact Person: Mrs. Lar____
Employee Identification Number: 1000196203
Contact Telephone Number: 1-866-897-4270 X8156
FAX Number: 1-855-277-9040

Dear Taxpayer:

Thank you for your correspondence received 09262012.

There is currently no amount owed and we have made no additional
assessments for tax year(s) 2004. If in the future you are
contacted regarding any changes to your return, that will result in a
balance due, you may re-file the Form 8857, Request for Innocent
Spouse Relief.

Per IRC Section 6511 , a claim for a refund must be filed by the
taxpayer within 3 years from the time the return was filed or 2 years
from the time the tax was paid, whichever of such periods expire
later.  Your 2004 return was filed on April 15, 2005 and the tax was
paid February 24, 2006.  You filed your Form 8857 on June 5, 2009,
which was after the claims period had expired.

You can do the following to get additional information:

-  Review Publication 971, Innocent Spouse Relief. (Visit www.irs.gov
   or call 1-800-TAXFORM to get a copy of this publication.)

-  Call the contact person shown on the first page of this letter
   between 7:30 a.m. and 4:30 p.m.(ET), or

-  Write to us at the address on the first page of this letter.

Please include a copy of this letter and a daytime phone number with
the best time to call you.

Daytime phone number    (    ) _____

11-4-12 Tax Petition
exhibit three

5/19/14 Petitioner's Stipulation of Fact   Exhibit 3   Page 8 of 23

Docket No. 17267-13L

8-8-16
Plaintiff response
EXHIBIT SEVENTEEN PAGE 12
No 1:16-cv-00206-PEC   On
Chief Judge Patricia E. Campbell-Sr

letter was issued on June 23, 2011.

21. Respondent's Motion for Summary judgment argues that a Final Determination letter was issued, which thereby precluded petitioner from raising the issue again in this docketed case, since she received a prior administrative hearing on that issue.

22. Respondent's claim that petitioner received a Final Determination letter from respondent is consistent with respondent's Answer which admits this Court did not make a final decision in docket number 27396-12.

23. Respondent's Final Determination letter is separate and distinct from a Tax Court decision on the merits.  Respondent routinely sends taxpayers Final Determinations, which are jurisdictional "tickets to the Tax Court."



24. Respondent did not make a false statement regarding respondent's issuance of a Final Determination letter.

25. To further clarify the record, respondent contacted the Appeals Officer who issued the notice of determination.  The Appeals Officer admitted that her statement in the notice of determination was erroneous.

26. It appears that the Appeals Officer saw a copy of respondent's Answer to docket number 27396-12, and misinterpreted the nature of such document.

27. Despite the Appeals Officer's mistake, respondent's

*Defendants motion for summary judment. or memo or dec 3/6/14.
17267-13*

CONSUMER AFFAIRS
GULF ATLANTIC DISTRICT

5-6-16
Plaintiff motion

UNITED STATES
POSTAL SERVICE

January 27, 2015

Gina Langley
700 Oak St
Neptune Beach, FL 32266-3740

Dear Ms. Langley,

Your correspondence to the Postmaster General, regarding Certified 7013 3020 0000 2826 3331 addressed to Mr. Lutz, IRS Program Mgr., Philadelphia, PA 19255-0025 has been referred to this office for investigation and response. I apologize for the delay in responding and appreciate your patience.

Enclosed for your records is the proof of delivery on August 30, 2014. I trust this information will be helpful. As information, the Postal Service has no jurisdiction over mail once it has been

8-8-16
Plaintiff response
EXHIBIT EIGHTEEN PAGE *B*
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery <br> D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to: <br> Mr. Lutz <br> IRS Program Mgr PHILA, PA <br> Philadelphia PA <br> 19255-0025 | 3. Service Type <br> ☑ Certified Mail® ☐ Priority Mail Express™ <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7013 3020 0000 2826 3331 |

RECEIVED
09 03 2014
440

PS Form 3811, July 2013          Domestic Return Receipt

19-15 letter
Mr Lutz
pg 25

original
B@19

4-6-15
Appendix used of Appeal

K pg 105

Gina Langley
700 Oak St.
Neptune Beach, Fl. 32266

8-28-14 taxpayer ID 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, response to letter 8-1-14 #0538908239

Mr. Lutz
Program manager, IRS
Philadelphia PA 19255-0025

*another + Gina's apartment info Pro is sch. I*

*A pg. 134*

Regards Mr. Lutz,

*via USPS Certified mail # 7013 3020 0000*
*2826 3331 on 8-28-14*
*expected delivery 8-30-14*

*7-23-14 Requested by ____*
*8-1-14 Dated by Lutz*
*Rcd by G Langley*

*# delivred - 8-30-14*

I am in receipt of your request on 8-14-14. Attached exhibit one pages one through fourteen.

---

**IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA   PA   19255-0025

In reply refer to: 0538908239
Oct. 29, 2014      LTR 86C     0
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   201112 30
                        00000036
BODC: WI

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266

*rec'd 11-1-14*

*1-8-16*
*complaint*
*attachment C*
*pg 28 of 48*

I03210

Taxpayer Identification Number:   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
          Tax Period(s):   Dec. 31, 2011   Dec. 31, 2008
                           Dec. 31, 2009   Dec. 31, 2012
                 Form:   1040

Dear Taxpayer:

Thank you for your response of Sep. 02, 2014.

We have forwarded your claims to the Appeals Office.   They should

*Form 843 tax year 2012 pg 4 of 8   11-7-15*

8-8-16
Plaintiff response
EXHIBIT  18
No 1:16-cv-00206-PEC   PAGE 2
Chief Judge Patricia E. Campbell-Smith   676

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Kim Piro
Brookhaven Appeals
1040 Waverly Ave
Stop. 906
Holtsville NY 11742

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
19   OCT 2

3. Service Type
☐ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7014 2120 0000 4127 5558

PS Form 3811, July 2013   Domestic Return Receipt

*(handwritten in margin: 10-23-14 1-8-16 complaint attachment C pg 19 of 48   AB39)*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms Kimberly Piro
IRS Brookhaven Appeals
1040 Waverly Ave
Holtsville NY 11742

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
RECEIVED IRS

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

833
IRS CENTER AT BROOKHAVEN
HOLTSVILLE, NY 11742

3. Service Type
☐ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7014 1820 0001 5306 2158

PS Form 3811, July 2013   Domestic Return Receipt

*(handwritten in margin: 7 03-14)*

---

**CERTIFIED MAIL RECEIPT**
**Domestic Mail Only**

For delivery information, visit our website at www.usps.com®

HOLTSVILLE NY 11742
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $12.65 | 0203 |
| Certified Fee | $3.30 | 06 |
| Return Receipt Fee (Endorsement Required) | $2.70 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $18.65 |

Postmark Here
GMF JACKSONVILLE FL
SEP 2
09/24/2014
USPS

Sent To
Ms Piro.

Street & Apt. No., or PO Box No.

City, State, ZIP+4
NY 11742

7014 1820 0001 5306 2158

PS Form 3800, July 2013   See Reverse for Instructions

*(handwritten in margin: exh-18 3 of 6 9-8-16)*

 **IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA  PA   19255-0025

In reply refer to:  0538908239
Sep. 16, 2014   LTR 105C   0
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   200812 30
                    00000184
BODC: WI

716̇176183637470774167


)00282

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266

CERTIFIED MAIL

Taxpayer Identification Number:   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
Kind of Tax:   Income
Date of Claim(s) Received:   Apr. 15, 2014
Tax Period :   Dec. 31, 2008

Dear Taxpayer:

## WE COULDN'T ALLOW YOUR CLAIM

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for
credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM  *[handwritten] dated 8/9 23 14*

We requested additional information in order to process your claim on
7/23/2014.  We did not receive a reply by the date requested.

We can't allow a claim for credit since you filed your claim more
than 3 years after the due date for the tax return which established
the carryback. — *[handwritten] false #8/9 23 14*  *[handwritten] claim in 2010 filed claim 4.15.14 loss*

IF YOU DISAGREE  *[handwritten] ?*

You may appeal our decision with the Appeals Office (which is
independent of our office) if we disallowed your claim because our
records show that you filed your claim late. Generally, a claim is
late if you filed it the later of:

  - 3 years from the return due date of a timely filed,
    unextended return
  - 3 years from the date we received a late return or a timely
    filed, extended return
    2 years after you paid the tax   *[handwritten] w1956 x=14*

    *[handwritten] exhibit 18 #16 8-16]*

      tion, the amount of any credit or refund for a claim filed
      three years of the tax return is limited to amounts paid
    .n the three years before filing the claim plus the period of

```
                                                          0538908239
                                Sep. 16, 2014   LTR 105C    0
                                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  200812 30
                                                        00000188
```

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266



)00282

Sincerely yours,

Nancy J Aiello

Nancy J. Aiello
Field Director, Accounts Management

Enclosure(s):
Publication 1

$x = 15$

w pg 77

exhibit 18
S d 16
x 8-c


**UNITED STATES POSTAL SERVICE**

5-6-16
Plaintiff motion
attachment B page 20
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Gina Langley:

The following is in response to your November 20, 2014 request for delivery information on your Certified Mail™ item number 70133020000028263331. The delivery record shows that this item was delivered on August 30, 2014 at 9:10 am in PHILADELPHIA, PA 19154. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

6-19-15 letter Mr Kids
pg 23

B 20

CONSUMER AFFAIRS
GULF ATLANTIC DISTRICT

5-6-16
Plaintiff motion

UNITED STATES
POSTAL SERVICE

January 27, 2015

Gina Langley
700 Oak St
Naptune Beach, FL 32266-3740

Dear Ms. Langley:

Your correspondence to the Postmaster General, regarding Certified 7013 3020 0000 2826 3331,
addressed to Mr. Lutz, IRS Program Mgr , Philadelphia, PA 19255-0025 has been referred to this
office for investigation and response. I apologize for the delay in responding and appreciate your
patience.

Enclosed for your records is the proof of delivery on August 30, 2014 I trust this information will be
helpful. As information, the Postal Service has no jurisdiction over mail once it has been

8-8-16
Plaintiff response
EXHIBIT EIGHTEEN PAGE 8
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Lutz
IRS Program Mgr
Philadelphia PA
19255-0025

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7013 3020 0000 2826 3331

PS Form 3811, July 2013    Domestic Return Receipt

19-15 letter
Mr Lutz pg 25

original B@19

4-6-15 Appendix used Appeal
K pg 105

Gina Langley
700 Oak St.
Neptune Beach, Fl. 32266

8-28-14 taxpayer ID 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, response to letter 8-1-14 #0538908239

Mr. Lutz
Program manager, IRS
Philadelphia PA 19255-0025

Regards Mr. Lutz,

*(handwritten: another apartment Gina's W9 Pro is exh. 2)*

*(handwritten: A pg. 134)*

*(handwritten: via USPS Certified mail # 7013 3020 0000 2826 3331 on 8-28-14   expected delivery 8-30-14)*

*(handwritten: 7-23-14 Requested by DD   8-1-14 Dated by Lutz   Rcd by G Langley)*

*(handwritten: delivered 8-30-14)*

I am in receipt of your request on 8-14-14. Attached exhibit one pages one through fourteen.

**IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA   PA   19255-0025

In reply refer to: 0538908239
Oct. 29, 2014   LTR 86C   0
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   201112 30
00000036
BODC: WI

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266

*(handwritten: recd 11-1-14)*

*(handwritten box: 1-8-16 complaint attachment C pg 28 of 48)*

I03210

Taxpayer Identification Number:   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
Tax Period(s):   Dec. 31, 2011   Dec. 31, 2008
Dec. 31, 2009   Dec. 31, 2012
Form:   1040

Dear Taxpayer:

Thank you for your response of Sep. 02, 2014.

We have forwarded your claims to the Appeals Office.  They should

*(handwritten: Form 843 tax year 2012 pg 4 of 8  11-7-15)*

*(handwritten: 8-8-16 Plaintiff response EXHIBIT is PAGE 2 No 1:16-cv-00206-PEC 076 Chief Judge Patricia E. Campbell-Smith)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Kim Piro
Brookhaven Appeals
1040 Waverly Ave
Shp. 906
Holtsville NY 11742

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature  X  ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RECEIVED

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7014 2120 0000 4127 5558

PS Form 3811, July 2013    Domestic Return Receipt

*handwritten: 1-8-16 complaint attachment C pg 19 of 46   ABJOC*

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Kimberly Piro
IRS Brookhaven Appeals
1040 Waverly Ave
Holtsville NY 11742

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature  X  ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

833
IRS CENTER AT BROOKHAVEN
HOLTSVILLE, NY 11742

3. Service Type
☐ Certified Mail®  ☐ Priority Mail Express™
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7014 1820 0001 5306 2158

PS Form 3811, July 2013    Domestic Return Receipt

---

**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage $ | $12.65   0203 |
| Certified Fee | $3.30   06 |
| Return Receipt Fee (Endorsement Required) | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees $ | $18.65   09/24/2014 |

Postmark Here  GMF JACKSONVILLE FL  SEP 2 2014 USPS

Sent To  Ms Piro.
Street & Apt. No., or PO Box No.
City, State, ZIP+4   NY 11742

7014 1820 0001 5306 2158

PS Form 3800, July 2014   See Reverse for Instructions

*handwritten: oct 16 3 of 6 8-8-16*

 **IRS** Department of the Treasury
Internal Revenue Service

PHILADELPHIA  PA   19255-0025

7161761836374707741б

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266

)00282

CERTIFIED MAIL

In reply refer to:  0538908239
Sep. 16, 2014   LTR 105C    0
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   200812 30
                        00000184
                    BODC: WI

Taxpayer Identification Number:  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
                Kind of Tax:  Income
    Date of Claim(s) Received:  Apr. 15, 2014
                Tax Period :  Dec. 31, 2008

Dear Taxpayer:

## WE COULDN'T ALLOW YOUR CLAIM

WHY WE'RE SENDING YOU THIS LETTER
This letter is your notice that we've disallowed your claim for
credit for the period shown above.

WHY WE CANNOT ALLOW YOUR CLAIM

We requested additional information in order to process your claim on
7/23/2014.  We did not receive a reply by the date requested.

We can't allow a claim for credit since you filed your claim more
than 3 years after the due date for the tax return which established
the carryback.

IF YOU DISAGREE

You may appeal our decision with the Appeals Office (which is
independent of our office) if we disallowed your claim because our
records show that you filed your claim late. Generally, a claim is
late if you filed it the later of:

  -  3 years from the return due date of a timely filed,
     unextended return
  -  3 years from the date we received a late return or a timely
     filed, extended return
     2 years after you paid the tax

      tion, the amount of any credit or refund for a claim filed
     three years of the tax return is limited to amounts paid
    .n the three years before filing the claim plus the period of

```
                                                        0538908239
                                 Sep. 16, 2014   LTR 105C    0
                                 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   200812 30
                                                     00000188
```

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266



)00282

Sincerely yours,

Nancy J Aiello

Nancy J. Aicllo
Field Director, Accounts Management

Enclosure(s):
Publication 1

X = 15

ω pg 77

exhibit 18
S d 6
2-8-x

 **UNITED STATES**
**POSTAL SERVICE**

5-6-16
Plaintiff motion
attachment B page 20
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

Gina Langley:

The following is in response to your November 20, 2014 request for delivery information on your Certified Mail™ item number 70133020000028263331. The delivery record shows that this item was delivered on August 30, 2014 at 9:10 am in PHILADELPHIA, PA 19154. The scanned image of the recipient information is provided below.

Signature of Recipient :



Thomas E Eagle

Address of Recipient :



IRS

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

6·19·15 letter Mr Kueb
pg 23

B 20

IFP,PRO SE,REOPEN

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:16-cv-00206-PEC
### Internal Use Only

8-8-16
Plaintiff reesponse 8-8-16
EXHIBIT NINETEEN PAGE 1
No. 1:16-cv-00206-PEC  3
Chief Judge Patricia E. Campbell-

LANGLEY v. USA
Assigned to: Chief Judge Patricia E. Campbell-Smith
Demand: $51,000
Cause: 28:1491 Tucker Act

Date Filed: 02/10/2016
Jury Demand: None
Nature of Suit: 212 Tax - Income,
Individual
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**GINA BRASHER LANGLEY**

represented by **GINA BRASHER LANGLEY**
700 Oak Street
Neptune Beach, FL 32266
(904) 469-4397
PRO SE

V.

**Defendant**

**USA**

represented by **Brian James Sullivan**
United States Department of Justice -
Tax Division
P.O. Box 26
Ben Franklin Station
Washington, DC 20044
(202) 616-3339
Email: brian.j.sullivan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/12/2016 | 🔒 | (Court only) ***Case Reopened (dls) (Entered: 08/12/2016) |
| 08/12/2016 | 23 | ORDER allowing defendant's motion for clarification to be filed by leave of the judge; granting 22 Motion for Clarification; vacating the judgment entered on August 1, 2016; withdrawing the court's opinion and order filed on August 1, 2016; and directing plaintiff to file a response by 9/9/16. Signed by Chief Judge Patricia E. Campbell-Smith. (dls) Copy to parties. (Entered: 08/12/2016) |

| 08/12/2016 | 22 | MOTION for Clarification, filed by USA [by leave of the judge]. Service: 8/8/16. **Response due by 8/25/2016.**(dls) (Entered: 08/12/2016) |
|---|---|---|
| 08/01/2016 | 🔒 | (Court only) ***Civil Case Terminated. (dls) (Entered: 08/01/2016) |
| 08/01/2016 | 21 | **See Order of 8/12/2016 Vacating** ~~JUDGMENT entered, pursuant to Rule 58, in favor of defendant and dismissing plaintiff's complaint. No costs. (Copy to parties)~~ (dls) (Entered: 08/01/2016) |
| 08/01/2016 | 🔒 | (Court only) Keywords: re: 20 Pro Se Complaint; Dismissal for Lack of Subject Matter Jurisdiction; Tax Refund Claim; Takings Claim; Suit precluded by previous actions in Tax Court; I.R.C. § 6512(a). (dls) (Entered: 08/01/2016) |
| 08/01/2016 | 20 | **See Order of August 12, 2016 Withdrawing** ~~REPORTED OPINION and ORDER granting 15 Amended Motion to Dismiss - Rule 12(b)(1). The Clerk is directed to enter judgment. No costs. Signed by Chief Judge Patricia E. Campbell-Smith. (dls) Copy to parties. (USPS Tracking No. 9114 9014 9645 0594 5521 46)~~ (Entered: 08/01/2016) |
| 08/01/2016 | 🔒 | (Court only) Keywords: re: 19 Pro Se Complaint; Motion for Sanctions; RCFC 11; RCFC 6.1. (dls) (Entered: 08/01/2016) |
| 08/01/2016 | 19 | ~~REPORTED ORDER~~ denying 7 Motion for Sanctions pursuant to Rule 11. Signed by Chief Judge Patricia E. Campbell-Smith. (dls) Copy to parties. (Entered: 08/01/2016) |
| 08/01/2016 | 18 | ORDER RETURNING UNFILED: Plaintiff's sur-reply, received July 29, 2016. Signed by Chief Judge Patricia E. Campbell-Smith. (dls) Copy to parties. (Entered: 08/01/2016) |
| 07/14/2016 | 17 | REPLY to Response to Motion re 15 AMENDED MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 7/14/2016.(ew) (Entered: 07/15/2016) |
| 06/27/2016 | 16 | RESPONSE to 15 Amended Motion to Dismiss pursuant to Rule 12(b)(1), filed by GINA BRASHER LANGLEY. **Reply due by 7/14/2016.** Service: 6/27/2016.(ew) (Entered: 06/30/2016) |
| 06/10/2016 | 15 | AMENDED MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 6/10/2016.**Response due by 6/27/2016.**(ew) Modified on 6/14/2016 - corrected docket text(jt1). (Entered: 06/13/2016) |
| 06/03/2016 | 14 | ORDER granting 3 Motion for Leave to Proceed in forma pauperis Signed by Chief Judge Patricia E. Campbell-Smith. (ew) Copy to parties. (Entered: 06/03/2016) |
| 05/23/2016 | 13 | RESPONSE to 9 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by GINA BRASHER LANGLEY. **Reply due by 6/9/2016.** Service: 5/23/2016.(ew) (Entered: 05/25/2016) |
| 05/23/2016 | 12 | ORDER granting 10 Motion to File an Amended Motion to Dismiss. Rule 15(b) **Amended Pleadings due by 6/10/2016.** Signed by Chief Judge Patricia E. Campbell-Smith. (ew) Copy to parties. (Entered: 05/23/2016) |

| | | |
|---|---|---|
| 05/20/2016 | | RESPONSE to 7 MOTION for Sanctions pursuant to Rule 11, filed by USA. **Reply due by 5/31/2016.** Service: 5/20/2016.(ew) (Entered: 05/20/2016) |
| 05/20/2016 | 10 | MOTION For Leave To File An Amended Motion to Dismiss - Rule 15 9 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 5/20/2016. **Response due by 6/6/2016.**(ew) (Amended Motion To Dismiss) # 1. (Entered: 05/20/2016) |
| 05/10/2016 | 9 | MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. Service: 5/10/2016. **Response due by 6/10/2016.**(ew) (Entered: 05/10/2016) |
| 05/10/2016 | 8 | AMENDED COMPLAINT against USA, filed by GINA BRASHER LANGLEY. Amendment to 1 Complaint,, filed by GINA BRASHER LANGLEY. **Answer due by 5/27/2016.** Related document: 1 Complaint, filed by GINA BRASHER LANGLEY.(ew) (Entered: 05/10/2016) |
| 05/10/2016 | 7 | MOTION for Sanctions pursuant to Rule 11, filed by GINA BRASHER LANGLEY. Service: 5/10/2016. **Response due by 5/27/2016.**(ew) (Entered: 05/10/2016) |
| 04/13/2016 | 6 | ORDER granting 5 Motion for Extension of Time to Answer, **Answer due by 5/10/2016.** Signed by Chief Judge Patricia E. Campbell-Smith. (ew) Copy to parties. (Entered: 04/13/2016) |
| 04/08/2016 | 5 | MOTION for Extension of Time until 5/10/2016 to File Answer re 1 Complaint,, filed by USA. Service: 4/8/2016.**Response due by 4/25/2016.** (ew) (Entered: 04/08/2016) |
| 04/08/2016 | 4 | NOTICE of Appearance by Brian James Sullivan for USA.. Service: 4/8/2016.(ew) (Entered: 04/08/2016) |
| 02/10/2016 | 3 | MOTION for Leave to Proceed in forma pauperis, filed by GINA BRASHER LANGLEY. Service: 02/10/2016. **Response due by 2/29/2016.** (vdw) (Entered: 02/18/2016) |
| 02/10/2016 | 2 | NOTICE of Assignment to Chief Judge Patricia E. Campbell-Smith. (vdw) (Entered: 02/18/2016) |
| 02/10/2016 | 1 | COMPLAINT against USA (DOJ) (Copy Served Electronically on Department of Justice), filed by GINA BRASHER LANGLEY. **Answer due by 4/11/2016.** (Attachments: # 1 Civil Cover Sheet) (vdw) (Additional attachment(s) added on 2/18/2016 # 2 Appendix) (vdw). (Entered: 02/18/2016) |

Internal Revenue Service
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY 11742

Department of the Treasury

*[handwritten: did not sign]*

Person to Contact:
Kimberly A Piro
Employee ID Number: 1000192211
Tel: 304-579-6823
Fax: 855-286-9705
Contact Hours: 6:30

*[handwritten: signed by Cindy Kasminoff]*

Date: NOV 2 0 2014

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740

Refer Reply to:
AP:CO:LI-BRC:KAP
Tax Type/Form Num[
Individual Income Ta.

In Re:
Collection Due Process Appeal
Tax Court

8-8-16
Plaintiff response 8-8-16
EXHIBIT ~~TEN PAGE~~ Twenty 2
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*[handwritten left margin: 01-08-16 Complaint attachment C pg 13 of 48]*

*[handwritten: Ordered to be bc 11-24-14]*

*[handwritten: rec'd 11-26-14 fp]*

Tax Period(s) Ended:
12/2006 12/2008 12/2009 12/2010

*[handwritten circled: A pg 120]*

## SUPPLEMENTAL NOTICE OF DETERMINATION
## CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Ms. Gina B. Langley:

*[handwritten: ← did not say it was erroneous in violation of Rule 11 26 USC §6673(c) (i) + IRC code 748...]*

The determination summarized below and described in detail in the attachment supplements the Notice of Determination dated June 25, 2013. This supplement is being issued pursuant to the order of the Tax Court dated June 26, 2014 remanding the case to this appeals office. A copy of this supplement is also being sent to Clint J. Locke Attorney, IRS, Area Counsel, Birmingham, AL.

If you have any questions, please contact the person whose name and telephone number are shown above.

## Summary of Determination

Appeals' determination is that the Notice of Intent to Levy is sustained. At this time there is no longer a balance due on tax years 2008 and 2010. However, there is still a balance on tax years 2006 and 2009. You filed an amended 2010 tax return on April 15, 2014 exceeding $400,000 for losses from a casualty. You were contacted by the Service to supply computational statements for the carryback/carry forward years (2008, 2009, 2011and 2012) by September 2, 2014. The Service disallowed the claims as untimely when you did not respond by September 2, 2014.

*[heavily redacted/scribbled-out lines]*

*[handwritten: Docket 17267-13L Response Exhibit A rec'd 11-26-14]*

*[handwritten: US Court of Appeals 4-6-15 Petitioners]*

*[handwritten: Appendix @ 15.1079]*

Sincerely,

*[scribbled circle]*

Cindy R Kasminoff
Appeals Team Manager

*[handwritten right margin: same claim! is false see 1 pg 2010. 31 to 38 filed 11/25/14 ... amended response]*

cc: Birmingham, AL Area Counsel

*[handwritten: page 197]*

...en the Notice of Intent to Levy was issued or when the NFTL filing was ...ment Officer had no prior involvement with respect to the specific tax periods either in ...eals or Compliance.

*Aps/21*

The Settlement Officer reviewed the Collection file, IRS records and information you provided. My review confirmed that the IRS followed all legal and procedural requirements, and the actions taken or proposed were appropriate under the circumstances. *false ef*

## ISSUES YOU RAISED

### Collection Alternatives Requested
You offered no alternatives to collection. You only indicated you could not pay. *false* *760000.00 &* *79,163 97* *presed in escrow ef*

The Settlement Officer was unable to offer you a collection alternative because you did not provide the documentation that was requested. *false ef*

### Challenges to the Liability
You disagree with your liability on tax years 2008, 2009 and 2010. You submitted amended returns for each tax year as well as a carryback/carry forward claim on tax year 2010. The amended return for tax year 2010 was accepted and adjusted accordingly leaving an overpayment which was applied to your 2009 liability. There is no longer a balance on tax year 2008 due to an applied overpayment from tax year 2013 and the 2010 an adjustment was made on tax year 2010 leaving a zero balance due. However, since there is no longer a liability on tax year 2010 you cannot dispute the liability *false* during the CDP hearing. Your carryback/carry forward claim on tax year 2008 and 2010 was denied by the *there is a refund* Service because claim was not complete and was forwarded to Appeals for review. *due*

Appeals reviewed your claim and determined the following: You filed an amended 2010 tax return on April 15, 2014 exceeding $400,000 for losses from a casualty. You were contacted by the Service to supply computational statements for the carryback/carry forward years (2008, 2009, 2011 and 2012) by September 2, 2014. The Service disallowed the claims as untimely when you did not respond by September 2, 2014. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ — *false* — ▓▓▓▓▓▓▓▓▓▓▓

## Balancing efficient tax collection with concern regarding intrusiveness
The Notice of Intent to Levy is sustained. Since you have stated you are not willing to pay the liability since you feel you do not owe this money, Appeals is unable to consider any collection alternatives. Therefore, the Notice of Intent to Levy balances the need for efficient collection of the tax with your concern that the action be no more intrusive than necessary.

*1-8-16 complaint attachment C pg 14 of 45*

*Petitions Motion for Sanction 17267-13 17267-13*

*Exh 20 pg 242 8-8-16*

*6/9.15 letter Mr Kubo pg 27*

*S-6 11-29-14 with spp 1 to 43 11-29-14 with attachments spp*

*11-20-14*

*Known false statement on 10-29-14 & Mr. Lutz sat letter he received the information see S pp 18 + 19*



8-8-16
Plaintiff response
exhibiT TWENTY ONE PAG!
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campb

- 3 -

provided to petitioner with respect to her account for 2006 through 2010. The supplemental determination on the remand has not yet been received. The pending motions to dismiss this case were taken under advisement so that an adequate explanation of the unsatisfactory state of the record could be provided. Petitioner, however, has persisted in filing with the Court repetitious and meritless motions, has contacted the Court's staff ex parte about filing documents and has recently left at least one inappropriate voicemail message concerning matters in Florida that do not affect her pending cases. The time has come to resolve this case.

Although respondent's positions have been inconsistent and untimely, jurisdictional filing deadlines may not be extended by equitable tolling, even where a government official or employee has provided erroneous information on which a taxpayer has relied. See Brown v. Dir., Office of Workers' Comp. Programs, 864 F.2d 120, 124 (11th Cir. 1989); Pollock v. Commissioner, 132 T.C. at 21-32; Schoenfeld v. Commissioner, T.C. Memo. 1993-303. Thus respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed is meritorious. However, the absence of a deficiency determination for 2004 and our lack of jurisdiction in this instance is a straightforward application of statutory language and does not involve equitable considerations. Upon due consideration and for cause, it is hereby

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction filed May 19, 2014, is granted. It is further

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction filed February 20, 2014, is deemed moot. It is further

ORDERED that the within case is dismissed for lack of jurisdiction.

**(Signed) Mary Ann Cohen
Judge**

ENTERED:   **NOV 12 2014**

*[handwritten:] 2/01 pg e-8-16*

*[handwritten:] appeal notice 8-8-14
exhibit one #27396.12
pg three of three*

Gina Brasher Langley filed a request with the Commissioner of Internal

Revenue for innocent spouse relief under I.R.C. § 6015(f). The Commissioner

denied her request. Langley filed a petition with the Tax Court for review of the

Commissioner's decision. The Tax Court dismissed her petition. This is her

appeal of that dismissal. We review the Tax Court's legal conclusions de novo and

its factfindings for clear error. See Ocmulgee Fields, Inc. v. Comm'r, 613 F.3d

1360, 1364 (11th Cir. 2010).

5-6-16
Plaintiff' motion
attachment B page 38
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smit

On June 23, 2011, the Commissioner mailed Langley a final determination

letter that denied her request for innocent spouse relief. She had 90 days from the

day the letter was mailed to file a petition in the Tax Court for review of the

Commissioner's decision. I.R.C. § 6015(e)(1). She did not file a petition for

review until November 9, 2012, over 500 days after the Commissioner mailed the

final determination letter. Her petition for review was untimely. The Tax Court

did not err in dismissing it.

**AFFIRMED.**

# Supreme Court of the United States

Gina Brasher Langley
(Petitioner)

v.                                                    No. 15-6929

Internal Revenue Service
(Respondent)

To _Solicitor General_                              Counsel for Respondent:

   **NOTICE IS HEREBY GIVEN** pursuant to Rule 12.3 that a petition for a writ of certiorari in the above-entitled case was filed in the Supreme Court of the United States on November 9, 2015, and placed on the docket November 13, 2015. Pursuant to Rule 15.3, the due date for a brief in opposition is Monday, December 14, 2015. If the due date is a Saturday, Sunday, or federal legal holiday, the brief is due on the next day that is not a Saturday, Sunday or federal legal holiday.

   Unless the Solicitor General of the United States represents the respondent, a waiver form is enclosed and should be sent to the Clerk only in the event you do not intend to file a response to the petition.

   Only counsel of record will receive notification of the Court's action in this case. Counsel of record must be a member of the Bar of this Court.

Ms. Gina Brasher Langley
700 Oak Street
Neptune Beach, FL 32266

USSC   NO 15-6929
Notice 11-20-15 pg 2 of 9

NOTE: This notice is for notification purposes only, and neither the original nor a copy should be filed in the Supreme Court.

**Internal Revenue Service**
Brookhaven Appeals
1040 Waverly Ave.
Stop 906
Holtsville, NY 11742

**Department of the Treasury**

**Person to Contact:**
Kimberly A Piro
Employee ID Number: 1000192211
Tel: 304-579-6823
Fax: 855-286-9705
Contact Hours: 6:30 am - 3 pm EST

Date: August 29, 2014

**Refer Reply to:**
AP:CO:LI-BRC:KAP

**In Re:**
Collection Due Process - Levy

**Tax Period(s) Ended:**
12/2006 12/2008 12/2009 12/2010

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH FL 32266-3740

Dear Ms. Langley:

I was able to obtain the front and back copy of the refund check for $46.66 which was issued on March 17, 2006 for tax year 2004.

I have enclosed a copy for your records.

Sincerely,

Kimberly A Piro
Settlement Officer

Enclosures:
   Copy of 2004 Refund Check

5-6-16
Plaintiff motion
attachment B page 24
No. 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smit.

8-8-16
Plaintiff response
EXHIBIT TWENTY TWO PAG:
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell

Ms Piro 9-15-14
exhibt one pg one Atwo.



itself." _Florida Statute 837.01_   "whoever in one or more official proceedings willfully makes two or more material statements under oath which contracdict each other, commits a felony of the second degree."

The $408,000.00 loss  includes the funds from the 2006 ck # 28911585 payable to the appellant by the respondent but never received by the Petitioner.

The technical provision of 26 US Code S 6015 Section 25.15.3.4.4 (03-08-13) regarding collection activity states "the offset of an overpayment against the joint liability under IRC 6402 constitutes collection activity. _See Campbell v Commissioner, 121 TC 290 (20013)_ the Respondent offset the overpayment of the joint refund not received by appellant but did not prove so until August 29, 2014 when it proved that ck 28911585 payable to Gina Langley for 2004 refund was cashed by others.

Treas. Reg. 1.6015-5(b) prohibits levies and judicial proceedings while an innocent spouse claim is pending". Respondent initiated a collection proceeding for 2006 in related case 17267-13 while not verifying that appellant's 2004 tax refund dated March 2006, was not received by taxpayer until August 29, 2014.

The appellee states in #2 of his 2-20-14 motion to dismiss regarding the letter dated 6-23-11 "Evidence of certified mailing is shown by the postmark date stamped on the certified mailing list, a copy of which is attached hereto as Exhibit B."

There is no signature by appellant.  The mailing list appears to be that of the appellee and the United States postal service shows no mailing with that number.  See H page 28.

The appellant has requested proof of delivery throughout these proceedings. No

appendix A
Joistrict complaint USCFC
pg. 7

USSC 15.6929
pg 4 of eleven 11.9.15
Petitioners statement of the case

Docket No. 27396-12                — 2 —

*[handwritten, circled: A pg 110 of 140 complaint 2-8-16 USCFC]*

under 6015(e) for review of stand-alone innocent spouse
determinations (occurred December 20, 2006).

**STATUS OF STIPULATION OF FACTS:**  Completed __  In Process _X_

**ISSUES:**

1.  Does the Court have jurisdiction to hear this case?

2.  Does the refund statute bar any possible relief petitioner
    is seeking?

**WITNESS(ES) RESPONDENT EXPECTS TO CALL:** None

*[handwritten: 8-8-16
Plaintiff response
EXHIBIT TWENTY THREE F...
No 1:16-cv-00206-PEC  of 7
Chief Judge Patricia E. Campbell-S...]*

**SUMMARY OF FACTS:**

Late Petition

*[handwritten: Numerous payments were made?]*

    On April 15, 2004, petitioner filed a joint return with
Barney J. Langley.  Petitioner and Mr. Langley self-assessed
taxes in the amount of $42,117.85.  A payment of $37,883.90 was
submitted with the return.  *[handwritten: $42,371.33]*  *[handwritten: ?]*

    Two overpayments from tax year 2003 were applied to the
2004 account.  The remaining balance of tax, penalties and
interest were paid by the petitioner and Mr. Langley by February
24, 2006.  *[handwritten: Mr. Langley paid 99.77 of the total $42,   2004 tax liability]*

*[handwritten/redacted lines]*

    On May 13, 2011, respondent issued the petitioner a letter
"Proposed Determination (Untimely Claim) – Offer to Suspend
Case."  Petitioner was informed that respondent was proposing to
deny relief under 6015(f) for failure to submit a request for
relief within 2 years of the first collection action by
respondent.  Due to litigation involving the 2 year issue (Lantz
v. Commissioner, 132 T.C. No. 8 (2009)) petitioner was given the
option to hold her case in suspension or receive a final
determination letter.  Petitioner was informed that if she chose
to receive the final determination letter she would have 90 days
to petition this Court.

*[handwritten box: 27396·12
4/29/14 Respondent Clint Locke's
R pretrial memo
pg 2 of 8]*

*[handwritten: 5/19/14 Petitioner's Stipulation of Fact
Exhibit 19
Page 2 of 8]*

*[handwritten box: Complaint C
01-8-16
attached
pg 3.]*

*[handwritten: placed in 1-8-15 complaint]*

*A pg 110 of 140*
*Complaint 2-8-16*
*USCFC*

Docket No. 27396-12          - 2 -

under 6015(e) for review of stand-alone innocent spouse
determinations (occurred December 20, 2006).

STATUS OF STIPULATION OF FACTS:   Completed __  In Process  X

ISSUES:

   1.  Does the Court have jurisdiction to hear this case?

   2.  Does the refund statute bar any possible relief petitioner
       is seeking?

WITNESS(ES) RESPONDENT EXPECTS TO CALL: None

*8-8-16*
*Plaintiff response*
*EXHIBIT TWENTY THREE PAGE*
*No 1:16-cv-00206-PEC*
*Chief Judge Patricia E. Campbell-S*

SUMMARY OF FACTS:

Late Petition

*Numerous payments were made?*

     On April 15, 2004, petitioner filed a joint return with
Barney J. Langley.  Petitioner and Mr. Langley self-assessed
taxes in the amount of $42,117.85. A payment of $37,883.90 was
submitted with the return.   *$42,371.33 ?*

*?*

     Two overpayments from tax year 2003 were applied to the
2004 account.  The remaining balance of tax, penalties and
interest were paid by the petitioner and Mr. Langley by February
24, 2006.  *Mr. Langley paid 99.77 of the total $42,*  *2004 tax liability*

     On May 13, 2011, respondent issued the petitioner a letter
"Proposed Determination (Untimely Claim) - Offer to Suspend
Case."  Petitioner was informed that respondent was proposing to
deny relief under 6015(f) for failure to submit a request for
relief within 2 years of the first collection action by
respondent.  Due to litigation involving the 2 year issue (Lantz
v. Commissioner, 132 T.C. No. 8 (2009)) petitioner was given the
option to hold her case in suspension or receive a final
determination letter.  Petitioner was informed that if she chose
to receive the final determination letter she would have 90 days
to petition this Court.

*27396 12*
*4/29/14 Respondent Clint Locke's*
*R pretrial memo*
*pg 2 of 8*

*Complaint C*
*01-8-16*
*attachment*
*pg 3.*

*placed in 1-8-15 complaint*

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked '(p.o.c.)' were paid outside the closing; they are shown here for informational purposes and are not included in the totals. Adjustments for items Unpaid By Seller' are based on estimated amounts, and are subject to adjustment by Borrower(s) and Seller(s) when actual amounts become available.

D. Name and Address of Borrower:
Alexander R. McNeal
605 10th Avenue North, Jacksonville Beach, FL, 32250

E. Name and Address of Seller:
Barney J. Langley and Gina B. Langley

F. Name and Address of Lender:

G. Property Location:
605 10th Avenue North, Jacksonville Beach, FL 32250 County: Duval Beaches Home Sites Block 3 Lot 6

H. Settlement Agent Name and Address
Richard T. Morehead, P. A.
444 Third Street
Neptune Beach, FL 32266

I. Settlement Date:
January 31, 2005

Disbursement Date:
January 31, 2005

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales price | $205,000.00 | 401. Contract sales price | $205,000.00 |
| 102. | | 402. | |
| 103. Settlement charges to borrower (line 1400) | $1,503.50 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. from to | | 406. from to | |
| 107. from to | | 407. from to | |
| 108. from to | | 408. from to | |
| 109. from to | | 409. from to | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | $206,503.50 | 420. Gross Amounts Due To Seller | $205,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | $5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $4,027.18 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan (s) taken subject to | |
| 204. Principal amount of 2nd loan | | 504. Payoff of loan to William Jerry Brasher | $121,597.70 |
| 205. Interim Interest (1st loan) from to | | 505. Payoff of loan to | |
| 206. Interim Interest (2nd loan) from to | | 506. Payoff of loan to | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. County Property Taxes from 1/1/2005 to 1/31/2005 | $211.20 | 510. County Property Taxes from 1/1/2005 to 1/31/2005 | $211.20 |
| 211. from to | | 511. from to | |
| 212. from to | | 512. from to | |
| 213. from to | | 513. from to | |
| 214. Assumption #1 interest from to | | 514. Assumption #1 interest from to | |
| 215. Assumption #2 interest from to | | 515. Assumption #2 interest from to | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $5,211.20 | 520. Total Reduction Amount Due Seller | $125,836.08 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from borrower (line 120) | $206,503.50 | 601. Gross amount due to seller (line 420) | $205,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | $5,211.20 | 602. Less reductions in amt. due seller (line 520) | $125,836.08 |

8-8-16
Plaintiff response
EXHIBIT TWENTY FOUR PA(
No 1:16-cv-00206-PEC ❷
Chief Judge Patricia E. Campbell

303. Cash ☐ From ☐ T  B

escrow funds

FINANCIAL PRINTING COMPANY

## DEPOSIT RECEIPT & PURCHASE AND SALE AGREEMENT

Date *JANUARY 3, 2005*

Receipt is hereby acknowledged by *GINA & BARNEY LANGLEY* hereinafter called AGENT, of the sum of $ *5000 00* from *ALEXANDER R. MCNEAL* hereinafter called BUYER, which term may be singular or plural and shall include the heirs, successors, personal representatives and assigns of the Buyer) as a deposit and as a part of the purchase price on account of offer to purchase the property of _____ hereinafter called SELLER, (which term may be singular or plural and shall include the heirs, successors, personal representatives and assigns of the Seller) said property being in *DUVAL* County, Florida, and described as follows:

*Address of Property + copy survey*

*605 10th Avenue North*
*Jacksonville Bch., Fl 32250*

The SELLER hereby agrees to sell said property to the BUYER and the BUYER hereby agrees to purchase said property from the SELLER upon the following terms and conditions (if completed or marked):
1.  The total PURCHASE PRICE to be paid by the BUYER is payable as follows:
(If the following items, (c), (d) and (e) are to be adjusted at closing, the agreed adjustments may be indicated by writing "not less than," "not more than" or "approximately" before the amounts of the items.)

(a)  Earnest money deposit; receipt of which is hereinabove and hereby acknowledged _____ $ *5,000 00*

(b)  Additional payment _____ $

(c)  Additional payment due at closing (not including costs of Buyer) _____ $ *200,000.00*

(d)  Proceeds of new note and mortgage to be executed by the BUYER to any lender other than the
     SELLER _____ $

(e)  Existing mortgage balance encumbering the property to be assumed by the BUYER _____ $

(f)  Balance due to the SELLER to be evidenced by a negotiable promissory note of the BUYER,
     secured by a valid purchase money mortgage, in a form acceptable to SELLER, on said property
     executed and delivered by the BUYER to the SELLER dated the date of closing, bearing interest

     at the rate of _____% per annum and payable $_____ per _____ $

     TOTAL PURCHASE PRICE:                                                                    $ *205,000*

2.  It is understood that the said property will be conveyed by WARRANTY DEED subject to current taxes, existing zoning ordinances, covenants, restrictions, and easements of record.
3.  The BUYER will pay for:
( ✓ ) Recording Fees   ( ✓✓ ) Stamps on Note   ( ) Intangible Tax on Mortgage   ( ) _____ Attorney's Fee
( ) Mortgagee's Initial Service Fee   ( ) Mortgagee's Transfer Charge   ( ) Appraisal Fee   ( ) Prepaid Insurance and
Taxes   ( ) Credit Report   ( ) Opinion of Title   (X) Photos *WOOD DESTROYING ORGANISM REPORT*
( ) Mortgage insurance premium   (X) *Title INS., SEARCH, EXAM, ENDORSEMENTS*
4.  The SELLER will pay for:
( ✓ ) Stamps on Deed   ( ) Surtax   ( ) Title Insurance   ( ) Survey   ( ) Real Estate Sales Fee   ( ✓✓ ) Abstract of Title
( ) FHA or VA Discount   ( ) FHA or VA mortgage costs except prepaid items   ( ) _____ Attorney's Fee
( ) Appraisal Fee   ( ✓ ) Satisfaction of Mortgage   ( ✓✓ ) Termite Report _____
( ) _____

**Property Location:** 313 & 314 Third Street, Atlantic Beach, FL 32233 County: Duval

**Settlement Agent Name and Address**
Richard T. Morehead, P. A.
444 Third Street
Neptune Beach, FL 32266

**I. Settlement Date:** September 2, 2004

**Disbursement Date:** September 2, 2004

| Summary of Borrower's Transaction | | Summary of Seller's Transaction | |
|---|---|---|---|
| **00. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 01. Contract Sales price | $639,500.00 | 401. Contract sales price | |
| 02. | | 402. | $639,500.00 |
| 03. Settlement charges to borrower (line 1400) | $4,524.64 | 403. | |
| 04. | | 404. | |
| 05. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 06. from to | | 406. from to | |
| 07. from to | | 407. from to | |
| 08. from to | | 408. from to | |
| 09. from to | | 409. from to | |
| 10. | | 410. | |
| 11. | | 411. | |
| 12. | | 412. | |
| **120. Gross Amount Due From Borrower** | $644,024.64 | **420. Gross Amounts Due To Seller** | $639,500.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201 .Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $50,000.00 | 502. Settlement charges to seller (line 1400) | $27,694.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan (s) taken subject to | |
| 204. Principal amount of 2nd loan | | 504. Payoff of loan to Wells Fargo Home Loan | $81,811.25 |
| 205. Interim Interest (1st loan) from 9/1/2004 to 9/2/2004 | $2.26 | 505. Payoff of loan to Wachovia | $205,213.06 |
| 206. Interim Interest (2nd loan) from to | | 506. Payoff of loan to | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. County Property Taxes from 1/1/2004 to 9/2/2004 | $3,802.40 | 510. County Property Taxes from 1/1/2004 to 9/2/2004 | $3,802.40 |
| 211. Rent pro-ration from 9/2/2004 to 9/30/2004 | $1,058.68 | 511. Rent pro-ration from 9/2/2004 to 9/30/2004 | $1,058.68 |
| 212. from to | | 512. from to | |
| 213. from to | | 513. from to | |
| 214. Assumption #1 interest from to | | 514. Assumption #1 interest from to | |
| 215. Assumption #2 interest from to | | 515. Assumption #2 interest from to | |
| 216. | | 516. | |
| 217. Security Deposit Transfer | $1,050.00 | 517. Security Desposit Transfer | |
| 218. | | 518. | $1,050.00 |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $55,913.34 | **520. Total Reduction Amount Due Seller** | $320,629.39 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross amount due from borrower (line 120) | $644,024.64 | 601. Gross amount due to seller (line 420) | $639,500.00 |
| 302. Less amounts paid by/for borrower (line 220) | $55,913.34 | 602. Less reductions in amt. due seller (line 520) | $320,629.39 |
| 303. Cash [X] From [ ] To Borrower | $588,111.30 | 603. Cash [X] To [ ] From Seller | $318,870.61 |

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE. IF YOU
ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION WILL BE IMPOSED ON YOU IF
THIS ITEM IS REQUIRED TO BE REPORTED AND THE IRS DETERMINES THAT IT HAS NOT BEEN REPORTED.



*A pg 56*
*Complaint 2-8-16*
*USFC.*

# *FOOTNOTES*

## Asset and Liability Footnotes

1 * Market Value
2 * Husband's non-marital proceeds from sale of 314-316 3rd Street
  property ~~——————————————————————————~~
3 *Joint account as of 10-26-04
4 * Tax Liability for 2004 paid. However, there will be a 2005 debt to
  the IRS. Amount Unknown at this time.
5 *Deferred payment until Jan. 2005
6 *unknown monthly payment
7 *unknown monthly paymnet
8 *Son's Automobile

## Income and Expense Footnotes

1 * 700 Oak Street
2 *700 Oak Street
3 *700 Oak Street
4 *Husband's and Son's
5 *Husband's and Son's
6 *Son's Jeep - Josh is obligated to pay $6,000 of  this loan liability -
  Husband and Wife are responsible for the remainder of the loan
7 *Parties have sold rental property which has not been calculated for
  capital gains or tax purposes at this time.
8 *Husband's and Son's

*3/13/06*
*Barney Langley financial affidavit*
*by Suzanne Green*
*16-2004-DR-009042*

*24 pg 5*

*appendix A pg 54*
*Complaint*
*9-8-16*
*USCFC*

# UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. Barney Langley / Page #2
Summary Report
File No. Barney Langley

## Valuation Section

**COST APPROACH**

| | | | | |
|---|---|---|---|---|
| ESTIMATED SITE VALUE | | | = $ | 150,000 |
| ESTIMATED REPRODUCTION COST-NEW-OF IMPROVEMENTS: | | | | |
| Dwelling 1,733 Sq. Ft. @ $ 75.00 | = $ | 129,975 | | |
| Kit/App/FP/W'd Fls/Pool/Porch/Extras | = $ | | | |
| Garage/Carport 473 Sq. Ft. @ $ 25.00 | = $ | 60,000 | | |
| Total Estimated Cost New | = $ | 191,825 | | |
| Less Physical 31,973 Functional External Depreciation | | | | |
| Depreciated Value of Improvements | = $ | 31,973 | | |
| "As-Is" Value of Site Improvements | = $ | 159,827 | | |
| INDICATED VALUE BY COST APPROACH | = $ | 5,000 | | |
| | = $ | 314,827 | | |

**Comments on Cost Approach** (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property): 1733 SF TLA-See sketch for dimension No determination was made as to subject's compliance with special HUD/VA standards.
The GF estimate should be considered a visualization with minor deviations in actual SF being of minor value consequence.
Depreciation by means of the age/life method with a 60 year life Land to value ratio exceeded; typical for the beaches market No lot sales in subject immediate market area; a sale on Bay street in 2001 @ 85,000 a 10-20% market condition adjustment applied since 2001; see above estimated value of site.

## SALES COMPARISON ANALYSIS

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 700 Oak Street Neptune Beach, Florida 32266 | 733 Pine Street Neptune Beach, Florida 32266 | | 635 Bay Street Neptune Beach, Florida 32266 | | 1300 Neptune Grove Drive Neptune Beach, Florida 32266 | |
| Proximity to Subject | | 1 Street South | | 2 Street South | | 1/2+ mile South/Neptune Grove | |
| Sales Price | $ | $ 295,000 | | $ 321,750 | | $ 275,000 | |
| Price/Gross Living Area | $ N/A | $ 167.80 | | $ 202.49 | | $ 169.52 | |
| Data and/or Verification Source | Inspection CPR's | MLS CPRs | | MLS CPRs | | MLS CPRs | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjust. | DESCRIPTION | +(-)$ Adjust. | DESCRIPTION | +(-)$ Adjust. |
| Sales or Financing Concessions | | Conv/DOM/148 No Effect | | Conv/DOM/49 No Effect | | Conv/DOM/48 No Effect | |
| Date of Sale/Time | | 05/12/2004 | | 03/24/2004 | | 05/26/2004 | |
| Location | Good | Good | | Good | | Good | |
| Leasehold/Fee Simple | Fee | Fee | | Fee | | Fee | |
| Site | Interior 108X116' | Corner/116X120' | -12,000 | Interior 108X106' | | Good | |
| View | Residential | Residential | | Residential | | Corner/Irregular | |
| Design and Appeal | Ranch | Ranch | | Ranch | | Residential | |
| Quality of Construction | Good/Brick/Fr' | Good/Brick | | Ranch | | Ranch | |
| Age | 30 years | 33 years | | Good/Fr/Brick | | Good/Brick/Fr' | |
| Condition | Good | Good | | 30 years | | 36 years | +20,000 |
| Above Grade Room Count | Total Bdrms Baths 6 4 2 | Total Bdrms Baths 6 4 2 | | Good | | No updates | |
| Gross Living Area | 1,733 Sq. ft. | 1,758 Sq. ft. | -875 | Total Bdrms Baths 6 4 2.5 | -3,000 | Total Bdrms Baths 6 3 2 | +20,000 |
| Basement & Finished Rooms Below Grade | Roof/Repairs N/A | None | | 2,106 Sq. ft. None | -13,055 | 1,617 Sq. ft. | -2,940 |
| Functional Utility | Good | None | -10,000 | None | -10,000 | None | -10,000 |
| Heating/Cooling | CH&CA/HP | Good | | Good | | None | |
| Energy Efficient Items | Good | CH&CA/HP | | CH&CA/HP | | None | |
| Garage/Carport | 2 Car Garage | Good | | Good | | CH&CA/HP | |
| Porch, Patio, Deck, Fireplace(s), etc. | Entry/Encl Porch Fireplace | 2 Car Garage | | 2 Car Garage | | Good | |
| Fence, Pool, etc. | H'Pool/W'd FVExtr | Entry/FIRm/WBar Fireplace | -1,000 | Entry/Patio Fireplace | +2,000 | 2 Car Garage Entry/Patio Fireplace | +2,000 |
| | Kitchen App'a | W'd Non/Extras Kitchen App's | +20,000 | Pool/Equal Kitchen App's | | Extras Kitchen App's | +20,000 |
| Net Adj. (total) | | + X - $ 3,875 | | + X - $ 24,055 | | + X - $ | +29,060 |
| Adjusted Sales Price of Comparable | | $ 291,125 | | $ 297,695 | | $ 304,060 | |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc) See attached addenda

*Page __ of __ of the mother's Motion 3/16/07 Re: case 1D06-3851 Re: 16-2004-DR-9042-FMXX Attachment 19 pag 3 of 53*

## RECONCILIATION

| ITEM | | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source, for prior sales within year of appraisal | | | The above in past 12 months CPRs | The above in past 12 months CPRs |

Analysis of any current agreement of sale, option, or listing of subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: The subject property has not transferred/sold in the past 12 months according to the County Public Records; nor has it been listed through the local MLS service for sale in the past 12 months. The comparables prior in the past 12 months is above.

INDICATED VALUE BY SALES COMPARISON APPROACH ........ $ 300,000
INDICATED VALUE BY INCOME APPROACH (If Applicable) Estimated Market Rent $ /Mo. x Gross Rent Multiplier = $ N/A

This appraisal is made ☒ "as is" ☐ subject to the repairs, alterations, inspections or conditions listed below ☐ subject to completion per plans & specifications.

Final Reconciliation: The Sales Comparison Approach is considered the most reliable indicator of value for it depicts buyer and seller reactions; it is given full weight in this case. The Cost Approach is not reproduction cost but replacement cost from market data or Marshall and Swift. Income Approach not considered applicable in the market area at this time

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/FNMA form 1004B (Revised 6-93).
I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF 08/24/2004 (WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $ 300,000

APPRAISER: Kala Heald/RZ 0000404/State-Certified General Appraiser
Signature
Name Kala L Heald/RZ 0000404/State-Certified General Appraiser
Date Report Signed April 02, 2006
State Certification # RZ 0000404-State-Certified General Ap State F.
Or State License #
Freddie Mac Form 70 6/93

SUPERVISORY APPRAISER (ONLY IF REQUIRED)
Signature
Name (904) 246-9735
Date Report Signed
State Certification #
Or State License #

☐ Did ☐ Did Not Inspect Property

PAGE 2 OF 2

*day before separation 24 P54*

Form LA2 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

Fannie Mae Form 1004 6-93

*-22.09 213 ppendix pg 80 Motion for default*  *5/9/07 attachment pg 23* *5/27/09* *COPY* *Complaint #1 9/12/08*

| | Approved by | Initials | Date |
| | Prepared by | | |

Basis on Misc New Contractors.

| | | | | | BALANCE |
|---|---|---|---|---|---|
| | | | | *per Hale net und* | |
| | STOCK 6/16/95 | | | | 845 - |
| | APIC 6/16/95 | | | | 2/50 - |
| | net income allocated | 1985 | | | 279861 |
| | distributions | 1985 | | | -0-  Ⓐ |
| | income passed | 96 | | | 860616 |
| | dist | 96 | | | <2117730> |
| | other non ded | 96 | | | <25551> |
| ☀ | income passed thru. | 97 | | | 19430629 |
| | distributions | 97 | | | <18843605> |
| | | | | | <183489> |
| ☀ | income passed thru | 98 | | | 21330163 |
| | dists | 98 | | | <21688338> |
| | nonded items | 98 | | | <31967> |
| | pass thru inc | 99 | | | 6107668 |
| | non ded items | 99 | | | <106517> |
| | 174 ded | | | | <720799> |
| | Treasury Stock | | | | (22682) |
| | distributions 99 | | | | (4006489) |
| | 10/ixxx | 99 | | | 290163 |
| | | | | | |
| | Basis @ 4/31/99 | | | | 9724951 |
| | | | | | |
| | (Rumored) 2h ixxx | | | | 2733u/ |
| | | | | | |
| | Ⓐ no non ded inc 985 | | | | |
| | ☀ doesn't include non ded items | | | | |

24
B5?

**Form 1120S**

Department of the Treasury
Internal Revenue Service

# U.S. Income Tax Return for an S Corporation

▶ Do not file this form unless the corporation has timely filed
Form 2553 to elect to be an S corporation.
▶ See separate instructions.

OMB No. 1545-0130

**1995**

For calendar year 1995, or tax year beginning _____ , 1995, and ending _____ , 19 ___

| | | |
|---|---|---|
| **A** Date of election as an S corporation *June 16, 1995* | Use IRS label. Other-wise, please print or type. | Name *Monroe, Smith + Langley Mechanical Contractors, Inc.* |
| **B** Business code no. (see Specific Instructions) *1711* | | Number, street, and room or suite no. (If a P.O. box, see page 9 of the instructions.) *P.O. Box 8626* |
| | | City or town, state, and ZIP code *Atlanta GA 30306* |

**C** Employer identification number  *58-2180084*
**D** Date incorporated  *June 16, 1995*
**E** Total assets (see Specific Instructions)  *89,565 128*

**F** Check applicable boxes: (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Change in address  (4) ☐ Amended return
**G** Check this box if this S corporation is subject to the consolidated audit procedures of sections 6241 through 6245 (see instructions before checking this box) ▶ ☐
**H** Enter number of shareholders in the corporation at end of the tax year ▶ ___

**Caution:** Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

**Income**

| | | | |
|---|---|---|---|
| 1a Gross receipts or sales *204,588 59* b Less returns and allowances *NONE* c Bal ▶ | | 1c | *204,588 59* |
| 2 Cost of goods sold (Schedule A, line 8) | | 2 | *37,286 52* |
| 3 Gross profit. Subtract line 2 from line 1c | | 3 | *167,302 07* |
| 4 Net gain (loss) from Form 4797, Part II, line 20 (attach Form 4797) | | 4 | - |
| 5 Other income (loss) (attach schedule) | | 5 | - |
| 6 **Total income (loss).** Combine lines 3 through 5 ▶ | | 6 | *167,302 07* |

**Deductions** (see the instructions for limitations)

| | | | |
|---|---|---|---|
| 7 Compensation of officers | | 7 | *60,079 18* |
| 8 Salaries and wages (less employment credits) | | 8 | *9178 20* |
| 9 Repairs and maintenance | | 9 | |
| 10 Bad debts | | 10 | |
| 11 Rents | | 11 | |
| 12 Taxes and licenses | | 12 | *6455 42* |
| 13 Interest | | 13 | - |
| 14a Depreciation (if required, attach Form 4562) | 14a | | |
| b Depreciation claimed on Schedule A and elsewhere on return | 14b | - | |
| c Subtract line 14b from line 14a | | 14c | - |
| 15 Depletion (Do not deduct oil and gas depletion.) | | 15 | - |
| 16 Advertising | | 16 | - |
| 17 Pension, profit-sharing, etc., plans | | 17 | *2232 03* |
| 18 Employee benefit programs | | 18 | *4179 92* |
| 19 Other deductions (attach schedule) | | 19 | *58,066 61* |
| 20 **Total deductions.** Add the amounts shown in the far right column for lines 7 through 19 ▶ | | 20 | *140,191 63* |
| 21 Ordinary income (loss) from trade or business activities. Subtract line 20 from line 6 | | 21 | *27,110 44* |

**Tax and Payments**

| | | | |
|---|---|---|---|
| 22 **Tax:** a Excess net passive income tax (attach schedule) | 22a | | |
| b Tax from Schedule D (Form 1120S) | 22b | | |
| c Add lines 22a and 22b (see page 13 of the instructions for additional taxes) | | 22c | |
| 23 Payments: a 1995 estimated tax payments and amount applied from 1994 return | 23a | | |
| b Tax deposited with Form 7004 | 23b | | |
| c Credit for Federal tax paid on fuels (attach Form 4136) | 23c | | |
| d Add lines 23a through 23c | | 23d | |
| 24 Estimated tax penalty. Check if Form 2220 is attached ▶ ☐ | | 24 | |
| 25 **Tax due.** If the total of lines 22c and 24 is larger than line 23d, enter amount owed. See page 3 of the instructions for depositary method of payment | | 25 | |
| 26 **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid ▶ | | 26 | |
| 27 Enter amount of line 26 you want: Credited to 1996 estimated tax ▶ _____ Refunded ▶ | | 27 | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer _____  Date _____  Title _____

**Paid Preparer's Use Only**

| Preparer's signature | | Date | Check if self-employed ▶ ☐ | Preparer's social security number |
|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address | | | EIN ▶ | ZIP code ▶ |

For Paperwork Reduction Act Notice, see page 1 of separate instructions.    Cat. No. 11510H    Form **1120S** (1995)

Form 1040 (1997)   *Barney Langley  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*   Page 2

| | | | |
|---|---|---|---|
| **Tax Computation** | 33 | Amount from line 32 (adjusted gross income) | 33 | 249,3 47 |
| | 34a | Check if: ☐ You were 65 or older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 34a | |
| | b | If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, see page 18 and check here ▶ 34b ☐ | |
| | 35 | Enter the larger of your: {Itemized deductions from Schedule A, line 28, OR / Standard deduction shown below for your filing status. But see page 18 if you checked any box on line 34a or someone can claim you as a dependent. ● Single—$4,150 ● Married filing jointly or Qualifying widow(er)—$6,900 ● Head of household—$6,050 ● Married filing separately—$3,450} | 35 | 26,200 70 |
| If you want the IRS to figure your tax, see page 18. | 36 | Subtract line 35 from line 33 | 36 | 223,652 77 |
| | 37 | If line 33 is $90,900 or less, multiply $2,650 by the total number of exemptions claimed on line 6d. If line 33 is over $90,900, see the worksheet on page 19 for the amount to enter | 37 | 5830 00 |
| | 38 | **Taxable income.** Subtract line 37 from line 36. If line 37 is more than line 36, enter -0- | 38 | 217,822 77 |
| | 39 | **Tax.** See page 19. Check if any tax from a ☐ Form(s) 8814  b ☐ Form 4972 ▶ | 39 | 62,484 70 |
| **Credits** | 40 | Credit for child and dependent care expenses. Attach Form 2441 | 40 | 480 00 | |
| | 41 | Credit for the elderly or the disabled. Attach Schedule R | 41 | | |
| | 42 | Adoption credit. Attach Form 8839 | 42 | | |
| | 43 | Foreign tax credit. Attach Form 1116 | 43 | | |
| | 44 | Other. Check if from  a ☐ Form 3800  b ☐ Form 8396  c ☐ Form 8801  d ☐ Form (specify) _____ | 44 | | |
| | 45 | Add lines 40 through 44 | 45 | 480 00 |
| | 46 | Subtract line 45 from line 39. If line 45 is more than line 39, enter -0- ▶ | 46 | 62,604 70 |
| **Other Taxes** | 47 | Self-employment tax. Attach Schedule SE | 47 | |
| | 48 | Alternative minimum tax. Attach Form 6251 | 48 | |
| | 49 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 49 | |
| | 50 | Tax on qualified retirement plans (including IRAs and MSAs). Attach Form 5329 if required | 50 | |
| | 51 | Advance earned income credit payments from Form(s) W-2 | 51 | |
| | 52 | Household employment taxes. Attach Schedule H | 52 | |
| | 53 | Add lines 46 through 52. This is your **total tax** ▶ | 53 | 62,004 70 |
| **Payments** | 54 | Federal income tax withheld from Forms W-2 and 1099 | 54 | 21,837 00 | |
| | 55 | 1997 estimated tax payments and amount applied from 1996 return | 55 | 19,761 74 | |
| | 56a | **Earned income credit.** Attach Schedule EIC if you have a qualifying child  b Nontaxable earned income: amount ▶ _____ and type ▶ _____ | 56a | | |
| Attach Forms W-2, W-2G, and 1099-R on the front. | 57 | Amount paid with Form 4868 (request for extension) | 57 | 20,901 26 | |
| | 58 | Excess social security and RRTA tax withheld (see page 27) | 58 | | |
| | 59 | Other payments. Check if from  a ☐ Form 2439  b ☐ Form 4136 | 59 | | |
| | 60 | Add lines 54, 55, 56a, 57, 58, and 59. These are your **total payments** ▶ | 60 | 62,500 00 |
| **Refund** | 61 | If line 60 is more than line 53, subtract line 53 from line 60. This is the amount you **OVERPAID** | 61 | 495 30 |
| Have it directly deposited! See page 27 and fill in 62b, 62c, and 62d. | 62a | Amount of line 61 you want **REFUNDED TO YOU** | 62a | |
| | ▶ b | Routing number ☐☐☐☐☐☐☐☐☐  ▶ c Type: ☐ Checking ☐ Savings | |
| | ▶ d | Account number ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ | |
| | 63 | Amount of line 61 you want APPLIED TO YOUR 1998 ESTIMATED TAX ▶ | 63 | 495 30 |
| **Amount You Owe** | 64 | If line 53 is more than line 60, subtract line 60 from line 53. This is the **AMOUNT YOU OWE.** For details on how to pay, see page 27 ▶ | 64 | |
| | 65 | Estimated tax penalty. Also include on line 64 | 65 | |

74 pg 9

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Keep a copy of this return for your records.

| | | |
|---|---|---|
| Your signature  *Lena B Fly* | Date  6/15/98 | Your occupation  *accountant* |
| Spouse's signature. If a joint return, BOTH must sign.  *Barney Langley* | Date  6/15/98 | Spouse's occupation  *Contractor* |

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's social security no. |
| Firm's name (or yours if self-employed) and address ▶ | | EIN | |
| | | ZIP code | |

| Form **1120S** | | U.S. Income Tax Return for an S Corporation | | OMB No. 1545-0130 |
|---|---|---|---|---|

► Do not file this form unless the corporation has timely filed
Form 2553 to elect to be an S corporation.
► See separate instructions.

Department of the Treasury
Internal Revenue Service

**1998**

For calendar year 1998, or tax year beginning _____ , 1998, and ending _____ , 19 ___

**A** Effective date of election as an S corporation
6/16/95

**B** NEW bus. code no. (see pages 26–28)
235110

Use IRS label. Otherwise, please print or type.

**Name** M.S.L. Mechanical Contractors, Inc.

**Number, street, and room or suite no.** (If a P.O. box, see page 10 of the instructions.)
P.O. Box 8626

**City or town, state, and ZIP code**
Atlanta, GA 31106

**C** Employer identification number
58-2180084

**D** Date incorporated
6/16/95

**E** Total assets (see page 10)
$ 198,503 | 87

**F** Check applicable boxes: (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Change in address  (4) ☐ Amended return

**G** Enter number of shareholders in the corporation at end of the tax year ►

**Caution:** Include *only* trade or business income and expenses on lines 1a through 21. See the instructions for more information.

### Income

| | | | Amount |
|---|---|---|---|
| **1a** | Gross receipts or sales 1,254,414|30 | **b** Less returns and allowances NONE | c Bal ► **1c** | 1,254,414 | 30 |
| **2** | Cost of goods sold (Schedule A, line 8) | **2** | 210,931 | 84 |
| **3** | Gross profit. Subtract line 2 from line 1c | **3** | 1,043,482 | 46 |
| **4** | Net gain (loss) from Form 4797, Part II, line 18 (attach Form 4797) | **4** | |
| **5** | Other income (loss) (attach schedule) | **5** | |
| **6** | **Total income (loss).** Combine lines 3 through 5 ► | **6** | 1,043,482 | 46 |

### Deductions (see page 11 of the instructions for limitations)

| | | | Amount |
|---|---|---|---|
| **7** | Compensation of officers | **7** | 54,199 | 80 |
| **8** | Salaries and wages (less employment credits) | **8** | 178,245 | 34 |
| **9** | Repairs and maintenance | **9** | 423 | 62 |
| **10** | Bad debts | **10** | |
| **11** | Rents | **11** | |
| **12** | Taxes and licenses | **12** | 19,784 | 79 |
| **13** | Interest | **13** | 636 | 03 |
| **14a** | Depreciation (if required, attach Form 4562) | **14a** | |
| **b** | Depreciation claimed on Schedule A and elsewhere on return | **14b** | |
| **c** | Subtract line 14b from line 14a | **14c** | |
| **15** | Depletion (**Do not deduct oil and gas depletion.**) | **15** | |
| **16** | Advertising | **16** | |
| **17** | Pension, profit-sharing, etc., plans | **17** | |
| **18** | Employee benefit programs | **18** | 37,244 | 91 |
| **19** | Other deductions (attach schedule) *(SEE ATTACHMENT A)* | **19** | 533,551 | 21 |
| **20** | **Total deductions.** Add the amounts shown in the far right column for lines 7 through 19 ► | **20** | 824,085 | 70 |
| **21** | Ordinary income (loss) from trade or business activities. Subtract line 20 from line 6 | **21** | 219,396 | 76 |

### Tax and Payments

| | | | |
|---|---|---|---|
| **22** | Tax: **a** Excess net passive income tax (attach schedule) | **22a** | |
| **b** | Tax from Schedule D (Form 1120S) | **22b** | |
| **c** | Add lines 22a and 22b (see page 14 of the instructions for additional taxes) | **22c** | |
| **23** | **Payments: a** 1998 estimated tax payments and amount applied from 1997 return | **23a** | |
| **b** | Tax deposited with Form 7004 | **23b** | |
| **c** | Credit for Federal tax paid on fuels (attach Form 4136) | **23c** | |
| **d** | Add lines 23a through 23c | **23d** | |
| **24** | Estimated tax penalty. Check if Form 2220 is attached ► ☐ | **24** | |
| **25** | **Tax due.** If the total of lines 22c and 24 is larger than line 23d, enter amount owed. See page 4 of the instructions for depository method of payment | **25** | |
| **26** | **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid | **26** | |
| **27** | Enter amount of line 26 you want: **Credited to 1999 estimated tax** ► _____ **Refunded** ► | **27** | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

► _____   _____   PRESIDENT
Signature of officer   Date   Title

**Paid Preparer's Use Only**

| Preparer's signature | ► | Date | Check if self-employed ► ☐ | Preparer's social security number |
|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address | ► | | EIN ► | |
| | | | ZIP code ► | |

For Paperwork Reduction Act Notice, see the separate instructions.   Cat. No. 11510H   Form **1120S** (1998)

Form 1040 (1999)

*Barney J and Gina B. Longley          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*          Page 2

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) | 34 | 108,406 77 |
| | 35a | Check if: ☐ **You** were 65 or older, ☐ Blind; ☐ **Spouse** was 65 or older, ☐ Blind. Add the number of boxes checked above and enter the total here ▶ 35a | | |
| | b | If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, see page 30 and check here ▶ 35b ☐ | | |
| Standard Deduction for Most People | 36 | Enter your **itemized deductions** from Schedule A, line 28, **OR standard deduction** shown on the left. **But** see page 30 to find your standard deduction if you checked any box on line 35a or 35b **or** if someone can claim you as a dependent | 36 | 41,447 10 |
| Single: $4,300 | 37 | Subtract line 36 from line 34 | 37 | 66,959 67 |
| Head of household: $6,350 | 38 | If line 34 is $94,975 or less, multiply $2,750 by the total number of exemptions claimed on line 6d. If line 34 is over $94,975, see the worksheet on page 31 for the amount to enter | 38 | 13,750 00 |
| Married filing jointly or Qualifying widow(er): $7,200 | 39 | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- | 39 | 53,209 67 |
| | 40 | Tax (see page 31). Check if any tax is from **a** ☐ Form(s) 8814 **b** ☐ Form 4972 | 40 | 9,307 00 |
| Married filing separately: $3,600 | 41 | Credit for child and dependent care expenses. Attach Form 2441 [41] 566 10 | | |
| | 42 | Credit for the elderly or the disabled. Attach Schedule R [42] | | |
| | 43 | Child tax credit (see page 33) [43] | | |
| | 44 | Education credits. Attach Form 8863 [44] | | |
| | 45 | Adoption credit. Attach Form 8839 [45] | | |
| | 46 | Foreign tax credit. Attach Form 1116 if required [46] | | |
| | 47 | Other. Check if from **a** ☐ Form 3800 **b** ☐ Form 8396 **c** ☐ Form 8801 **d** ☐ Form (specify) [47] | | |
| | 48 | Add lines 41 through 47. These are your **total credits** | 48 | 566 10 |
| | 49 | Subtract line 48 from line 40. If line 48 is more than line 40, enter -0- ▶ | 49 | 8740 90 |
| **Other Taxes** | 50 | Self-employment tax. Attach Schedule SE | 50 | |
| | 51 | Alternative minimum tax. Attach Form 6251 | 51 | |
| | 52 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 52 | |
| | 53 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required | 53 | |
| | 54 | Advance earned income credit payments from Form(s) W-2 | 54 | |
| | 55 | Household employment taxes. Attach Schedule H | 55 | |
| | 56 | Add lines 49 through 55. This is your **total tax** ▶ | 56 | 8740 90 |
| **Payments** | 57 | Federal income tax withheld from Forms W-2 and 1099 [57] 9236 00 | | |
| | 58 | 1999 estimated tax payments and amount applied from 1998 return [58] 6760 32 | | |
| | 59a | **Earned income credit.** Attach Sch. EIC if you have a qualifying child | | |
| | b | Nontaxable earned income: amount ▶ [ ] and type ▶ [59a] | | |
| | 60 | Additional child tax credit. Attach Form 8812 [60] | | |
| | 61 | Amount paid with request for extension to file (see page 48) [61] | | |
| | 62 | Excess social security and RRTA tax withheld (see page 48) [62] | | |
| | 63 | Other payments. Check if **from a** ☐ Form 2439 **b** ☐ Form 4136 [63] | | |
| | 64 | Add lines 57, 58, 59a, and 60 through 63. These are your **total payments** ▶ | 64 | 15,996 32 |
| **Refund** | 65 | If line 64 is more than line 56, subtract line 56 from line 64. This is the amount you **OVERPAID** | 65 | 7,255 42 |
| Have it directly deposited! See page 48 and fill in 66b, 66c, and 66d. | 66a | Amount of line 65 you want **REFUNDED TO YOU** ▶ | 66a | 6,055 42 |
| | ▶ b | Routing number ▶ c Type: ☐ Checking ☐ Savings | | |
| | ▶ d | Account number | | |
| | 67 | Amount of line 65 you want **APPLIED TO YOUR 2000 ESTIMATED TAX** ▶ [67] 1200 00 | | |
| **Amount You Owe** | 68 | If line 56 is more than line 64, subtract line 64 from line 56. This is the **AMOUNT YOU OWE**. For details on how to pay, see page 49 ▶ | 68 | |
| | 69 | Estimated tax penalty. Also include on line 68 [69] | | |

*24/9/11*

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See page 18.
Keep a copy for your records.

| Your signature | Date | Your occupation | Daytime telephone number (optional) |
|---|---|---|---|
| | 9-21-00 | *Contractor* | *(901) 249-7115* |
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation | |
| | 9-21-00 | *Accountant* | |

**Paid Preparer's Use Only**

| Preparer's signature | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|
| Firm's name (or yours if self-employed) and address | ▶ | | | EIN |
| | | | | ZIP code |

Form **1040** (1999)

✱ Printed on recycled paper

☆ U.S. GPO: 1999 456-538



Form **1040**  Department of the Treasury—Internal Revenue Service
**U.S. Individual Income Tax Return** 2003   (99)   IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2003, or other tax year beginning          , 2003, ending          , 20          | OMB No. 1545-0074

**Label**
(See instructions on page 19.)
Use the IRS label.
Otherwise, please print or type.

Your first name and initial: Barney J   Last name: Langley
Your social security number: 260 21 8735

If a joint return, spouse's first name and initial: Gina B   Last name: Langley
Spouse's social security number: 257 21 0076

Home address (number and street). If you have a P.O. box, see page 19.   Apt. no.
700 Oak St

City, town or post office, state, and ZIP code. If you have a foreign address, see page 19.
Neptune Beach Fl 32266

▲ **Important!** ▲
You **must** enter your SSN(s) above.

**Presidential Election Campaign**
(See page 19.)
Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund? ►
You: ☐ Yes ☒ No   Spouse: ☐ Yes ☒ No

**Filing Status**
Check only one box.

1 ☐ Single
2 ☒ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ►
4 ☐ Head of household (with qualifying person). (See page 20.) If the qualifying person is a child but not your dependent, enter this child's name here. ►
5 ☐ Qualifying widow(er) with dependent child. (See page 20.)

**Exemptions**

6a ☒ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do **not** check box 6a
b ☒ Spouse

No. of boxes checked on 6a and 6b: 2

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 21) |
|---|---|---|---|
| Joshua Langley | 252 69 6316 | son | ☒ |
| Morgan Langley | 257 89 4406 | daughter | ☒ |
| Abby ... Langley | 255 99 1946 | daughter | ☒ |
| | | | ☐ |
| | | | ☐ |

No. of children on 6c who:
• lived with you: 3
• did not live with you due to divorce or separation (see page 21)
Dependents on 6c not entered above

If more than five dependents, see page 21.

d Total number of exemptions claimed
Add numbers on lines above ► 5

**Income**

Attach Forms W-2 and W-2G here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 22.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 (5026 bb Health ins offic...) | 7 | 16537 50 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | 282 82 |
| b | Tax-exempt interest. **Do not** include on line 8a | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a | |
| b | Qualified dividends (see page 23) | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 23) | 10 | |
| 11 | Alimony received | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 | |
| 13a | Capital gain or (loss). Attach Schedule D if required. If not required, check here ► ☐ | 13a | 104101 00 |
| b | If box on 13a is checked, enter post-May 5 capital gain distributions | 13b | |
| 14 | Other gains or (losses). Attach Form 4797 | 14 | |
| 15a | IRA distributions | 15a |     b Taxable amount (see page 25) | 15b | |
| 16a | Pensions and annuities | 16a |     b Taxable amount (see page 25) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | (10550) 49? |
| 18 | Farm income or (loss). Attach Schedule F | 18 | |
| 19 | Unemployment compensation | 19 | |
| 20a | Social security benefits | 20a |     b Taxable amount (see page 27) | 20b | |
| 21 | Other income. List type and amount (see page 27) | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ► | 22 | 110370 83 |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 | Educator expenses (see page 29) | 23 | |
| 24 | IRA deduction (see page 29) | 24 | |
| 25 | Student loan interest deduction (see page 31) | 25 | |
| 26 | Tuition and fees deduction (see page 32) | 26 | |
| 27 | Moving expenses. Attach Form 3903 | 27 | |
| 28 | One-half of self-employment tax. Attach Schedule SE | 28 | |
| 29 | Self-employed health insurance deduction (see page 33) | 29 | 2513 00 |
| 30 | Self-employed SEP, SIMPLE, and qualified plans | 30 | |
| 31 | Penalty on early withdrawal of savings | 31 | |
| 32a | Alimony paid   b Recipient's SSN ► | 32a | |
| 33 | Add lines 23 through 32a | 33 | 2513 00 |
| 34 | Subtract line 33 from line 22. This is your **adjusted gross income** ► | 34 | 107857 83 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 77.
Cat. No. 11320B
Form **1040** (2003)

No

Form 1040 (2004)

*handwritten:* Barney Tond Gina B Longley   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

*handwritten top:* 15QC3   exhibit E 5-21

**Tax and Credits**

37  Amount from line 36 (adjusted gross income) — 37  315639

38a  Check if:  ☐ You were born before January 2, 1940,  ☐ Blind.  Total boxes
    ☐ Spouse was born before January 2, 1940,  ☐ Blind.  checked ▶ 38a ☐
  b  If your spouse itemizes on a separate return or you were a dual-status alien, see page 31 and check here ▶ 38b ☐

**Standard Deduction for—**

- People who checked any box on line 38a or 38b or who can be claimed as a dependent, see page 31.
- All others:

Single or Married filing separately, $4,850

Married filing jointly or Qualifying widow(er), $9,700

Head of household, $7,150

39  Itemized deductions (from Schedule A) or your standard deduction (see left margin) — 39  16988
40  Subtract line 39 from line 37 — 40  298651
41  If line 37 is $107,025 or less, multiply $3,100 by the total number of exemptions claimed on line 6d. If line 37 is over $107,025, see the worksheet on page 33 — 41  15500
42  Taxable income. Subtract line 41 from line 40. If line 41 is more than line 40, enter -0- — 42  283151
43  Tax (see page 33). Check if any tax is from:  a ☐ Form(s) 8814  b ☐ Form 4972 — 43  37483
44  Alternative minimum tax (see page 35). Attach Form 6251 — 44
45  Add lines 43 and 44. — 45  37483

46  Foreign tax credit. Attach Form 1116 if required — 46
47  Credit for child and dependent care expenses. Attach Form 2441 — 47
48  Credit for the elderly or the disabled. Attach Schedule R. — 48
49  Education credits. Attach Form 8863. — 49
50  Retirement savings contributions credit. Attach Form 8880. — 50
51  Child tax credit (see page 37). — 51
52  Adoption credit. Attach Form 8839. — 52
53  Credits from:  a ☐ Form 8396  b ☐ Form 8859 — 53
54  Other credits. Check applicable box(es):  a ☐ Form 3800  b ☐ Form 8801  c ☐ Specify — 54
55  Add lines 46 through 54. These are your total credits. — 55
56  Subtract line 55 from line 45. If line 55 is more than line 45, enter -0- ▶ 56  37483

**Other Taxes**

57  Self-employment tax. Attach Schedule SE. — 57
58  Social security and Medicare tax on tip income not reported to employer. Attach Form 4137. — 58
59  Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required. — 59
60  Advance earned income credit payments from Form(s) W-2. — 60
61  Household employment taxes. Attach Schedule H. — 61
62  Add lines 56 through 61. This is your total tax. ▶ 62  37483

**Payments**

*If you have a qualifying child, attach Schedule EIC.*

63  Federal income tax withheld from Forms W-2 and 1099. — 63
64  2004 estimated tax payments and amount applied from 2003 return. — 64
65a  Earned income credit (EIC) — 65a
  b  Nontaxable combat pay election ▶ 65b
66  Excess social security and tier 1 RRTA tax withheld (see page 54). — 66
67  Additional child tax credit. Attach Form 8812. — 67
68  Amount paid with request for extension to file (see page 54). — 68
69  Other payments from:  a ☐ Form 2439  b ☐ Form 4136  c ☐ Form 8885 — 69
70  Add lines 63, 64, 65a, and 66 through 69. These are your total payments. ▶ 70  none

*handwritten:* 24 pg 13

**Refund**

Direct deposit? See page 54 and fill in 72b, 72c, and 72d.

71  If line 70 is more than line 62, subtract line 62 from line 70. This is the amount you overpaid — 71
72a  Amount of line 71 you want refunded to you — 72a
  b  Routing number
  d  Account number     c Type: ☐ Checking  ☐ Savings
73  Amount of line 71 you want applied to your 2005 estimated tax ▶ 73

**Amount You Owe**

74  Amount you owe. Subtract line 70 from line 62. For details on how to pay, see page 55 ▶ 74  37483
75  Estimated tax penalty (see page 55) — 75  400 00

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see page 56)?  ☐ Yes. Complete the following.  ☒ No
Designee's name ▶            Phone no. ▶            Personal identification number (PIN) ▶

**Sign Here**

Joint return? See page 17. Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature  *[signed]*  Date  2/15/08  Your occupation
Spouse's signature. If a joint return, both must sign.  Date  Spouse's occupation  accountant
Daytime phone number

**Paid Preparer's Use Only**

Preparer's signature        Date  check if self-employed ☐  Preparer's SSN or PTIN  3-11-10 09 letter
Firm's name (or yours if self-employed), address, and ZIP code ▶        EIN
Phone no.  995.45

*handwritten bottom:* Form 8857  4.15.11

*257·27-0026   1040X   2010*

# IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

### CASE NO: 2009-CA-001429
### DIVISION: CV-H

**OCEANSIDE BANK,**

Plantiff,

Vs.

**GINA BRASHER LANGELY a/k/a GINA B. LANGLEY;BARNEY J LANGLEY; TARGET NATIONAL BANK; DISCOVER BANK; SUZANNE WORRALL GREEN, P.A. a/d/b/a SUZANNE W. GREEN, P.A.; and UNKNOWN TENANT IN POSSESSION,**

Defendents,

*Conveyance was unsuported by consideration in violation of Fl. St. Title XLI 725.07 (1, title XL 708.10 (5) title null & void Crusaw v.Cru 63750 2d 9U9 1994 Fla*

## GINA B. LANGLEY'S AFFIDAVIT OF COSTS

STATE OF FLORIDA
COUNTY OF DUVAL

BEFORE ME, the undersigned authority, personally appeared Gina B. Langley, who duly sworn, deposes and says:

1.  That Gina B. Langley has expended the following sums as costs in this cause :

*27396·12 petitioner objects 3-13-14 exhibit one pg 20 of 26*

| | |
|---|---|
| Down payment 4/15/05 | $38,988.08 >① |
| Interest payments per 1099's 4/05-10-08 | 50,948.00 |
| Repairs 4-05 thru 10-08 | 5,000.00 |
| Principal payments 5/05-10-08 | 10,800.00 —① |
| Homeowner's insurance 4/05-1/09 | 8,000.00 |
| Duval county Property Taxes 4/05-11/08 | 9,000.00 |
| 6.5 hours lawn maintenance / mth 3 months at $22.50 / hour 2/09, 3/09 and 4/09 | |
| Homeowner's insurance 4/6/09 | 438.75 |
| Closing costs 4/15/09 | 397.08 |
| | 8,494.99 |

*Σ① 100,736.08*

*+72677-13 POTRO exhibit C pg 14g 26 4-5-14*

*27396·12 1·8-13 exh J pg 17 of 13*

TOTAL

*5/21/09 exhibit J*

$132,066.90

*Gina Langley's 5/9/09 Affidavit of Costs in 4*

5/9/14 Petitioner's Stipulation of Fact Exhibit IV Page 11 of 23



October 22, 2008



Ms. Gina Langley
1418 Pinewood Road
Jacksonville Beach, Fl. 32250

Re: Oceanside Bank Loan

Dear Ms. Langley:

With regard to the captioned matter and pursuant to our recent conversations, please be advised of the following:

You recently sent us a fax inquiring as to whether or not your ex-husband, Barney Langley, was indeed a signor on your Mortgage. You may recall that you were still married when your loan was closed and since this subject property was to be your primary residence, our legal counsel advised us to include Mr. Langley in the execution of the Mortgage only. He is not an obligor under the terms of the Note and the debt that it represents. His execution of the Mortgage is construed as his consent to the lien it represents and no more.

Our instructions to the title company that acted as closing agent for the sale of your home were very clear. Since we were preparing our loan documents we notified them that Mr. Langley would be included on our Mortgage and we asked that they reflect that on their preliminary title commitment. The title company's decision to include him on the Warranty Deed "for homestead purposes only" was their decision and not dictated by Oceanside Bank's instructions. Furthermore, our legal counsel tells us that it was unnecessary.

I hope that this is of assistance to you. Please feel free to contact me should you need anything further.

Sincerely,

*Lori Paasche*

Lori S. Paasche
Vice President
Loan Operations

Cc: Amy Snowden

*[handwritten left]* 5/9/09
exhibit one
Objection to attorny fees

*[handwritten right]* Gina B Langley's
motion for summary judgment
5/9/09
exhibit one
pg one of one

3/13/09 J
exhibit one
pg one of one

1315 South Third Street
Jacksonville Beach, FL 32250

550 Atlantic Boulevard
Neptune Beach, FL 32266

13799 Beach Boulevard
Jacksonville, FL 32224

1790 Kernan Blvd. South
Jacksonville, FL 32246

904-247-9494  www.oceansidebank.com

PAGE # 0001 OF 0197

*[handwritten]* #12 pg 42

5-7-16
Plaintiff motion
attachment C15

*[handwritten right]* Appendix 5 n 10
24 pg b

OR BK 13365 Page 823
Duval County ⟵   State of Florida Order
6-21-06 dissolution
of after tax marital asset

assets and liabilities then, the amount he owes her for the assets, $707.00 is reduced by the additional

debt payment he is making of $417.59. Therefore he should pay her $289.41 within forty five (45)   *Erroneous*

days from the date of this Final Judgment.   *declined*

5-20-1?
Plaintiff motion
attachment D page 68 of 68
No 1:16-c-00206-PEC
Chief Judge Patricia E. Campb

8-8-16
Plaintiff response
EXHIBIT      PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbe

During the course of this litigation, the Wife has

#15 10*11E
R pg 135

Nonetheless she has not contributed to any of the financial obligations of the marital debts.

27396-12      7396-12      2004 .9042      3432 hearing
reply 1-8-13   3-31f         pg 14          6-21-10
Exch 10 C      petition      Final Order     ctc defendants notebook
7 of 46        b beech       dissolution of   Section 2   27396-12
               c exhibit 1   marriage.
               1911 of 96    enetered 8-21-06

*BK 3336 Page 871 State of Florida accounting final order dissolution*

6-5-20-16
Plaintiff motion
attachment D page 18 of 68
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

marital home, the parties shall have the home appraised. Each of the parties shall have

to purchase the other parties' equity in the marital home. The Court finds that there is no marital debt

to the Wife's father in the amount of $25,000.00, however, there is a mortgage to the Wife's father

on the marital home. In the event neither party purchases the other party's equity, the marital home

shall be sold and after payment of reasonable and necessary closing costs the parties shall divide

equally any remaining proceeds.

**ASSETS**   *605 10th Ave N*   ?   ?   ?

| | VALUE | WIFE | HUSBAND |
|---|---|---|---|
| Marital home | ~~400,000~~ $300,000.00 ? | | 5-6-16 |
| Sun Trust Money Market acct | $14,813.00 | | $14,813.00 |
| Construction tools, equipment | $2,000.00 | | $2,000.00 |
| 2001 Jeep Wrangler-son | $17,000.00 | | |
| 2002 Chevy Tahoe *Shredd* 1998 | $14,000.00 | *Suntrust 100a* | $14,000.00 *sold by Blagdy* |
| 2000 Volkswagon Cabrio | ~~$16,000.00~~ | $16,000.00 | |
| FCEL IRA | $11,399.00 | ~~$11,399.00~~ | *1139900 cashed by B Caghy* |
| Furniture-Wife | ~~$15,000.00~~ | $15,000.00 | |
| Furniture-Husband | ~~$12,000.00~~ | | ~~$12,000.00~~ |
| Boat | $6,000.00 | | $6,000.00 |
| Collectibles | ~~$3,000.00~~ | $3,000.00 | |
| Retirement Plan-Wife | ~~$2,000.00~~ | ~~$2,000.00~~ | |
| **SUBTOTAL** | $413,212.00 ($300,000.00) ($17,000.00) $96,212.00 ? | ~~$47,399.00~~ | ~~$48,813.00~~ |

5-6-16
Plaintiff motion
attachment B page 119
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smith

*MSL*

*$10418 7 pinck 4/1/5/05*

*Where is ?*
*605 10th Ave N ?  ⓐ 9/5/05*
*141 8 Pinewood 300000.00 ? 4/15/05*
*314 316 Third St 650,000.00 ? 9/2/04*
*Escrow Funds 791639.2 ? 2/5/05 # 15-10791 E*
*MSL Corp. ? # 12 1995 R pg 173 D10R*
*BD = 1,100,000.00 not accounted for during divorce*

*State of Florida Brevard [handwritten]*

*Bk. 13365 page 872 final order dissolution [handwritten]*

*314 34 St [handwritten]*   *6-21-06 [handwritten]*   *365,000.00 [handwritten]*

## LIABILITIES

*? 4221325 ?* [handwritten]   *46-66 [handwritten]*

5-20-16
Plaintiff motion
attachment D page 19 of 68
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Sn

*Taxes federal [handwritten]*

| | | VALUE | WIFE | HUSBAND |
|---|---|---|---|---|
| Mortgage | *700 ? [hw]* | $109,000.00 | | |
| Sears | *10th Ave ? [hw]* | $12,910.02 | $12,910.02 | |
| Home Depot | | $2,140.72 | $2,140.72 | |
| Home Depot | | $8,400.00 | | $8,400.00 |
| Target | | $7,100.00 | $7,100.00 | |
| Rooms To Go | ** | $660.00 | $660.00 | |
| Sun Trust auto loan | ** | $10,321.00 | $10,321.00 *15 600.00 [hw]* | |
| Chevron | ** | $420.00 | $420.00 | |
| Shell Oil | ** | $200.00 | $200.00 | |
| Dillards | ** | $230.00 | $230.00 | |
| Citibank-Jeep loan | *? [hw]* | $10,500.00 | $5,250.00 | $5,250.00 |
| Ocean First Bank | *? [hw]* | $22,446.63 | $22,446.63 | |
| Bank One VISA | *0? [hw]* | $14,295.88 | | $14,295.88 *received $1. [hw]* |
| Lowes | *? [hw]* | $2,167.18 | $2,167.18 | *8/23/04 [hw]* |
| Discover Platinum | *? [hw]* | $26,046.26 | | $26,046.26 *2,604.26 [hw]* |
| Sun Trust Car Loan | *? [hw]* | $1,560.00 | $1,560.00 | $ *@ 8/24/04 [hw]* |

5-6-16
Plaintiff motion
attachment B page 120
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Sn

| | | | | |
|---|---|---|---|---|
| **SUBTOTAL** | | $228,397.69 | $65,405.55 (with**) | $53,992.14 |
| | | ($109,000.00) | $53,574.55 (without**) | |
| | | ($11,831.00) | | |
| | | $107,566.69 | | |

| (** non-marital total) | $11,831.00 | *false [hw]* | *? [hw]* | *? [hw]* |

*Alc # ? [handwritten, left margin]*

*other assets @ equity date of operation ? [handwritten]*

*20) 365,000.00 [handwritten, faint]*

As distributed above, the difference in the value of the assets to the Wife and to the Husband favors the Husband by $1,414.00. To equalize their distribution, he should pay her $707.00. On the liabilities side, he is paying $417.59 more than she is. In order to evenly equitably distribute their

13

*#15-10791 E [handwritten]*

*R pg 174 [handwritten]*

*[handwritten annotations:]*
4-15-11
IRS form 8857
exhibit 4
pg 25 of 13

8-19-11 IRS letter
certified mail
7011 1150 0002 7982 9115

521.09
IRS

5-6-12
Ander Crenshaw
exhibit B
pg 1 - 85

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2004-DR-9042-FMXX-MA

DIVISION:   FM-E

IN RE: THE MARRIAGE OF

GINA B. LANGLEY, Wife,

and

BARNEY JOSEPH LANGLEY, Husband,

*[stamp:]* A TRUE COPY HEREOF
OF ABOVE CASE SIGNED
JUN 21 2006
CIRCUIT   COURT

*[handwritten:]* IRS
exhibit B pt
pg one of 9
9-10-12
tax adv group
Stephen Haller

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

This cause came before the Court on April 4, 2006 for final hearing on the Wife's Petition and the Husband's Counter-Petition for Dissolution of Marriage. Based upon the testimony and evidence presented, the Court makes the following findings of fact:

A.    The parties were married on August 17, 1985 in Jonesboro, Georgia and separated *[handwritten: on 25th]* in August, 2004.

B.    The Court has jurisdiction of the parties and the subject matter of this action.

C.    ~~[redacted]~~

D.    The Husband is employed by Sauer, Inc. and earns $72,000.00 gross income annually. The Wife is under employed, however, she has a college degree in accounting and has the potential to earn somewhere between $35,000.00 and $55,000.00 gross income annually. Evidence was presented as to the availability of jobs and salaries in the Jacksonville area and the Wife appears to be qualified to become employed and earn an income in that range. During the last ten (10) years

*[handwritten bottom:]*
IRS
6 11-12
pg 15 of 90

final order por Barney langley
1 of 9
B. Langley's answer
to supplemental
2-26-09

date of Separation
8/24/04

Petitioners Objection to R's doc
exhibit C pg 10 =
4-5-14

|  | Assets | Debt | Credit | Balance |
|---|---|---|---|---|
| 700 Oak St. | | 408 000 00 | | |
| 314 Third St | | 65000 00 | | |
| 605 10th Ave. N | | 205 000 00 | | |
| Boat | | 3 000 00 | | |
| Tools | | 1 000 00 | | |
| Furniture | | 6 000 00 | | |
| Silvuado | | 15 653 00 | | |
| Volkswajon | | 15 100 00 | | |
| Retirement funds (G+B) | | 13 000 00 | | |

5-6-16
Plaintiff motion
attachment B page 118
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campbell-Smi

Total assets   8/24/04

1,325,653 00

## Liabilities

| Jerry Brasher   Oak St. | 110 000 00 |
|---|---|
| 314 Third St   Wells Fargo | 204 000 00 |
| First Union - 314 Third St. | 115 70 00 |
| Jerry Brasher 605 10th Ave N | 125 977 70 |
| Suntrust (Volkswajon) | 15 000 00 |
| Jeep (sons) | 10 000 00 |
| CC Debt | 98 000 00 |

Total Liabilities

(674 297 70)

## Equity

Marital Entity   Equity
9/04 Gina Langley 50%   distributed
9/04 Barney Langley   50% distributed

(65 1355 30)
15 954 502
15 954 502

Net Entity Value   remaining @   9 - 2004

332 2520

State of Florida and Barney Langley
consented to give only remaini
asset of the parties as follows
in 2010  loss to Gina Langley

R pg 171 # 151D 791 E

# 15-10791-E

# 5 30529 18

5/19/14 Petitioner's Stipulation of Fact
Exhibit C
Page 5C of

8-8-16
Plaintiff response
EXHIBIT 27 PAGE 0*e
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Camp*

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

**COPY**

CASE NO: 16-2004-DR-009042-FMXX-MA
DIVISION: FM-E

GINA B. LANGLEY, Petitioner
and
BARNEY JOSEPH LANGLEY, Respondent

*5/4/09 pu Bud -Tone's own
accord voluntary
w/o pro
the ct took
notice that*

## ORDER REFERRING CASE TO FAMILY MEDIATION UNIT

*jurisdiction on over*

The Court *sua sponte* finds that this case should be referred to the Family Mediation Unit for *the*
mediation of all pending disputed issues, including, but not limited to, custody, support, visitation, *case*
alimony, and property division.

ACCORDINGLY, it is ORDERED that:

(1) **REFERRAL.** This case is hereby referred to the Family Mediation Unit for mediation,
of all pending disputed issues. The Family Mediation Unit shall schedule a mediation conference for
the purpose of assisting the parties and their counsel, if any, in resolving such issues.

(2) **MANDATORY ATTENDANCE.** The parties and their attorneys, if any, shall attend
in person all conferences scheduled by the Family Mediation Unit, and shall mediate in good faith.
If a party is represented. No party or attorney shall participate by telephone unless prior authorization
is received through the Family Mediation Unit.

*attached next pge*

(3) **MANDATORY FINANCIAL AFFIDAVITS.** Each party shall bring to the first
mediation conference, if not previously filed, a completed, notarized financial affidavit which satisfies
the requirements of the Florida Family Law Rules of Procedure regarding such affidavits.

(4) **MANDATORY PAYMENT OF MEDIATION COSTS.** Unless it is otherwise
ordered, each party shall be responsible for payment of one-half of all mediation costs assessed by
the Family Mediation Unit. The costs shall be paid in advance of or at the commencement of
mediation. A party's failure to timely pay such assessed costs may result in the issuance of an Order
to Show Cause why that party should not be adjudged in indirect civil contempt of court or indirect
criminal contempt of court.

Any party who files a Clerk's certificate of indigence or a Court order determining indigence
in compliance with section 57.081, Florida Statute, shall not be assessed mediation costs.

(5) **FAILURE TO ATTEND MEDIATION.** In the event that one party fails to attend a
scheduled mediation conference, the party who fails to attend shall be responsible for payment for the
entire cost of the session, and the party who appeared shall not be responsible for payment of any of
the cost of the session. In the event that both parties fail to appear, each party shall be responsible
for payment of one-half of the cost of the session. Failure of one party or both parties to appear may
result in the imposition by the Court of appropriate sanctions which may include, but are not limited

*objection to attny fees
5/8/09
exhibit 5
pg14 #w0*

*pg 10*

*sua sponte order 4/27/2009*

# FAMILY MEDIATION FACT SHEET

*Mediation is the process by which the parties and a neutral third person come together to discuss issues relating to divorce, division of property and debt, spousal support, parenting schedules, child support, or modifications to a prior agreement in an effort to resolve these issues to each parties satisfaction.*

## PLEASE BRING THE FOLLOWING INFORMATION TO THE MEDIATION SESSION:

Completed and updated Financial Affidavit - Form 12.902b Family Law Financial Affidavit (Short Form)
This form is available through the internet at
http://www.flcourts.org/gen_public/family/forms_rules/index.shtml

If you do not have access to the internet you may purchase a form from the Family Law Department (904-630-2230) in Room 103 or the Law Library (904-630-2560) room 102 at the Duval County Courthouse, 330 East Bay Street, Jacksonville, Florida 32202.

Three (3) months of pay stubs or pay records and three (3) years of tax returns.   X

Invoices or statements from your daycare or before/after school care provider. Or, cancelled checks showing payment to the child care provider.

Bring copies of statements, bills or invoices, if you are requesting the other party to contribute to bills or debts incurred.

Bring a copy of the cost of health insurance as if you covered yourself only and the total cost of the insurance, medical and dental only.   For example, an individual plan is $60 per month and a family plan is $180 per month, then your cost would be $60 for you and $120 for family - the child + any additional family members covered by the policy.  (This information is available through your employer's human resources department.)

| | Employee Only | Employee +1 | Family |
|---|---|---|---|
| Medical | $60 | $80 | $120 |

## MEDIATION FEES:

... have a combined gross income of $50,000 or less, you ...
... bring your receipt ...
... than $50.00.
... ring your receipt ...

27396-12
1-8-13 reply
exh C
#3 of 46

17267-13
POTRPPO Petitioner
exhibit K
pg 4 of 11
4-5-14

copy of
judge's 1st
order

1-D11-2642
appellant appendix to initial brief
Docket A154 6-3-11 TC



form 4868 application for automatic extension of time to file U.S. Tax return. Gina B. Langley has not filed her 2005 thru 2008 federal income tax returns due to the error in this Courts Order addressed with IRS form 8857 attached at exhibit E form 12.902(b) mailed on 5/21/09 Per this order of compliance to produce last three years of tax returns filed

Gina B. Langley
Mother, Josh, Morgan and Abby
1418 Pinewood Rd
Jacksonville Beach, fl. 32250

5/19/14 Petitioner's Stipulation of Fact
Exhibit ___ of ___
Page ___ of 7

29396.10
172673

39.32
4 5 11
pg 110/19

R 4A pg 65 # 1510791E

09.SC.2291
5/22/09
exhibit A6
hearing

hearing
10/7/09
3:09 bk·06711

hearing
6·22·09
09·CA·1429

hearing
5/21/09
04·DR 9042

1< pg 67

Form **8857**
(Rev. June 2007)
Department of the Treasury
Internal Revenue Service (99)

**Request for Innocent Spouse Relief**

*submitted*
*exhibit E*
*5/2/09*
*#3012*

► Do not file with your tax return.   ► See separate instructions.

OMB No. 1545-1596

### Important things you should know

- Answer all the questions on this form that apply, attach any necessary documentation, and sign on page 4. Do not delay filing this form because of missing documentation. See instructions.
- By law, the IRS must contact the person who was your spouse for the years you want relief. There are no exceptions, even for victims of spousal abuse or domestic violence. Your personal information (such as your current name, address, and employer) will be protected. However, if you petition the Tax Court, your personal information may be released. See Instructions for details.
- If you need help, see *How To Get Help* in the Instructions.

**Part I**   Should you file this form? You must complete this part for each tax year.

| | | Tax Year 1 | Tax Year 2 | Tax Year 3* |
|---|---|---|---|---|
| 1 | Enter each tax year you want relief. It is important to enter the correct year. For example, if the IRS used your 2006 income tax refund to pay a 2004 tax amount you jointly owed, enter tax year 2004, not tax year 2006. **Caution.** The IRS generally cannot collect taxes you owe now until your request for relief is resolved. However, the time the IRS has to collect is extended. See *Collection Statute of Limitations* on page 3 of the instructions. | 2004 | | |

| | | Yes | No | Yes | No | Yes | No |
|---|---|---|---|---|---|---|---|
| 2 | Check the box for each year you would like a refund if you qualify for relief. You may be required to provide proof of payment. See instructions | ☑ | | ☐ | | ☐ | |
| 3 | Did the IRS use your share of the joint refund to pay any of the following past-due debts of your spouse: federal tax, state income tax, child support, spousal support, or federal non-tax debt such as a student loan? • If "Yes," **stop here**; do not file this form for that tax year. Instead, file Form 8379. See instructions. • If "No," go to line 4 | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
| 4 | Did you file a joint return for the tax year listed on line 1? • If "Yes," skip line 5 and go to line 6. • If "No," go to line 5 | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 5 | If you did not file a joint return for that tax year, were you a resident of Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas, Washington, or Wisconsin? • If "Yes," see *Community Property Laws* on page 2 of the instructions. • If "No" on both lines 4 and 5, **stop here**. Do not file this form for that tax year | | | | | | |

*If you want relief for more than 3 years, fill out an additional form.

**Part II**   Tell us about yourself

**6** Your current name (see instructions)
GINA BRASHER LANGLEY

Your current home address (number and street). If a P.O. box, see instructions.
1418 Pinewood Rd.

City, town or post office, state, and ZIP code. If a foreign address, see instructions.
Jacksonville Beach Fl 32250

Your social security number

Apt. no. | County
Duval

Best daytime phone number
(904) 307-4135

**Part III**   Tell us about you and your spouse for the tax years you want relief

**7** Who was your spouse for the tax years you want relief? File a separate Form 8857 for tax years involving different spouses or former spouses.

That person's current name
Barney Langley

Current home address (number and street) (if known). If a P.O. box, see instructions.
700 Oak St

City, town or post office, state, and ZIP code. If a foreign address, see instructions.
Neptune Beach Fl 32266

Social security number (if known)

Apt. no.

Best daytime phone
(904) 345-

For Privacy Act and Paperwork Reduction Act Notice, see instructions.   Cat. No. 24647V   Form 8'

*JCS*
*4-15-11*
*exhibit 3*
*form 8857*
*no*

*R-3m-21-pg59*

Docket No. 27396-12
Exhibit B

Form 8857 (Rev. 8-2007)

Note. If you need more room to write your answer for any question, attach more pages. Be sure to write your name and social security number on the top of all pages you attach.

Page 3

**Part IV** (Continued)

**14** When the returns were signed, were you concerned that any of the returns were incorrect or missing information? Check all that apply and explain, if necessary. If the answers are not the same for all tax years, explain.

☐ You knew something was incorrect or missing, but you said nothing.
☐ You knew something was incorrect or missing and asked about it.
☐ You did not know anything was incorrect or missing.

Explain ► *I assumed the court would recognize debt was paid*

*exhibit C*
*5-21-09 IRS*

**15** When any of the returns were signed, what did you know about the income of the person on line 7? If the answers are not the same for all tax years, explain.

☐ You knew that person had income.

List each type of income on a separate line. (Examples are wages, social security, gambling winnings, or self-employment business income.) Enter each tax year and the amount of income for each type you listed. If you do not know any details, enter "I don't know."

| Type of income | Who paid it to that person | Tax Year 1 | Tax Year 2 | Tax Year 3 |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

☐ You knew that person was self-employed and you helped with the books and records.
☐ You knew that person was self-employed and you did not help with the books and records.
☐ You knew that person had no income.
☐ You did not know if that person had income.

Explain ► *Income was accurately reported. I failed to deduct imputed interest on the $25000.00 loan. Total pmt $33000.00 to Lam Terry Lambert*

**16** When the returns were signed, did you know any amount was owed to the IRS for those tax years? If the answers are not the same for all tax years, explain.

☑ Yes. Explain when and how you thought the amount of tax reported on the return would be paid ► *I thought it would be evenly paid from both parties*

☐ No.
Explain ►

**17** When any of the returns were signed, were you having financial problems (for example, bankruptcy or bills you could not pay)? If the answers are not the same for all tax years, explain.

☑ Yes. Explain ► *I was involved in divorce proceedings for which I assumed the Ct. would order an equitable distribution in accordance with law & statute of secs*

☐ No.
☐ I do not know.
Explain ►

**18** For the years you want relief, how were you involved in the household finances? Check all that apply. If the answers are not the same for all tax years, explain.

☐ You knew the person on line 7 had separate accounts.
☐ You had joint accounts but you had limited use of them or did not use them. Explain below.
☐ You used joint accounts. You made deposits, paid bills, balanced the checkbook, or reviewed the monthly bank statements.
☐ You made decisions about how money was spent. For example, you paid bills or made decisions about household purchases.
☐ You were not involved in handling money for the household.
☑ Other ►

Explain anything else you want to tell us about your household finances ► *They were accurately recorded*

**19** Has the person on line 7 ever transferred assets (money or property) to you? (Property includes real estate, stocks, bonds, or other property to which you have title.) See instructions.

☐ Yes. List the assets and the dates they were transferred. Explain why the assets were transferred ► *J 11-10-09 letter IRS pg 3 of 5*

☐ No. *his attorney obstructed justice by knowingly, intentionally exhibit 3 and repeatedly misrepresenting the facts*
*4-15-11 form 8857 *

*motion to dismiss for lack of jurisdiction*

Docket No. 27396-12
Exhibit B

Form 8857 (Rev. 8-2007)

*(handwritten top margin)* 4-15-11 JT   5-27-09
IRS form 8857   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
pg 104, 63
exhibit 4

Form 8857 (Rev. 6-2007)

**Part V** Tell us about your current financial situation

Page 4

*(handwritten left margin, rotated)* 5/19/14 Petitioner's Stipulation of Fact   Exhibit 7   Page 82

20  Tell us the number of people currently in your household.   Adults __1__   Children __2__

21  Tell us your current average monthly income and expenses for your entire household. If family or friends are helping to support you, include the amount of support as gifts under Monthly income. Under Monthly expenses, enter all expenses, including expenses paid with income from gifts.

| Monthly income | Amount | Monthly expenses | Amount |
|---|---|---|---|
| Gifts | 0 | Federal, state, and local taxes deducted from your paycheck | |
| Wages (Gross pay) | 3156.90 | Rent or mortgage | 438.83 |
| Pensions | -0- | Utilities | 420.00 |
| Unemployment | -0- | Telephone | 200.00 |
| Social security | -0- | Real Estate taxes | 58.00 |
| Government assistance, such as housing, food stamps, grants | -0- | Food | 300.00 |
| Alimony | -0- | Car expenses, payments, insurance, etc. repairs & gas | 391.00 |
| Child support | | Medical expenses, including medical insurance | 200.00 |
| Self-employment business income | -0- | Life insurance | N/A |
| Rental income | | Clothing | |
| Interest and dividends | 0 | Child care | 20.00 |
| Other income, such as disability payments, gambling winnings, etc. List the type below: | 0 | Public transportation | 0 |
| | | Other expenses, such as real estate taxes, child support, etc. List the type below: ) exhibit 4 | 0 |
| Type ............... | 0 | Type In Kind child support by providing | |
| Type ............... | 0 | Type housing valued @ 1898 loss of | |
| Type ............... | 0 | Type use of assets | 4571.00 |
| Total | 3156.90 | Total | 7598.83 |

22  Please provide any other information you want us to consider in determining whether it would be unfair to hold you liable for the tax. If you need more room, attach more pages. Be sure to write your name and social security number on the top of all pages you attach.

*(handwritten)* In the courts Order rendered on June 26, 2006. It states p. "she has not contributed to any of the financial obligations of the marital debts." My attorneys and I during the proceedings that state this was part of the marital debt therefore I want a refund of $41,823.54 to the IRS. On page 4 it states the husband this was a gift regarding the $206.11 (I owe) $25,000.00 start up capital in 1995 for MSL corporation which was never recorded as a gift. it was recorded as a capital contribution of MSL corporation. And interest should have been imputed

Caution    By signing this form, you understand that, by law, we must contact the person on line 7. See instructions for details.

**Sign Here**
Under penalties of perjury, I declare that I have examined this form and any accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature ▶ *(signature)* Nina B Laffy    Date

Keep a copy for your records

**Paid Preparer's Use Only**   Preparer's signature ▶    Date    Check if self-employed ☐    Preparer's SSN or PTIN *(circled)* 5/18/09
Firm's name (or yours if self-employed), address, and ZIP code ▶    EIN    Phone no.

Form 8857 (Rev. 6-2007)

*(handwritten bottom)* 1-011-2642   S-27-09   11-31
appellant's appendix to
initial brief
pg 59 of 154  6-3-11 JT

**IRS** Department of the Treasury
Internal Revenue Service
P.O. Box 120053, Stop 840F
Covington  KY  41012

In reply refer to:  0297803535
June 16, 2009  LTR 3657C  i0
                  200412 30 000
Input Op:  0297803535 00013470
                       BODC: SB

GINA B LANGLEY
1418 PINEWOOD RD
JACKSONVILLE BC  FL  32250-2919

237

Social Security Number:  ▓▓▓▓▓▓▓

2010 CA 3932
exhibit 4 plaintff
pg 7 of 10
4-5-11 hearing

Form:  8857
Tax Year(s):  2004

Contact Person:  Mrs. Bonno
Employee Identification Number:  1758639
Contact Telephone Number:  1-866-897-4270
FAX Number:  859-669-5256

Dear Taxpayer:

We received Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief).  You do not meet the basic eligibility requirements because:

Our records show no amount is currently owed and you did not make any payments for tax year(s) 2004. is false

IF YOU HAVE ANY QUESTIONS:

- See Publication 971, Innocent Spouse Relief (And Separation of Liability and Equitable Relief), for more information.  Visit www.irs.gov or call 1-800-TAXFORM to order a copy.

- Call the contact person shown on this letter between 7:30 a.m. and 3:30 p.m.(ET), or

- Write to us at the address shown on this letter.  Please include a copy of this letter and your best daytime phone number with the hours we can reach you.

Best daytime phone number    (    ) _____

Best time to call during the day: _____

17-267-13
POTRP
exhibit E pg 7 of 8
45-11

exhibit one
8/7/09

#27396-12
reply 1-8-13
A
pg 6 of 8

*C - 11-10-09 letter IRS*
*pg one of sixteen*

Gina Langley
1418 Pinewood Rd.
Jacksonville Beach, Fl. 32250

August 8, 2009

Re: 0297803535

*4-15-11*
*IRS form 8857*
*exhibit 4*
*pg 43 of 63*

2004 Innocent spouse relief.

Mrs. Bono,

I received your letter dated June 16, 2009. (attached exhibit one)
The statement that "you did not make any tax payments for 2004" is incorrect.

1.    Notice number CP11 (attached exhibit two a and b) shows $37,883.90 was
      paid.

2.    Exhibit 3 ck 1371 shows $2,225.66 was paid

3.    Exhibit 4 ck 5007 shows $1114.00 was paid

4.    exhibit 5 shows various payments totaling $894.29 were paid
      *$42,273.56*

The total amount paid for 2004 equals $42,117.85 per The Irs statement CP11 dated
5/30/05. Your statement that no amount due by Gina Langley for 2004 is correct.

I filed the joint 2004 tax return after filing for divorce but prior to the final Order of the
dissolution of marriage rendered in June 2006. That final order states "she has not
contributed to the financial obligations of the marital debts." Exhibit 6. The final Order
is in appeal due to the conflicting statement re: the IRS payments. .

I am claiming in the request for innocent spouse relief that the Court did not recognize
the above payments as payments for marital debt. Barney Langley former spouse
continues to claim in court documents I have paid no marital debt. Therefore the above
payments should be applied to my tax liability as I overpaid for Barney Langley's ½
share of the 2004 Joint Federal Income tax due. I should be reimbursed his ½ share, that
the Court states I did not pay, totaling $21,058.93 and will claim a refund on the 2005-
2008 personal federal income tax return I am filing prior to filing for bankruptcy due to
this and other errors admitted but not corrected the Fourth Judicial Circuit florida,000 in
violation of the rules of federal procedure 12.280. See exhibit 7.

Sincerely,
Gina Langley
*Gina Lee*
CC: Barney Langley

*Covington Ky. 41012*
*CM recept 7008-2810-0002 0186*
*7845*
*Mrs Cook*

*11-6-09 no response called IRS   ID# 0197599*
*resubmit request*
*✓ box refund of payment did ✓ box resend*

WP9 48

# IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO: 2009-CA-001429
DIVISION: CV-H

OCEANSIDE BANK,
            Plantiff,

Vs.

GINA BRASHER LANGELY a/k/a GINA B.
LANGLEY; BARNEY J LANGLEY; TARGET
NATIONAL BANK; DISCOVER BANK;
SUZANNE WORRALL GREEN, P.A. a/d/b/a
SUZANNE W. GREEN, P.A.; and UNKNOWN
TENANT IN POSESSION, AND TO ALL OTHERS
WHO MAY BE CONCERNED



FILED

AUG 03 2009

CLER..         IT COURT

## GINA B. LANGLEY'S EMERGENCY MOTION TO POSTPONE SALE OF 1418 PINEWOOD RD. JAX BEACH FL. 32250

Defendant, Gina B. Langley pursuant to Rule 1.510 of the Florida Rules of Cival

Procedure and Fl Statute(s) most respectfully request the sale of 1418 Pinewood Rd. Jax

Beach Fl. 32250 be postponed until Orders on existing motions in related cases 2004-Dr-

9042, 2009-SC-2291, 2007-CA-9010 and the conflict in the IRS payments per complaints

filed on 6/29/09 against JD Todd and Warren Parker are rendered as noted in the Sua

Sponte order rendered 4/28/09.

The rendition date of the Order of Summary Judgment in foreclosure leaves the

defendent in a procedural Quandary in regard to paragraph 7 of the Summary Judgment

and the notice of sale rendered on that same day. McGurn v. Scott 596 so 2d 1042-1045

(fla 1992).

*Gina B Langley*

Gina B. Langley
1418 Pinwood Rd.
Jacksonville Beach, Fl. 32250

5/19/14 Petitioner's Stipulation of Fact
Exhibit 7
Page 111 of 7

1

27396-12
1 8-13
exch 5
pg 1 of 13

7 - 179   #12 pg 41

pg 103

2 pg 9

### IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT
### IN AND FOR DUVAL COUNTY, FLORIDA

### COMPLAINT OF ATTORNEY MISUSE OF ESCROW FUNDS BY FORMER
### ATTORNEY E. WARREN PARKER

I, Gina Langley, defendant in case 2009-CA-1429, which notice of related case 2004-DR-9042 petition for the dissolution of marriage was filed at mediation on 5-21-09.

In the requirements of compliance per the Courts Order rendered 5-9-09 form 8857 was filed with the Internal Revenue Service for monies paid by Gina Langely's then attorney, Chip Parker with Parker & Dufresne, P.A. totaling $38,997.90 paid in 2005 for the tax year 2004.  See copy of alleged checks 5007 and 5008 dated 4/15/05.

On June 19, 2009 I received the IRS response #0297803535 which states "Our records show you did not make any payments for tax year 2004.

Parker and Dufresne, PA was also paid over $20,000.00 in fees to respond to Suzanne Green which final order states on page 14 paragraph 8 "nonetheless, she has not contributed to any of the financial obligations of the marital debts during the course of the litigation."

Suzanne Green in her letter to Chip Parker dated 6-8-05 acknowledges that $79,163.92 were the funds received from the sale of investment property in Jan 2005 that went into escrow.

Wherefore, I Gina Langley, most respectfully request in accordance with the Federal Rules of cival procedure 12.280, this complaint against Parker & Dufresne, P.A.8777 San Jose Blvd, Suite 301, Jacksonville, Fl. 32217 be served for the amount of the tax payment that should have been applied to Gina Langley's federal income tax for 2004 totaling $38,997.90 and reimbursement of $20,000.00 in attorney fees for his misrepresentation and misuse of escrowed funds and filing a motion with the Court in Nov 05 when he was notified that he no longer represented me in the Notice of Appearance filed on 10-10-05. copy attached.

_Gina Lly_
6/22&09

9/24/09
Hearing

D 31 pg 57

#15-10791E

## IN THE CIRCUIT COURT IN THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

## COMPLAINT OF ATTORNEY MISUSE OF ESCROW FUNDS BY FORMER
## ATTORNEY JOHN DAVID TODD

I, Gina Langley, defendant in case 2009-CA-1429, which notice of related case 2004-DR-9042 petition for the dissolution of marriage was filed at mediation on 5-21-09.

In the requirements of compliance per the Courts Order rendered 5-9-09 form 8857 was filed with the Internal Revenue Service for monies paid by Gina Langely's then attorney, John David Todd totaling $2,225.66 paid in 2005 for the tax year 2004. See copy of alleged checks 5007 and 5008 dated 4/15/05.

On June 19, 2009 I received the IRS response #0297803535 which states "Our records show you did not make any payments for tax year 2004.

JD Todd was also paid over $3000.00 in fees by Gina Langley to respond to Suzanne Green ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and which final order states on page 14 paragraph 8 "nonetheless, she has not contributed to any of the financial obligations of the marital debts during the course of the litigation."

Suzanne Green in her letter to Chip Parker dated 6-8-05 acknowledges that $79,163.92 were the funds received from the sale of investment property in Jan 2005 that went into escrow.

Wherefore, I Gina Langley, most respectfully request in accordance with the Federal Rules of cival procedure 12.280. this complaint against John David Todd Esquire. 6817 southpoint Parkway. Suite 1501, Jacksonville, florida 32216 on this 22 day of June 2009 and request proof of payment to the Internal Revenue Service and a refund of attorney fees paid.

*Gina Lgley*
6/22/09

9/29/09
Hearing
pg 3 of 3

R - pg 58

261"

*attachment to
Form 104XX Copy only
do not process*       *2009
Line 69, 74)
pay (74)*

Form **4868**

Department of the Treasury
Internal Revenue Service (99)

## Application for Automatic Extension of Time
## To File U.S. Individual Income Tax Return

OMB No. 1545-0074

20**09**

There are three ways to request an automatic extension of time to file a U.S. individual income tax return.

1. You can file Form 4868 electronically by accessing IRS e-file using your home computer or by using a tax professional who uses e-file.

2. You can pay all or part of your estimate of income tax due using a credit or debit card.

3. You can file a paper Form 4868.

The first two options are discussed under IRS e-file, next. Filing a paper Form 4868 is discussed later on this page.

 It's Convenient,
Safe, and Secure

IRS e-file is the IRS's electronic filing program. You can get an automatic extension of time to file your tax return by filing Form 4868 electronically. You will receive an electronic acknowledgment once you complete the transaction. Keep it [wi]th your records. Do not send in Form 4868 if you file [e]lectronically, unless you are making a payment with a check or [mo]ney order. (See page 4.)

[C]omplete Form 4868 to use as a worksheet. If you think you [ma]y owe tax when you file your return, you will need to estimate [you]r total tax liability and subtract how much you have already [pai]d (lines 4, 5, and 6 below).

[Y]ou can apply for an extension by e-filing Form 4868 from a [h]ome computer or through a tax professional who uses e-file. [Sev]eral companies offer free e-filing of Form 4868 through the [fre]e File program. For more details, go to www.irs.gov and [ente]r "Free File" in the search box at the top of the page.

[Y]ou can also apply for an extension by paying part or all of your [e]stimate of income tax due by using a credit or debit card. See Pay by Credit or Debit Card later on this page.

 E-file Using Your Personal Computer
or Through a Tax Professional

Refer to your tax software package or tax preparer for ways to file electronically. Be sure to have a copy of your 2008 tax return—you will be asked to provide information from the return for taxpayer verification. If you wish to make a payment, you can pay by electronic funds withdrawal or send your check or money order to the address shown in the middle column under *Where To File a Paper Form 4868*. See page 4.

 Pay by Credit or Debit Card

You can get an extension if you pay part or all of your estimate of income tax due by using a credit or debit card. Your payment must be at least $1. You can pay by phone or over the Internet. See page 4.

 File a Paper Form 4868

If you wish to file on paper instead of electronically, fill in the Form 4868 below and mail it to the address shown on page 4.

For information on using a private delivery service, see page 4.

**Note.** If you are a fiscal year taxpayer, you must file a paper Form 4868.

Exhibit 13    Page 6 of 8    Petitioner Stipulation of Fact

*17267-13 Petition Respose to 8-1-14 Lttr
8-28-14   Exhibit 4 pg 6 of ten*

*NOTE: Filing extension unable to file tax return due
to non credit of innocent spouse relief for
$45,000 in tax payments from 2005. Court hearing
scheduled 11/9/10. for attorney's fraud which
divorce case not allocating my payment in the distribution*

— — — — — DETACH HERE — — — — —

Form **4868**

Department of the Treasury
Internal Revenue Service (99)      For calendar year 2009, or other tax year beginning

## Application for Automatic Extension of Time
## To File U.S. Individual Income Tax Return

OMB No. 1545-0074

20**09**

, 2009, ending                 , 20

| **Part I** Identification | **Part II** Individual Income Tax | |
|---|---|---|
| 1 Your name(s) (see instructions) | 4 Estimate of total tax liability for 2009 | |
| *Ciara B. Lingley* | 5 Total 2009 payments | |
| *TC Cars St* | 6 Balance due. Subtract line 5 from line 4 (see instructions) | |
| | 7 Amount you are paying (see instructions) *R pg11?* | |
| City, town, or post office | 8 Check here if you are out of the country and a U.S. citizen or resident (see instructions) | *#1510291E* |
| | 9 Check here if you file Form 1040NR or 1040NR-EZ and did not receive wages as an employee subject... | |



5007

Appeal x pg 11
11/30/08
Motion to
default
Judgment

Page 8
Family Court
19/33/08

PARKER & DUFRESNE, P.A.
TRUST ACCOUNT
8777 SAN JOSE BLVD. SUITE 301
JACKSONVILLE, FL 32217
(904) 733-7766

EVERBANK
JACKSONVILLE, FLORIDA 32257
63-22-630

DATE 4/15/05   NUMBER 5007   AMOUNT 1,114.00

Gina Langley's payment from escrow

PAY One thousand One Hundred fourteen dollars and 00/100

TO THE ORDER OF   Internal Revenue Service

#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

⑈005007⑈ ⑈063000225⑈ 0513535⑈01

5008

PARKER & DUFRESNE, P.A.
TRUST ACCOUNT
8777 SAN JOSE BLVD. SUITE 301
JACKSONVILLE, FL 32217
(904) 733-7766

EVERBANK
JACKSONVILLE, FLORIDA 32257
63-22-630

DATE 4/15/05   NUMBER 5008   AMOUNT 37,883.90

PAY Thirty Seven Thousand Eight Hundred Eighty Three dollars and 90/100

TO THE ORDER OF   Internal Revenue Service

#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

attachment P pg 2 of 2
10/16/06     IRS form 8857

*W pg 10*    13

## JOHN DAVID TODD, ATTY AT LAW
### TRUST ACCOUNT
6817 SOUTHPOINT PARKWAY SUITE 1501
JACKSONVILLE, FL 32216

PAY
TO THE
ORDER OF   Suntrust      DATE.. 12/2/2005

$ 365.00

Three Hundred Sixty Five and no 00/xx      —DOLLARS

**Bank of America**
ACH R/T 063100277

FOR   Langley      *John David Todd*

⑆001370⑆ ⑈063000047⑈ 002101189816⑆

---

## JOHN DAVID TODD, ATTY AT LAW
### TRUST ACCOUNT
6817 SOUTHPOINT PARKWAY SUITE 1501
JACKSONVILLE, FL 32216

1371

PAY
TO THE
ORDER OF   Internal Revenue Service      DATE 12/2/2005    63-44

$ 2,225.66

Two Thousand Two Hundred Twenty Five and 66/00      —DOLLARS

**Bank of America**
ACH R/T 063100277

FOR Langley      0076      *John David Todd*

⑆001371⑆ ⑈063000047⑈ 002101189816⑆

---

## JOHN DAVID TODD, ATTY AT LAW
### TRUST ACCOUNT
6817 SOUTHPOINT PARKWAY SUITE 1501
JACKSONVILLE, FL 32216

1372

PAY
TO THE
ORDER OF      DATE    63-4/630
     11-

2-pg 142    $

**Bank of America**
ACH R/T 063100277      exhibit O.
     5-6-12      —DOLLARS

FOR      Order Crenshaw
     15 of 23

⑆001372⑆ ⑈063000047⑈ 002101189816⑆

27396-12
3-13-14
Petitioners Objection
Exhibit One
pg 8 of 26

5/19/14 Petitioner's Stipulation of Fact
Exhibit 8
Page 05 of

---

1/22/09
appendix pg
Motion for Default
Judgment.

Page ___ of ___ mother's
Motion 3/16/07
Re: case 1DO6-3851
Re: 16-2004-DR-9042-FMXX
Attachment 19 page 30 of 53

27 386.12
exh 1-8
Exhibit 3
pg 6 of 8

J104-P
related cases
pg 17 of 26
3/27/09

17267.13
escrow POTRA
Exhibit C
pg 6 of 8

COPY

17267-13
tax memo 2015-11

- 2 -

[*2] determination.  The supplemental notice acknowledged that there are no

outstanding balances for 2008 and 2010 but sustained the proposed levy to collect

unpaid balances for 2006 ($121.48 as of the date of the original proposal for levy)

and 2009 ($3,374.96 as of the date of the original proposal for levy).  The issues

for determination are whether underlying liabilities are properly in issue or

whether the determination to sustain the proposed levy was an abuse of discretion.

All section references are to the Internal Revenue Code in effect at all relevant

times.

## Background

All of the facts in this case are discerned from the underlying administrative

record and the records of this Court.  The parties did not execute a stipulation, and

there was no testimony when the case was called for trial.  Because the positions

of the parties and the relevant facts are fully disclosed in the administrative record

and the parties' filings, there is no reason to reopen the record for additional

evidence.

## Petitioner's Claimed Overpayments

Petitioner was a resident of Florida at the time she filed her petition.  She

was previously married to Barney Langley and filed a joint Federal income tax

return with him for 2004.  Thereafter she and Barney Langley were divorced as a

**GINA LANGLEY**
700 OAK ST.
NEPTUNE BEACH, FL 32266

1157

63-1392/630
66317

1-14-15
Date

Pay to the
Order of _United States Treasury_____ | $ 121 ⁴⁸

One hundred twenty One + 48/100_____ Dollars

For 1040 Tax all paid in full      Lisa B Ly

1040 Tax all paid en full

⑆061⑆ 1157

Case 17267-13

17267-13
R pg 36
d39

pd per
Courts Order case 17267-13
1-13-15
- immaterial
except that IRS
Service center said I
owe 9ºº (2006)
and I did not
receive 46.66 refund
in 2006 as proved by appeal
in case 17267-13

officer K. Piro

appealed 27396.12 -
for 2004 year
46.66 refund did not
receive applied

PAYOFF CALCULATOR

**Name:** GINA B LANGLEY   **SSN:** 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

Calculation Result Based on INTST

| MFT | Tax Period | Assessed Tax/Penalty | 01/14/2015 (Target Date) | | | 02/13/2015 (Target Date + 30 Days) | | | IDRS Hold Conditions |
|---|---|---|---|---|---|---|---|---|---|
| | | | Total FTP | Total Interest | Balance | Total FTP | Total Interest | Balance | |
| 30 | 200612 | 55.77 | 18.38 | 55.40 | 129.55 | 18.38 | 55.72 | 129.87 | |

Print  Close   Return to Calculator

*owe - ???*

*Tracy Brown - said owed 9⁰⁰*

*badge # 1000 705277*

*!!!*

*17267-13 Rpg37 d39*

17267-13
Tax Ct memo 2015-11

- 3 -

[*3] result of proceedings in the Florida courts.  The returns that petitioner filed

for 2006 through 2010 were not joint returns.

Petitioner contends that she does not owe taxes for the years in issue and

that she is entitled to a refund of over $40,000 for 2004 that was ~~misappropriated~~

by Barney Langley and/or others in Florida.  She has claimed mistreatment by

Florida attorneys and the Florida courts in relation to the domestic relations

proceedings.

Petitioner filed an action in this Court, docket No. 27396-12, seeking relief

under section 6015 for years 2004 through 2010.  That case was ultimately

dismissed for lack of jurisdiction because there was no deficiency for 2004 and

because petitioner had not filed joint returns for the later years.

On April 15, 2014, petitioner submitted to the Internal Revenue Service

(IRS) amended returns for years including 2010 and a carryback/carryforward

claim for 2010; those documents asserted a theft loss exceeding $400,000.

Petitioner understood that she filed the amended 2010 return "the last day to take

the loss" (because of the period of limitations).  Her claimed loss was identified as

conversion of funds +

~~including the failure of the IRS to investigate a situation in Florida that she had~~

~~pursued in three appeals, including to the Florida Supreme~~ Court.  Her amended

returns were referred to an IRS office not part of its Office of Appeals (Appeals

were granted per the transcripts @ exhibit 9 pgs 1 to 18
this response                                                    2n B17

ial

## Schedule D Tax Worksheet

 *Keep for Your Records*

**Complete this worksheet only if line 18 or line 19 of Schedule D is more than zero. Otherwise, complete the Qualified Dividends and Capital Gain Tax Worksheet on page 34 of the Instructions for Form 1040 to figure your tax.**

**Exception: Do not** use the Qualified Dividends and Capital Gain Tax Worksheet **or** this worksheet to figure your tax if:
- Line 15 or line 16 of Schedule D is zero or less **and** you have no qualified dividends on Form 1040, line 9b, **or**
- Form 1040, line 42, is zero or less.

Instead, see the instructions for Form 1040, line 43.

1. Enter your taxable income from Form 1040, line 42 ........................ 1. 283151.48
2. Enter your qualified dividends from Form 1040, line 9b .. 2. ——
3. Enter the amount from Form 4952, line 4g ............ 3. ——
4. Enter the amount from Form 4952, line 4e* .. 4. ——
5. Subtract line 4 from line 3. If zero or less, enter -0- ...... 5. -0-
6. Subtract line 5 from line 2. If zero or less, enter -0- ...... 6. -0-
7. Enter the smaller of line 15 or line 16 of Schedule D .. 7. 289503.62
8. Enter the smaller of line 3 or line 4 .. 8. -0-
9. Subtract line 8 from line 7. If zero or less, enter -0- ...... 9. 289503.62
10. Add lines 6 and 9 ........................ 10. 289503.62
11. Add lines 18 and 19 of Schedule D .. 11. 36248.61
12. Enter the smaller of line 9 or line 11 ........................ 12. 36248.61
13. Subtract line 12 from line 10 ........................ 13. 253255.01
14. Subtract line 13 from line 1. If zero or less, enter -0- ...... 14. 29896.47
15. Enter the smaller of:
    - The amount on line 1 **or**
    - $29,050 if single or married filing separately;
      $58,100 if married filing jointly or qualifying widow(er); or
      $38,900 if head of household .......... 15. 58100  29896.47
16. Enter the smaller of line 14 or line 15 ........................ 16. 29896.47
17. Subtract line 10 from line 1. If zero or less, enter -0- .. 17. -0-
18. Enter the larger of line 16 or line 17 ........................ 18. 29896.47  X
    **If lines 15 and 16 are the same, skip lines 19 and 20 and go to line 21. Otherwise, go to line 19.**
19. Subtract line 16 from line 15 ........................ 19. 28203.53
20. Multiply line 19 by 5% (.05) ........................ 20. 1410.18
    **If lines 1 and 15 are the same, skip lines 21 through 33 and go to line 34. Otherwise, go to line 21.**
21. Enter the smaller of line 1 or line 13 ........................ 21. 253255.01
22. Enter the amount from line 19 (if line 19 is blank, enter -0-) .. 22. 28203.53
23. Subtract line 22 from line 21. If zero or less, enter -0- ...... 23. 225051.48
24. Multiply line 23 by 15% (.15) ........................ 24. 33757.72
    **If Schedule D, line 19, is zero or blank, skip lines 25 through 30 and go to line 31. Otherwise, go to line 25.**
25. Enter the smaller of line 9 above or Schedule D, line 19 .. 25. 36248.61
26. Add lines 10 and 18 ........................ 26. 319400.09
27. Enter the amount from line 1 above ........................ 27. 283151.48
28. Subtract line 27 from line 26. If zero or less, enter -0- .. 28. 36248.61
29. Subtract line 28 from line 25. If zero or less, enter -0- ...... 29. -0-
30. Multiply line 29 by 25% (.25) ........................ 30. 0
    **If Schedule D, line 18, is zero or blank, skip lines 31 through 33 and go to line 34. Otherwise, go to line 31.**
31. Add lines 18, 19, 23, and 29 ........................ 31. _____
32. Subtract line 31 from line 1 ........................ 32. _____
33. Multiply line 32 by 28% (.28) ........................ 33. _____
34. Figure the tax on the amount on **line 18**. Use the Tax Table or Tax Computation Worksheet, whichever applies .. 34. 3616.00
35. Add lines 20, 24, 30, 33, and 34 ........................ 35. 37483.90
36. Figure the tax on the amount on **line 1**. Use the Tax Table or Tax Computation Worksheet, whichever applies .. 36. 77889.98
37. **Tax on all taxable income (including capital gains and qualified dividends).** Enter the **smaller** of line 35 or line 36. Also include this amount on Form 1040, line 43 .. 37. 37483.90

*If applicable, enter instead the smaller amount you entered on the dotted line next to line 4e of Form 4952.



8-8-16
Plaintiff response  x vn
EXHIBIT TWENTY ~~FIVE~~ PAGE 0
No 1:16-cv-00206-PEC   0  OA
Chief Judge Patricia E. Campbell-Sm

IRS Department of the Treasury
Internal Revenue Service

OSC
OGDEN   UT   84201-0021

In reply refer to:  1483000192
Aug. 10, 2016  LTR 3175C   0
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   000000 00
Input Op:  1483059232 00018735
BODC: WI

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266-3740

8-8-16
Plaintiff response
EXHIBIT 28 PAGE
No 1:16-cv-00206-PEC
Chief Judge Patricia E. Campb

Dear Taxpayer:

     This is in reply to your correspondence received Nov. 30, 2015.

     We have determined that the arguments you raised are frivolous and
have no basis in law. Federal courts have consistently ruled against
such arguments and imposed significant fines for taking such frivolous
positions.

     If you persist in sending frivolous correspondence, we will not
continue to respond to it. Our lack of response to further
correspondence does not in any way convey agreement or acceptance of
the arguments advanced. If you desire to comply with the law
concerning your tax liability, you are encouraged to seek advice from
a reputable tax practitioner or attorney.

     The claims presented in your correspondence do not relieve you
from your legal responsibilities to file federal tax returns and pay
taxes. We urge you to honor those legal duties.

     This letter advises you of the legal requirements for filing and
paying federal individual income tax returns and informs you of the
potential consequences of the position you have taken. Please observe
that the Internal Revenue Code sections listed below expressly
authorize IRS employees that act on behalf of the Secretary of the
Treasury to: 1.)examine taxpayer books, papers, records, or other data
which may be relevant or material; 2.) issue summonses in order to
gain possession of records so that determinations can be made of the
tax liability or for ascertaining the correctness of any return filed
by that person; and 3.) collect any such liability.

     There are some people who encourage others to violate our nation's
tax laws by arguing that there is no legal requirement for them to
file income tax returns or pay income taxes. These people base their
arguments on legal statements taken out of context and on frivolous
arguments that have been repeatedly rejected by federal courts.
People who rely on this kind of information can ultimately pay more in
taxes, interest and penalties than they would have paid simply by
filing correct tax returns.

     People who violate the tax laws also may be subject to federal
criminal prosecution and imprisonment. Information about the IRS's

1483000192
Aug. 10, 2016   LTR 3175C   0
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   000000 00
Input Op:   1483059232 00018736

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266-3740

criminal enforcement program is available on the internet at
www.irs.gov. Once there, enter the IRS keyword: fraud.

    The IRS is working with the United States Department of Justice
and state taxing authorities to ensure that all taxpayers pay their
lawful share of taxes and to seek criminal indictments or civil
enforcement actions against people who promote or join in abusive and
fraudulent tax schemes.

    You can obtain IRS Publication 2105, Why do I Have to Pay Taxes?,
from our internet website at www.irs.gov/pub/irs-pdf/p2105.pdf. We
also refer you to a document entitled The Truth About Frivolous Tax
Arguments. It is also on our website at www.irs.gov/pub/irs-utl/
friv_tax.pdf. If you do not have internet access, you can obtain
copies of these documents from your local IRS office.

General Information on Filing Requirements and Authority to Collect
Tax

    Title 26, United States Code
        Section 6001   Notice or regulations requiring records,
        statements, and special returns
        Section 6011   General requirement of return, statement, or list
        Section 6012   Persons required to make returns of income
        Section 6109   Identifying numbers
        Section 6151   Time and place for paying tax shown on returns
        Section 6301   Collection Authority
        Section 6321   Lien for taxes
        Section 6331   Levy and distraint
        Section 7602   Examination of books and witnesses

INTERNAL REVENUE CODE SECTION 6702 (FRIVOLOUS INCOME TAX RETURN)
PROVIDES:

CIVIL PENALTY - If -
    (1)   any individual files what purports to be a return of the tax
          imposed by subtitle A but which -
              (A)   does not contain information on which the substantial
                    correctness of the self-assessment may be judged, or
              (B)   contains information that on its face indicates that
                    the self-assessment is substantially incorrect; and
    (2)   the conduct referred to in paragraph (1) is due to -
              (A)   a position which is frivolous, or
              (B)   a desire (which appears on the purported return) to
                    delay or impede the administration of Federal income
                    tax laws, then such individuals shall pay a penalty

```
                                                    1483000192
                                Aug. 10, 2016  LTR 3175C    0
                                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  000000 00
                                Input Op:  1483059232 00018737
```

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH  FL   32266-3740


                    of $5,000.00

PENALTY IN ADDITION TO OTHER PENALTIES - The penalty imposed by
subsection (a) shall be in addition to any other penalty provided
by law.

    FOIA requests for Treasury Department records must meet the
following criteria before Treasury can take action:
    -  Must be in writing and signed by the person making the request;
    -  Must state that the request is being made pursuant to the FOIA;
    -  Must reasonably describe the records being requested;
    -  Must state the category of the requester for fee purposes
       (i.e. commercial, media, educational, scientific institutions,
       all other);
    -  Must contain an agreement to pay all fees that might be
       incurred;
    -  Must prove that the requester is entitled to receive the
       records;
    -  Must state whether the requester wants a copy of the records or
       only wants to inspect the records.

    If you have any questions, please write to us at the address
shown at the top of the first page of this letter. Or, you may call
us toll free at 866-883-0235. Whenever you write, please include
this letter and, in the spaces below, give us your telephone number
with the hours we can reach you. You may also wish to keep a copy of
this letter for your records.

Your Telephone Number (____)_____   Hours _____

14830 0019 2
Aug. 10, 2016   LTR 3175C     0
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   000000 00
Input Op:   1483059232 00018738

GINA B LANGLEY
700 OAK ST
NEPTUNE BEACH   FL   32266-3740

Sincerely yours,

Christine L. Davis
Program Manager RICS/IVO

Enclosure(s):
Copy of this letter
Publication 1
Publication 2105

# TAXES BENEFIT EVERYONE

How are your tax dollars used to benefit the citizens of the United States? Which of these have you or your family used lately or will use in the future?

Income and Outlays: these pie charts show the relative size of the major catagories of the federal income and outlays for fiscal year 2009

## INCOME

Social security, Medicare, and unemployment and other retirement taxes 32%

Borrowing to cover deficit 40%

Corporate income taxes 6%

Personal income taxes 26%



## OUTLAYS*

Social programs 21%

Law enforcement and general government 2%

Physical, human, and community development 15%

National defense, veterans and foreign affairs 22%

Net interest on the debt 5%

Excise, customs, estate, gift, and miscellaneous taxes 5%

Social security, Medicare, and other retirement 34%

* The percentages for outlays do not total 100% due to rounding.

## Why does the IRS do to address willful noncompliance with U.S. tax laws?

1. Encourage taxpayers to self-correct their returns and comply with their tax obligations.

2. Vigorously apply both civil and criminal sanctions, including prosecution and prison sentences, against those who persist in violating the tax laws.

Report individuals or companies not complying with the tax laws to the IRS. For instructions, visit www.IRS.gov, and click the "Contact the IRS" link at the top. Then select "How Do You Report Suspected Tax Fraud Activity?"

Publication 2105 (Rev. 3-2011) Catalog Number 23871N
Department of the Treasury Internal Revenue Service
www.irs.gov





# WHY DO I HAVE TO PAY TAXES?

Department of the Treasury

